IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT D. MCCLURG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. 4:12CV00361 AGF |
| | ) | |
| MALLINCKRODT, INC., et al., | ) | Consolidated for Discovery and |
| | ) | Pretrial Proceedings with |
| Defendants, | ) | |
| ARNOLD SCHNEIDER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV0751 |
| | ) | |
| MI HOLDINGS, INC., et al., | ) | |
| | ) | |
| Defendants, | ) | |
| FREDERICK VORCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:13CV1160 |
| | ) | |
| MI HOLDINGS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| JEAN LANGE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. 4:13CV1483 |
| | ) | |
| MALLINCKRODT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANT DJR HOLDINGS, INC. AND
JARBOE REALTY & INVESTMENT COMPANY, INC.
MEMORANDUM IN SUPPORT OF
<u>JOINT MOTION TO DISMISS UNDER FRCP 12(B)(6)</u>

1

COME NOW Defendants DJR Holdings, Inc. and Jarboe Realty & Investment Company, Inc. (hereafter "Jarboe Defendants"), by and through counsel, and for their Memorandum in Support of Joint Motion to Dismiss state:

<u>Standard of Review</u>

When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party.  *Young v. City of St. Charles, Missouri*, 244 F.3d 623, 627 (8th Cir. 2001); *Springdale Educ. Ass'n v. Springdale School Dist.*, 133 F. 3d 649, 651 (8th Cir. 1998).

A complaint states a plausible claim for relief if its factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *See Braden v. Wal-Mart Stores, Inc.*, 588 F. 3d 585, 594 (8th Cir. 2009) ("'The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility'").

A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief.  *SeeSchaaf v. Residential Funding Corp.*, 517 F. 3d 544, 549 (8th Cir. 2007) ("The plaintiffs need not provide specific facts in support of their allegations, … but they must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level...  The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.' …  Otherwise, a plaintiff with no hope of showing proximate causation

could require inefficient expenditure of resources and potentially induce a defendant to settle a meritless claim").

Plaintiffs' Allegations Regarding the Jarboe Defendants

In their pleadings, Plaintiffs allege the following facts concerning the Jarboe Defendants: "Jarboe and/or DJR Holdings purchased 3.5 acres of land in the 9000 Block of Latty Avenue in 1977;" "Three days after closing the deal, federal officials told Jarboe and/or DJR Holdings that the newly acquired property was contaminated with radioactive materials and that Jarboe and/or DJR Holdings could not use the land;" "In 1980, in order to build a company headquarters, Jarboe and/or DJR Holdings purchased another 7 acres of land adjacent to the 3.5 acres in 1980;" "Jarboe and DJR Holdings' acts and omissions between approximately 1977 and 1989 caused the release of hazardous, toxic, and radioactive substances into the environment in north St. Louis County, Missouri, thereby contaminating the air, soil, surface water, and ground water in the area;" "Jarboe and DJR Holdings' acts and omissions between approximately 1977 and 1989 proximately caused Plaintiffs to be exposed to hazardous, toxic, and radioactive substances in north St. Louis County, Missouri;" and "Jarboe and DJR Holdings' acts and omissions between approximately 1977 and 1989 proximately caused Plaintiffs to suffer the injuries described in this FAC. *Schneider* First Amended Complaint, ¶¶ 21-25, *Vorce* First Amended Complaint, ¶¶ 21-25, and *Lange* Complaint, ¶¶ 21-25.

In addition, Plaintiffs allege that "Between 1942 and 1973, Defendants processed, stored, handled, and/or disposed of large volumes of hazardous, toxic and radioactive materials in four separate geographical areas located in and around metropolitan St. Louis, Missouri." *Schneider* First Amended Complaint, ¶ 35; *Vorce* First Amended Complaint, ¶ 35); and *Lange* First Amended Complaint, ¶ 35.

Discussion

None of the Plaintiffs have alleged any facts showing that the Jarboe Defendantshave any liability under the Price-Anderson Act.  In this regard, in ¶ 35 in the *Schneider* and *Vorce*First Amended Complaints and in the *Lange* Complaint, the Plaintiffs expressly allege that the processing, storing, handling and/or disposal of "large volumes of hazardous, toxic and radioactive materials" occurred "[b]etween 1942 and 1973."  Significantly, the Plaintiffs allege that the Jarboe Defendants did not purchase any property in the vicinity until 1977, well <u>after</u> the time when these alleged activities involving the generation and disposal of the radioactive materials had ceased in 1973.  Further, as the Plaintiffs admit, the federal government did not inform the Jarboe Defendants the property was impacted until <u>after</u> they had purchased the 3.5 acre parcel.  *Schneider* First Amended Complaint, ¶ 21; *Vorce* First Amended Complaint, ¶ 21); and *Lange* Complaint, ¶ 21.  Moreover, the Plaintiffs fail to allege with even the slightest degree of specificity any action taken by the Jarboe Defendants after the Latty Avenue property acquisitions that caused any harm to the Plaintiffs.

Based on the Plaintiffs' pleadings, there are no reasonable inferences to be drawn that the Jarboe Defendants were subject to the Price-Anderson Act or the jurisdiction of the Nuclear Regulatory Commission, were holders of a license issued by the Nuclear Regulatory Commission, or were actively involved in the processing, handling, storing or disposal of radioactive materials.  Further, there are no reasonable inferences to be drawn from the Plaintiffs' pleadings that the Jarboe Defendants acted in any way to cause or contribute to a "nuclear incident."[1]Consequently, because the Plaintiffs have failed to provide sufficient factual

---

[1]Under the Price Anderson Act, a "nuclear incident" is defined as "any occurrence . . . within the United States causing . . . bodily injury, sickness, disease, or death, or loss of or damage to property, or loss of use of property, arising out of or resulting from the radioactive, toxic,

information to establish grounds showing a right to relief under the Price-Anderson Act against the Jarboe Defendants, the Plaintiffs' pleadings fail to state claims and should be dismissed.

Also, the Plaintiffs fail to state claims against the Jarboe Defendants under Missouri law. In this regard, the only <u>specific</u> acts alleged by Plaintiffs are that the Jarboe Defendants purchased real property in 1977 and in 1980.  The Plaintiffs have failed to allege any specific duty owed the Jarboe Defendants to the Plaintiffs in connection with these circumstances.  In addition, any claims arising under Missouri law are barred by the applicable statute of limitations.  In Missouri, the statute of limitations for tort claims, which is set forth in § 516.100, RSMo., is five years and is measured from the time the damages are complete and capable of ascertainment.  *See Powel v. Chaminade College Preparatory*, 197 S.W.3d 576, 580-581 (Mo. banc 2006) ("The running of the statute is measured from the time that the damages are complete and capable of ascertainment").  In this context, based on the Plaintiffs' allegations, the alleged activities involving the processing, storing, handling and disposal of radioactive substances ceased in 1973, and the federal government has been aware of the alleged environmental concerns since at least 1977 when it advised the Jarboe Defendants the property they had recently purchased was impacted.  Therefore, based on the foregoing, it is reasonable to conclude that the Plaintiffs' alleged damages were ascertainable years ago, and, as a result, the five year statute of limitations has lapsed and any claims arising under Missouri law are time-barred.

Finally, the Jarboe Defendants expressly adopt and incorporate herein by reference, the Motions to Dismiss and Memoranda in Support filed concurrently by the other Defendants in these actions.

---

explosive, or other hazardous properties of source, special nuclear, or byproduct material . . . ."*El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 476-477(1999).

5

WHEREFORE, the Jarboe Defendants respectfully request that the Court dismiss with prejudice the First Amended Complaints in *Schneider et al. v. MI Holdings, Inc*., Case No. 4:13CV0751 and *Vorce v. MI Holdings, Inc*., Case No. 4:13CV1160, and the Complaint in *Lange et al. v Mallinckrodt, Inc*., Case No. 4:14CV1483; award the Jarboe Defendants their attorneys' fees and costs; and award such further relief the Court deems appropriate.

Dated: October 8, 2013                                         Respectfully submitted,

                                                               JEFFERY LAW GROUP, LLC

                                                               /s/ Stephen G. Jeffery
                                                               Stephen G. Jeffery, ED No. 29949
                                                               300 Ozark Trail Drive
                                                               Suite 206
                                                               St. Louis, MO 63011-2156
                                                               (314) 561-8503 – Telephone
                                                               (314) 714-6510 – Fax
                                                               *E-mail: sjeffery@jefferylawgroup.com*

                                                               ATTORNEY FOR JARBOE
                                                               DEFENDANTS

<u>Certificate of Service</u>

I hereby certify that on the 8th day of October, 2013, I electronically filed the above with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

                                                               /s/ Bruce A. Morrison