IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT D. MCCLURG, et al., </br></br>Plaintiffs,</br></br>vs.</br></br>MALLINCKRODT, INC., et al.,</br></br>Defendants. | Pertaining to Cases Consolidated for Discovery and Pretrial Proceedings under Lead Case No. 4:12CV00361 AGF |

### STIPULATED PROTECTIVE ORDER
### REGARDING THE PRODUCTION OF CONFIDENTIAL INFORMATION

Upon stipulation of the parties, and it appearing to the Court that there is good cause to enter an appropriate Protective Order to protect confidential, non-public information and materials that may be made available in the course of discovery in this case;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT the following principles and procedures designed to assure the protection of confidential and other non-public information shall govern any and all discovery among the parties:

### CONFIDENTIAL INFORMATION

1. <u>Definitions.</u>

   (a) "Confidential Information" shall include any materials that contain, describe, evidence, identify, or refer to information of a confidential or proprietary nature, or that is otherwise entitled to protection under Fed. R. Civ. P. 26(c) or other applicable law. This includes but is not limited to confidential research, development, or commercial information, personal medical information, private personal information, protected health

6936213 v1

information, tax returns, and other information reasonably sought to be kept confidential.

(b) "Highly Confidential – Attorneys' Eyes Only" shall include extremely sensitive "Confidential Information" whose disclosure would create a substantial risk of serious injury that could not be avoided by less restrictive means.

(c) "Outside Counsel" shall include attorneys (and their support staff) who are not employees of a party or a party's parent company.

(d) "House Counsel" shall include attorneys who are employees of a party or a party's parent company.

(e) "Counsel" (without qualifier) shall include Outside Counsel and House Counsel.

(f) "Protected Information" shall include information or items designated or to be designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2. <u>Disclosure Limits on "Confidential Information."</u> Unless otherwise ordered by the Court or permitted in writing by the party producing and designating the information or item "Confidential Information," a receiving party may disclose any information or item designated "Confidential Information" only to:

(a) Counsel (including administrative, paralegal, clerical, and secretarial staff employed by such counsel) to a party in this action;

(b) parties and court personnel, including court reporters and videographers appearing at depositions, hearings, trial or other proceedings in this case; and

(c) the author of the document.

In addition, "Confidential Information" may be disclosed or made available to the following provided that first (i) a copy of this Order is provided to the receiving party and (ii) the Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A is read and executed by the receiving party:

(a) outside experts or consultants who require the "Confidential Information" to render opinions relevant to this lawsuit, (together with their administrative staff) retained by a party or Counsel to assist in the prosecution, defense, or settlement of this action;

(b) witnesses who testify at depositions, hearings, or trial, or any such further proceedings occur in this case and witnesses in connection with an interview, where the Counsel making the disclosure has a good faith basis to make the disclosure in furtherance of the prosecution or defense of this action;

(c) arbitrators and mediators involved in resolving this action;

(d) litigation support services, including outside copying services or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a party or its Counsel for the purpose of assisting that party in this action;

6936213 v1

 (e) recipients of the documents (including those copied and blind-copied), or the original source of the information;[1] and

 (f) representatives of insurance carriers providing a defense or indemnity to any of the parties.

3. <u>Disclosure Limits on "Highly Confidential – Attorneys' Eyes Only" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the party producing and designating the information or item "Highly Confidential – Attorneys' Eyes Only," a receiving party may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only to:

 (a) Counsel (including administrative, paralegal, clerical, and secretarial staff employed by such counsel) to a party in this action;

 (b) court personnel, including court reporters and videographers appearing at depositions, hearings, trial or other proceedings in this case; and

 (c) the author of the document.

In addition, "Highly Confidential – Attorneys' Eyes Only" information or items may be disclosed or made available to the following provided that first (i) a copy of this Order is provided to the receiving party and (ii) the Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A is read and executed by the receiving party:

 (a) outside experts or consultants who require the "Highly Confidential – Attorneys' Eyes Only" information or items to render opinions relevant to this lawsuit, (together with their administrative staff) retained by a party or Counsel to assist in the prosecution, defense, or settlement of this action;

---

[1] Counsel agrees to request that the person sign a confidentiality agreement. If he or she refuses to sign the confidentiality agreement the parties will meet and confer and if necessary seek guidance from the Court regarding use of the documents.

4

(b) litigation support services, including outside copying services or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a party or its Counsel for the purpose of assisting that party in this action;

(c) recipients of the documents (including those copied and blind-copied), or the original source of the information;[2]

(d) parties who are scheduled to be deposed;

(e) witnesses who testify at depositions, hearings, or trial, or any such further proceedings occur in this case, where the Counsel making the disclosure has a good faith basis to make the disclosure in furtherance of the prosecution or defense of this action; and

(f) representatives of insurance carriers providing a defense or indemnity to any of the parties.

4. <u>Inadvertent Disclosure of "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" Information or Items.</u> The inadvertent, unintentional, or *in camera* disclosure of "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" information or items shall not be deemed a waiver, in whole or in part, of any party's claim of confidentiality. Within fifteen (15) days of discovering such inadvertent or unintentional disclosure, any party to this Order may advise the other parties that the information or item is to be designated as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" under the terms of this Order.

---

[2] Counsel agrees to request that the person sign a confidentiality agreement. If he or she refuses to sign the confidentiality agreement the parties will meet and confer and if necessary seek guidance from the Court regarding use of the documents.

5

## DESIGNATION OF PROTECTED INFORMATION

5. **Form for Designation.** Protected Information shall be so designated by the producing party by marking copies Protected Information produced with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must appear on each page of any multi-page image that the producing party contends contains Protected Information. Marking the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the cover of any multi-page document is not sufficient to designate all pages of the document Protected Information.

For information produced in some form other than documentary, and for other tangible items, the producing party shall affix in a prominent place on the exterior of the container or containers in which the Protected Information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

In addition, the producing party may redact protected health information, personal medical information, cell phone numbers, credit card information, social security numbers, employee identification numbers, names and identifying information of family members, and home addresses. If additional categories become apparent then the parties agree to meet and confer.

6. **Time for Designation.** Protected Information shall be designated at the time of production; provided that in the event that a producing party inadvertently fails to designate any Protected Information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the time of production, the producing party shall provide the material again, this time designating the material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as soon as

practicable. Upon receipt of the written notice designating previously produced documents as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the receiving party shall make a good faith effort to destroy all copies of the Protected Information that was inadvertently not designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only." After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the producing party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Information.

7. <u>Objections to Designations – Meet and Confer Obligations.</u> Any objections to a "Confidential Information or "Highly Confidential – Attorneys' Eyes Only" designation must be submitted in writing to the producing party and must state with specificity the basis for the objection. The parties shall thereupon meet and confer in a good faith effort to resolve the objection. If the parties are unable to resolve the objection, the party contesting a designation may contest the designation with the Court within ninety (90) days of production. If no such motion is filed the information shall be treated as "Confidential Information" of "Highly Confidential – Attorneys' Eyes Only." Material or information claimed to be Protected Information that is subject to an objection or a dispute as to whether it is in fact Protected

Information shall, until further order of the Court, be treated as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" in accordance with the provisions of this Order notwithstanding the existence of such dispute or objection.

8. <u>Other Exceptions to the Order.</u> This Order is entered without prejudice to the right of the parties to present a motion to the Court for a separate protective order as to any particular document or information that requires restrictions differing from those as specified herein. The party desiring to maintain confidentiality shall have the burden of establishing grounds for confidential treatment. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

9. <u>Confidential Deposition Testimony.</u> Testimony taken at a deposition, conference, hearing or trial may be designated as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" by designating such testimony as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" within forty-five (45) days of receipt of the transcript. If additional time is needed parties agree to meet and confer. Until the forty-five (45) day designation period expires, the complete deposition transcript and videotape shall be treated as "Confidential Information" unless otherwise specified in writing or on the record of the deposition by the producing party. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only," and to label such portions appropriately.

10. <u>Effect of Designations.</u> Material designated as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part

from material designated as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" shall be kept strictly confidential; shall be used only for purposes of the prosecution, defense, or settlement of this action, and for no other purposes; and shall only be disclosed in accordance with this Order.

11. <u>Retention of Verifications.</u> Counsel will retain executed copies of Attachment A and will, upon request, reasonably make such executed copies available to other Counsel.

## **GENERAL PROVISIONS**

12. <u>Additional Permissible Disclosures.</u> Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained lawfully by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" information or items as it deems appropriate. Public disclosure by the producing party of information designated as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" will result in such information no longer being subject to the provisions of this Order.

13. <u>Filing Under Seal.</u> If a party wishes to use any "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" information or items in any affidavits, briefs, memoranda of law, or other papers filed in this Court or oral argument presented to this Court in this litigation, the party shall not file such information publicly. The parties agree to inquire of the Court the method by which the Court would like confidential information submitted.

14. <u>Inadvertent Disclosure.</u> Pursuant to Federal Rule of Evidence 502, if documents or information subject to a claim of attorney-client privilege, work product immunity, trade secret protection, or any other privilege or immunity is inadvertently produced to another party

9

or parties, then irrespective of the care taken by the producing party such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, in whole or in part, any claim of privilege, work product, trade secret, or other ground for withholding production to which any party producing the documents or information would otherwise be entitled. Any such inadvertently produced materials shall be returned promptly to the party producing the documents or information upon request and all copies destroyed upon request, and no use thereof shall be made by the party or parties to whom such documents or information were inadvertently produced except as provided by Fed. R. Civ. P. 26(b)(5)(B).

15. **Purpose of Order.** This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order shall be deemed a waiver of confidentiality or any type of privilege applicable to any type of information in this or any other action or proceeding. Nothing in this Order shall be construed to affect the evidentiary admissibility of any Protected Information, and absent order of the Court, there will be no restrictions because of this Order on the use of any document that may be introduced by any party during the trial.

16. **Use at Trial.** Absent further order of the Court with respect to treatment of Protected Information at trial, this Order shall not apply to any Protected Information once it is introduced at trial and made a part of the trial record in this case. Nothing contained herein shall prevent a party from utilizing at a trial of this case the Protected Information of another party to the trial or a producing third party. Any party who seeks to use information or documents designated as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order is to notify the producing party within 10 days of listing that party's

Protected Information as a trial exhibit that the Protected Information has been so designated and to notify the designating party within 48 hours of designating deposition testimony for trial or that has been designated "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" that testimony has been so designated. If any party to the trial or producing third party wishes special treatment of Protected Information at trial, the same shall be sought through separate application to the Court, and nothing in this Order is intended either to support or to undermine such an application.

17. <u>Termination of Case.</u> Upon termination of this case, Counsel shall assemble and return to each other all documents, material and deposition transcripts designated as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" and all copies of same, or shall certify the destruction thereof.

18. <u>Application to Non-Parties.</u> Non-parties may invoke the terms of the protective order by marking any documents containing Protected Information that they produce as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with paragraphs 5 and 6 and by identifying and designating specific deposition testimony that contains Protected Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 9.

19. <u>Third-Party Subpoenas and Document Requests.</u> If any person or entity possessing Protected Information is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand requests the production of Protected Information, the person receiving the subpoena or document demand shall give prompt written notice to Counsel for the producing party in this action, and shall, to the extent permitted by law, court rule, and court order, (i) withhold production of the requested Protected Information until

the producing party in this action permits production, or until a court of competent jurisdiction orders otherwise and (ii) seek to enable the producing party in this action to move to quash or limit the subpoena or document demand.

20.     Modification. This Order shall not prevent any party from applying to the Court for modification of the Order or for further relief.

21.     Continuing Jurisdiction. This Court shall retain jurisdiction to enforce the terms of this Order.

The undersigned counsel of record for the parties hereby stipulate and consent to entry of the foregoing Stipulated Protective Order.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: 4/29/15

*Audrey G. Fleissig*
United States District Judge

**STIPULATED AND AGREED:**

/s/ Tyler Schneider
TOR HOERMAN LAW LLC
Kenneth J. Brennan, # 47523MO
Eric M. Terry, # 57102MO
Tyler Schneider, # 6313923IL
101 W. Vandalia Street, Suite 350
Edwardsville, IL 62025
Telephone: (618) 656-4400
kbrennan@torhoermanlaw.com
eterry@torhoermanlaw.com
tschneider@torhoermanlaw.com

BYRON AND CARLSON, LLC
Christopher W. Byron
Eric J. Carlson

12

6936213 v1

411 St. Louis Street
Edwardsville, IL 62025
Telephone: (618) 655-4004
cwb@byroncarolson.com
ejc@byroncarlson.com

SCHOEN AND WALTON, LLC
Troy E. Walton
412 Missouri Ave.
East St. Louis, IL 62201
Telephone: (618) 274-8369
twalton@schoenwalton.com

ENVIRONMENTAL LITIGATION
GROUP, P.C.
Gregory A. Cade
Larry Wright
Kevin B. McKie
3529 Seventh Ave. South
Birmingham, AL 35222
Telephone: (205) 328-9200
gregc@elglaw.com
kmcie@elglaw.com

ATTORNEYS FOR PLAINTIFFS


/s/ Steven D. Soden
SHOOK, HARDY & BACON LLP
David R. Erickson, # 31532MO
Steven D. Soden, # 41917MO
Erica A. Ramsey, # 63225MO
derickson@shb.com
ssoden@shb.com
eramsey@shb.com
2555 Grand Boulevard
Kansas City, MO  64108-2613
Telephone: 816.474.6550
Facsimile: 816.421.5547

ATTORNEYS FOR DEFENDANT
MALLINCKRODT LLC (INCORRECTLY
DENOMINATED AS MALLINCKRODT,
INC.)

/s/ Deanne L. Miller
MORGAN, LEWIS & BOCKIUS LLP
Deanne L. Miller (*Pro Hac Vice*)
Brian M. Hom (*Pro Hac Vice*)
300 S. Grand Ave.
Twenty-Second Floor
Los Angeles, CA 90071-3132
Main: 213.612.2500
Fax: 213.612.2501
dlmiller@morganlewis.com
bhom@morganlewis.com

John McGahren (*Pro Hac Vice*)
502 Carnegie Center
Princeton, NJ 08540-6241
Main: 1.609.919.6600
Fax: 1.609.919.6701
jmcgahren@morganlewis.com

HUSCH BLACKWELL LLP
Jerry K. Ronecker, # 10594MO
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
Main: 314.480.1500
Fax: 314.480.1505
jerry.ronecker@huschblackwell.com

ATTORNEYS FOR DEFENDANT
COTTER CORP.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT D. MCCLURG, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Pertaining to Cases Consolidated for |
| ) | Discovery and Pretrial Proceedings under |
| MALLINCKRODT, INC., et al., ) | Lead Case No. 4:12CV00361 AGF |
| ) | |
| Defendants. ) | |
| ) | |

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

The undersigned hereby agrees to the following:

I hereby attest to my understanding that information or documents designated Confidential Information or Highly Confidential – Attorneys' Eyes Only are provided to me subject to a Protective Order in the above-captioned litigation; that I have been given a copy of and have read this Protective Order, and that I agree to be bound by its terms. I also understand that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by the Protective Order, is a prerequisite to my review of any information or documents designated as confidential pursuant to the Protective Order.

I further agree that I shall not disclose to others, except in accordance with the Protective Order, any Protected Information, as defined therein, in any form whatsoever, and that such Protected Information will be used only for the purposes authorized by the Protective Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of the Protected Information will continue even after this litigation concludes. I further agree that, if I fail to abide by terms of the Protective Order, I will be subject to the

jurisdiction of this Court for the purpose of any proceedings relating to enforcement of the Protective Order.

Date: _____      By: _____

Subscribed and sworn to before me this ____ day of _____, 20__.

By: _____