UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT D. MCCLURG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-00361-AGF |
| | ) | |
| MALLINCKRODT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court following a status conference held with the parties on February 26, 2016, at which time the Court reserved ruling on a dispute regarding the discoverability of documents that Defendants' attorneys collected during this litigation from the State Historical Society of Missouri ("Historical Society") and from defense counsel's Freedom of Information Act ("FOIA") requests. Plaintiffs requested that Defendants produce these collected documents, and Defendants objected, claiming protection under the work product doctrine.

At the time of the status conference, the parties had not briefed this issue with supporting legal authority. Nor had the parties provided the Court with the language of the disputed discovery requests, including, for example, whether the requests simply asked for production of all documents collected from the Historical Society and/or from FOIA requests, or whether, instead, the requests were topic-specific requests to which the disputed third-party documents may be responsive as part of a larger document production. The Court nevertheless noted that its initial impression was that publicly

1

available documents prepared by third parties in the ordinary course of business, rather than in anticipation of litigation, are not protected by the work product doctrine and do not gain protection merely by coming into the hands of a party's attorney. However, the Court noted that if production of the documents would reveal the attorneys' legal theories and thought processes in selecting the documents, the work product doctrine may apply. The Court suggested that such legal theories and thought processes may be revealed, for instance, if Plaintiffs' requests for production asked for all documents obtained from a particular source, because the wholesale production of the documents selected and compiled by attorneys may reveal the attorneys' mental impressions and strategies used in the collection process. The Court permitted the parties to submit simultaneous briefs on this issue, which they have now done.

The work product doctrine protects from discovery materials "prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3). There are two types of protected work product. Non-opinion work product "includes raw factual information" and "is not discoverable unless the party seeking discovery has a substantial need for the materials and the party cannot obtain the substantial equivalent of the materials by other means." *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000). Opinion work product, which includes "counsel's mental impressions, conclusions, opinions or legal theories" is afforded "almost absolute immunity." *Id.*

As an initial matter, there appears to be no dispute that the underlying third-party documents in this case were not prepared in anticipation of litigation by another party or

its representative. As such, the documents themselves are not protected by the work product doctrine. Fed. R. Civ. P. 26(b)(3); *see also* Wright & Miller, 8 Fed. Prac. & Proc. Civ. § 2024.

But opposing counsel's "process of selecting and compiling documents in preparation for litigation" may be protected by the work product doctrine. *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986). In *Shelton* and another case relied upon by Defendants, *Sporck v. Peil*, 759 F.2d 312, 315 (3d Cir. 1985), "the issue was not so much whether the work product doctrine shielded counsel from producing certain documents . . . ; rather, the issue was whether counsel was obliged to identify from voluminous discovery materials those discrete documents that the attorney had selected for review with his client in advance of deposition . . . . or that an attorney specifically recalled as existing in her client's files." *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 385 (2d Cir. 2003) (citing *Sporck*, 759 F.2d at 313; *Shelton*, 805 F.2d at 1326). Indeed, in *Shelton*, the third-party documents themselves had already been produced in the ordinary course of discovery. *See Shelton*, 805 F.2d at 1327 (noting that defense counsel "indicated more than once that the [third-party] documents about which [the plaintiff's] counsel was inquiring had been previously produced"). The case "[did] not involve [defense counsel's] refusal to produce the documents inquired about by plaintiffs' counsel. And [the defendant did] not contend that the documents themselves . . . [were] protected as work product simply because those documents [ended up] in the possession of [defendant's] Litigation Department." *Id.* at 1328. Instead, defense counsel objected to deposition questions directed to an attorney's recollection of

3

those documents because that recollection would "be limited to those documents . . . selected as significant and important with respect to [the attorney's] legal theories." *Id.* The Eighth Circuit found that protection under the work product doctrine was necessary in this regard, to avoid exposure of the attorney's mental impressions. *Id.* at 1329. In other words, protection was necessary in light of the legitimate "concern that counsel's thought processes in relation to pending or anticipated litigation [would] be exposed through disclosure of the compiled documents." *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d at 386.

Upon review of the parties' briefs and the record in this case, the Court believes that here, too, the discovery at issue is protected by the work product doctrine because there is a legitimate concern that counsel's thought processes would be revealed through disclosure. Defendant Cotter Corporation quotes Plaintiffs' requests for production as requesting, for example, "all documents received by You or Your counsel pursuant to a Freedom of Information Act (FOIA) request regarding any Radioactive Material and/or its effect on the human population." (Doc. No. 341 at 1.) This is exactly the kind of request for wholesale production that the Court previously suggested would impermissibly intrude into opposing counsel's thought processes relating to this litigation. As such, the Court believes that the request asks for protected work product, and the Court will not compel production.

As to the Historical Society documents, it appears that these documents were not the subject of any written request for production, but that Plaintiffs inquired whether such documents were collected by Defendants and if so, whether Defendants intended to

4

produce those documents. As discussed above, the Court believes that such a request for wholesale production of the strategically collected Historical Society documents would impermissibly intrude into defense counsel's thought processes.

Additionally, even if the third-party documents are responsive to previously served discovery requests, the Court believes that there is a legitimate concern that disclosure at this stage would impermissibly intrude into opposing counsel's thought processes. At the status conference, Defendants stated that their document productions in response to Plaintiffs' previously served discovery requests were substantially complete. If the third-party documents are responsive to those previously served requests, and Defendants were compelled to produce them now as a supplemental production, it may be the functional equivalent of a wholesale production, which again would reveal their opinion work product. Moreover, the Court questions Plaintiffs' motives in seeking the documents at this stage. "[W]here a request is made for documents already in the possession of the requesting party, with the precise goal of learning what the opposing attorney's thinking or strategy may be, even third-party documents may be protected." *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d at 385. Plaintiffs admittedly have equal access to the publicly available[1] third-party documents

---

[1] The public availability of the documents also makes their discoverability under Rule 26(b)(1) questionable. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, *the parties' relative access to relevant information*, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.") (emphasis added).

and have undertaken their own efforts to collect such public records. As such, there is little need to obtain the documents from Defendants, except to learn their strategic thinking.

Of course, Defendants must timely supplement their Rule 26(a) disclosures to the extent any documents not previously disclosed fall within the scope of Fed. R. Civ. P. Rule 26(a)(1)(A)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' request for production of documents that Defendants' attorneys collected from the State Historical Society of Missouri ("Historical Society") and those obtained from defense counsel's Freedom of Information Act ("FOIA") requests is **DENIED.**

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of March, 2016