UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT D. MCCLURG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-00361-AGF |
| | ) | |
| MALLINCKRODT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' emergency motion (Doc. No. 358) for sanctions against Defendant Mallinckrodt, LLC ("Mallinckrodt") for its belated discovery, search, and limited production of 16,000 boxes of historical documents stored at a third-party storage facility. For the reasons set forth below, Plaintiffs' motion shall be granted in part and denied in part.

## BACKGROUND

Plaintiffs served their first set of interrogatories and requests for production on May 26, 2015. Mallinckrodt produced responsive documents on a rolling basis beginning in July 2015. Many of Plaintiffs' document requests related to historical documents dating back to the 1940s and were retrieved by Mallinckrodt using an index search of archived documents stored at a third-party storage facility called "Iron Mountain." On February 15, 2016, Plaintiffs served a second set of discovery requests seeking to fill gaps that it perceived existed in Mallinckrodt's productions. On February 22, 2016, Mallinckrodt reported to the Court that its production in response to Plaintiffs' first set of

1

discovery requests was "substantially complete," but that it may supplement its production should additional relevant materials be identified through the course of discovery and that it may also produce additional documents in response to Plaintiffs' second set of discovery requests.

On February 23, 2016, Mallinckrodt's counsel learned that there were 16,000 boxes of unindexed documents at the Iron Mountain facility that did not show up in previous searches. Mallinckrodt asserts that it did not learn of the existence of these unindexed documents earlier due to a "miscommunication between the legal department and those responsible for administering off-site document storage." (Doc. No. 365.) It is unclear when Mallinckrodt's counsel began reviewing the unindexed documents, but at some point, its counsel began sampling and reviewing the boxes to identify any relevant documents.

Meanwhile, on February 26, 2016, the Court held a status conference with the parties, where Mallinckrodt's counsel informed the Court that it had recently discovered "a few" additional boxes of responsive documents[1] but that it believed it could complete production within ten days. Following the February 26th status conference, the Court ordered Mallinckrodt to complete its production of documents responsive to Plaintiffs' first set of discovery requests by March 7, 2016, and to include in such production a representation that as of the date of production, it had produced all responsive documents of which it was presently aware. (Doc. No. 340.)

---

[1] The Court believes that Mallinckrodt's counsel was referencing different documents than those at issue in this motion.

By March 25, 2016, Mallinckrodt's counsel had reviewed over 100 of the 16,000 boxes and determined that two boxes contained possibly relevant information. The same day, March 25, 2016, Mallinckrodt reported to Plaintiffs and to the Court that it had produced all responsive documents of which it was aware, without informing Plaintiffs or the Court of the existence of the 16,000 boxes of unindexed documents or the fact that two of these boxes contained potentially relevant information.

Mallinckrodt's counsel conducted further review of the two boxes on April 4, 2016, determined that they indeed contained responsive documents, and on that day, informed Plaintiffs' counsel for the first time of the existence of the 16,000 boxes of unindexed documents and, of those, the two boxes of responsive documents found thus far. Mallinckrodt's counsel offered Plaintiffs' counsel the following suggestions for reviewing the remainder of the 16,000 boxes: Mallinckrodt would (1) make available and review the boxes with Plaintiffs' counsel; (2) draft a jointly agreed sampling protocol for some portion of the remaining boxes; or (3) review and produce the documents in the same way it did previously. Plaintiffs responded that they expected Mallinckrodt to promptly produce all responsive documents and that they would be seeking relief from the Court.

On April 6, 2016, Plaintiffs conducted a Rule 30(b)(6) deposition of Mallinckrodt on the topic of "identity and location of documents" relevant to this litigation. Plaintiffs assert that Mallinckrodt's Rule 30(b)(6) witness had essentially no knowledge of the contents of the 16,000 boxes.

Mallinckrodt asserts that it has continued to retrieve and manually review the

16,000 boxes, and to date, has reviewed approximately 2,000 boxes and found "very little potentially relevant information." Mallinckrodt asserts that the "great majority" of the boxes include documents regarding payroll, tax, and other financial information from the 1980s and 1990s that are irrelevant to this litigation.

Plaintiffs assert that Mallinckrodt's conduct has prejudiced Plaintiffs' ability to prepare their expert reports in a timely and cost-efficient manner. Plaintiffs' expert reports are due to be disclosed on May 31, 2016. Plaintiffs assert that it is likely that their experts will have to spend additional time and effort incorporating into their reports information that Mallinckrodt has not yet produced from the 16,000 boxes, and that, at a minimum, their expert disclosure deadline should be extended. Plaintiffs also request the following relief: ordering Mallinckrodt to provide an index or accounting of any documents stored in unindexed boxes at Iron Mountain that were destroyed after the date Mallinckrodt issued its litigation hold in this case; allowing depositions so that Plaintiffs can fully investigate facts relating to Mallinckrodt's failure to produce documents and to the destruction of any documents after the date of the litigation hold; barring Mallinckrodt from using any documents not produced prior to April 4, 2016, in support of its defenses, for impeachment, or for any other purpose; shifting to Mallinckrodt a substantial portion of the expenses of Plaintiffs' experts incurred to date; and ordering Mallinckrodt to pay Plaintiffs' attorneys fees incurred in bringing this motion for sanctions and in conducting a second deposition regarding the identity and location of Mallinckrodt's documents.

## **DISCUSSION**

A district court may impose sanctions for discovery violations pursuant to Federal Rule of Civil Procedure 37 or pursuant to its "inherent authority to fashion an appropriate sanction for conduct which abuses the judicial process." *Duranseau v. Portfolio Recovery Assocs.*, No. 15-1551, 2016 WL 1295141, at *5 (8th Cir. Apr. 4, 2016). However, the Eighth Circuit has emphasized that "the better practice is to apply Rule 37 where appropriate and not allow an exercise of inherent power to 'obscure' the Rule 37 analysis." *Sentis Grp., Inc., Coral Grp., Inc. v. Shell Oil Co*, 559 F.3d 888, 899 (8th Cir. 2009)(citation omitted). "In order to impose sanctions under Rule 37, there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999).

Although Plaintiffs have not moved to compel discovery in this case, and there has been no formal order compelling production of these particular documents, following informal discussions regarding discovery at a status conference, the Court did order Mallinckrodt to complete its production of documents responsive to Plaintiffs' first set of discovery requests by March 7, 2016, and to include in such production a representation that it had produced all responsive documents of which it was presently aware.

The Court notes that the parties have thus far proceeded relatively cooperatively, particularly given the complex nature of the phased proceedings in these consolidated cases, the vast number of plaintiffs, and the age of the relevant evidence. Nevertheless, the Court is troubled by some of Mallinckrodt's actions, such as its vague explanation that a "miscommunication" is to blame for the belated discovery of the existence of

potentially relevant documents in this now four-year-old litigation, and its representation to the Court that it could substantially complete its production of responsive documents by March 7, 2016, despite knowing at the time that thousands of boxes of documents containing possibly relevant information had not yet been searched. Had Mallinckrodt advised the Court of the discovery of these 16,000 boxes at the February 26th status conference, the Court could have meaningfully addressed the issue then, which may well have alleviated the need for Plaintiffs to file this motion for sanctions. Therefore, the Court will grant Plaintiffs' a portion of the attorneys' fees reasonably incurred in bringing this motion for sanctions, in the amount of $1250. Further, the Court will order Mallinckrodt to promptly advise Plaintiffs, by appropriate affidavit of a person with knowledge, whether any documents at the Iron Mountain facility were destroyed after the date of the litigation hold in this case and, if so, to provide a complete description of such documents.

Beyond that, however, the Court concludes that on the record developed to date, Mallinckrodt's actions do not rise the level of sanctionable misconduct, particularly given that the documents date back to the 1940s, the boxes were not indexed or easily searchable, and, based on Mallinckrodt's review to date, the boxes seem to contain relatively few responsive documents. The Court also finds that much of Plaintiffs' alleged prejudice will be alleviated by an extension of its expert disclosure deadline.

Therefore, in addition to requiring Mallinckrodt to pay $1250 in reasonable attorneys' fees incurred in bringing this motion for sanctions and to advise Plaintiffs regarding the destruction of any documents, the Court will ask the parties to confer and

attempt to reach agreement on a proposed amended schedule for Mallinckrodt to complete its review and production of documents, for the parties to complete expert disclosures, and for any other changes to the most recent Case Management Order that the parties deem necessary. The Court will deny Plaintiffs' other requests for relief, without prejudice to reconsideration upon completion of Mallinckrodt's production, should Plaintiffs' expert reports prove to truly need significant reworking based on the belated production, or should it appear that any documents were destroyed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' emergency motion for sanctions is **GRANTED in part** and **DENIED in part**. (Doc. No. 358.) The motion is **GRANTED** with respect to Plaintiffs' requests for an award of attorneys' fees incurred in bringing this motion in the amount of $1250, for a detailing of any documents that have been destroyed, and for an extension of Plaintiffs' expert disclosure deadline; the motion is otherwise **DENIED without prejudice** to reconsideration as stated in this Order.

**IT IS FURTHER ORDERED** that on or before **May 16, 2016**, Defendant Mallinckrodt LLC shall file an affidavit by appropriate person with knowledge attesting to whether any documents at the Iron Mountain facility were destroyed after the date of the litigation hold and, if so, describing the documents that were destroyed.

**IT IS FURTHER ORDERED** that the parties shall confer and attempt to reach agreement on a proposed amended Case Management Order addressing the amended deadlines discussed in this Order, and no later than **May 24, 2016**, the parties shall

submit their proposed amended schedule or, if they cannot reach agreement, their respective positions, as part of their joint status report for the previously scheduled May 31, 2016 status conference.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of May, 2016