**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT D. MCCLURG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Pertaining to Cases Consolidated for |
| | ) | Discovery and Pretrial Proceedings under |
| MALLINCKRODT, INC., et al., | ) | Lead Case No.  4:12CV00361 AGF |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Case Management Order No. 3 of February 4, 2016 (Doc. 335), and the Court's Memorandum and Order of May 10, 2016 (Doc. 378), the parties provide the following status report in advance of the May 31, 2016 telephone status conference.

The parties conferred regarding proposed amendments to the current Case Management Order and regarding a selection method for individual plaintiffs by phone on May 17, May 23, May 24, and May 26. Although the parties conferred in good faith, no agreement was reached. The parties' proposals are laid out below.

        A.       **Proposed revisions to Case Management Order No. 3**

The parties' proposals are as follows:

        1.   Plaintiffs' Proposal

Plaintiffs propose revision to the common issue discovery schedule to provide for disclosure of initial expert reports January 30, 2017. This deadline is reasonable in light of the estimated time frames given by Defendants for the completion of document production and the amount of time needed between compete production and the disclosure of initial expert reports.

1

Mallinckrodt estimates that its document production will be complete by the end of July and Cotter estimates that its document production will be complete sooner. Accordingly, Plaintiffs propose the following schedule for common issues:

|  | Proposed Deadline |
|---|---|
| Document production completed | August 5, 2016 |
| Common issue fact discovery complete | November 15, 2016 |
| Rule 26(a) expert disclosures on common issues for parties bearing the burden of proof | January 30, 2017 |
| Expert depositions completed | March 15, 2017 |
| Rule 26(a) expert disclosures on common issues for parties not bearing the burden of proof | April 14, 2017 |
| Expert depositions completed | June 30, 2017 |
| Motions for rebuttal experts | July 14, 2017 |
| Completion of discovery on common issues | August 31, 2017 |
| *Daubert* or similar motions related to expert witnesses designated to testify regarding common issues | September 29, 2017 |
| Motions for Summary Judgment | 21 days after *Daubert* rulings |

This schedule is reasonable and efficient. Plaintiffs' proposal includes dates for the completion of document production and substantive 30(b)(6) depositions, with common issue fact discovery complete by November 15, 2016, approximately one hundred days after complete document production should occur. Defendants' proposed schedule does not provide deadlines for completion of document production or completion of Rule 30(b)(6) depositions and other discovery prior to the disclosure of expert reports. While Plaintiffs are hopeful that this process will proceed expeditiously, based on the history of this litigation, Plaintiffs are concerned that document production and the scheduling of depositions may proceed more slowly than Defendants anticipate and therefore should be included in the schedule.

The time allocated between complete document production and disclosure of expert reports is reasonable. Once document production is completed, Plaintiffs' counsel will need to review the documents to prepare for the 30(b)(6) depositions and provide the documents to their

2

experts. Additionally, the experts will need to review the 30(b)(6) depositions prior to submitting expert reports. Plaintiffs' proposal is similar to the time frame the Court previously suggested as an appropriate interval between the completion of 30(b)(6) depositions and the disclosure of expert reports[1], while building in minimal additional time to account for the holidays.

Plaintiffs' experts are currently not able to input data for modeling because modeling requires complete production from Defendants. Once discovery is complete, Plaintiffs' expert reports will be completed sequentially rather than simultaneously. That is, Plaintiffs' experts will have to rely upon analyses done by other Plaintiffs' experts (i.e. one expert will have to finalize data to provide to another expert, etc.). The foregoing accounts for the interval between complete document production and disclosure of expert reports.

Individual bellwether discovery should proceed as soon as reasonably practicable.  Many Plaintiffs in these cases are dying of cancer and will be denied their day in Court if there is continued delay, which has occurred through no fault of the Plaintiffs.

Plaintiffs proposed bellwether schedule set forth below expedites the discovery process, coordinates the schedule between common issues and the first bellwether trial, and provides for the completion of four multi-plaintiff bellwether trials by the end of 2018. Plaintiffs can complete all the reports necessary for the first bellwether trial on the same schedule as the common issues. Plaintiffs' propose bellwether discovery and trials should proceed in four staggered waves, as follows:

---

1 February 26, 2016 Transcript, p. 16 - Judge Fleissig, "…since the defendants are at this moment at least intending to produce the same deponent, that you proceed with respect to both topics of sources and location of information as well as your 30(b)(6) deposition on the merits. And if, in fact, there are no additional sources and information that are disclosed during the course of that deposition, then you will be done, and you will be done in that March time frame, which is going to make you more comfortable."

|  | Proposed Deadline |
|---|---|
| Selection of individual plaintiffs | June 30, 2016 |
| Case specific fact discovery completed | November 15, 2016 |
| Rule 26(a) expert disclosures on case specific issues for parties bearing the burden of proof | January 30, 2017 |
| Expert depositions completed | March 15, 2017 |
| Rule 26(a) expert disclosures on case specific issues for parties not bearing the burden of proof | April 14, 2017 |
| Expert depositions completed | June 30, 2017 |
| Motions for rebuttal experts | June 14, 2017 |
| Completion of discovery | August 31, 2017 |
| *Daubert* or similar motions related to expert witnesses designated to testify regarding common issues | September 29, 2017 |
| Motions for Summary Judgment | 21 days after *Daubert* rulings |
| Final pretrial conference | December 1, 2017 |

Plaintiffs propose that wave two proceed on a staggered schedule that commences ninety days after commencement of wave one with a similar spacing of deadlines, with the caveat that all discovery bellwether Plaintiffs for all four waves by selected by June 30, 2016 according to the process set forth later in this report. Wave three will commence ninety days after wave two commences, and wave four will commence ninety days after wave three commences. This will result in the completion of all common issues and four bellwether trials by the end of 2018.

2. Defendants' Proposal

Mallinckrodt estimates that it needs approximately 10 weeks to complete its review of the unindexed boxes stored at Iron Mountain and anticipates finishing that review and any supplemental production by the middle to end of July.  Based on that estimate, Defendants' counsel proposed a revised schedule that postponed the deadlines for common issues discovery by approximately 4½ months but retained the current intervals between case deadlines. Defendants' proposed common issues scheduling order follows:

|  | Current Deadline | Proposed Deadline |
|---|---|---|
| Rule 26(a) expert disclosures | May 31, 2016 | October 17, 2016 |

4

| | | |
|---|---|---|
| on common issues for parties bearing the burden of proof | | |
| Expert depositions completed | July 13, 2016 | December 16, 2016 |
| Rule 26(a) expert disclosures on common issues for parties not bearing the burden of proof | August 16, 2016 | January 13, 2017 |
| Expert depositions completed | September 27, 2016 | March 31, 2017 |
| Motions for rebuttal experts | October 11, 2016 | April 28, 2017 |
| Completion of discovery on common issues | December 12, 2016 | May 30, 2017 |
| *Daubert* or similar motions related to expert witnesses designated to testify regarding common issues | January 13, 2017 | June 30, 2017 |
| Parties to designate agreed mediator and proposed schedule for mediation | October 28, 2016 | April 28, 2017 |

Given the adjustments to the common issues schedule, Defendants' counsel propose a schedule for individual discovery of a random selection of plaintiffs that will begin during the common issues period but will conclude after the Court has an opportunity to consider motions and briefing on common issues which very well may obviate at least some individual discovery:

| | **Proposed Deadline** |
|---|---|
| Selection of individual plaintiffs | June 30, 2016 |
| Rule 26(a) expert disclosures on case specific issues for parties bearing the burden of proof | July 3, 2017 |
| Expert depositions completed | August 15, 2017 |
| Rule 26(a) expert disclosures on case specific issues for parties not bearing the burden of proof | September 15, 2017 |
| Expert depositions completed | November 30, 2017 |
| Motions for rebuttal experts | December 15, 2017 |
| Completion of discovery on common issues | January 30, 2018 |
| *Daubert* or similar motions related to expert witnesses designated to testify regarding common issues | February 28, 2018 |

Defendants believe their proposed schedules further the original purpose of separating the common issues from individual plaintiff discovery – to narrow the issues and move these cases forward to resolution in an efficient manner, mindful of the Court's and the parties' resources. Under Defendants' proposal, the parties will complete fact and expert discovery regarding the common issues and will complete any related briefing on *Daubert* or summary judgment motions, while conducting fact discovery on individual plaintiffs to prepare those cases for trial.

B. **Method for selecting individual Plaintiffs for discovery**

The parties' proposals are as follows:

1. <u>Plaintiffs' Proposal</u>

Plaintiffs propose a selection method that is similar to that set out by the Court in a March 31, 2015 Status Conference. The Court contemplated random selection within intelligent subgroups. Plaintiffs propose dividing the Plaintiffs eligible for bellwether selection[2] into the following four subgroups:

GROUP A: Plaintiffs exposed at Boeing/McDonnell Douglas. This group comprises approximately 18% of eligible Plaintiffs.

GROUP B: Non Boeing/McDonnell Douglass Plaintiffs whose longest exposure address was between 0 and 3.5 miles away from SLAPS and who were first exposed at that address prior to 1975. This group comprises approximately 28% of eligible Plaintiffs.

GROUP C: Non Boeing/McDonnell Douglass Plaintiffs whose longest exposure address was more than 3.5 miles away from SLAPS and who were first exposed at that address prior to 1975. This group comprises approximately 29% of eligible Plaintiffs.

GROUP D: Plaintiffs whose first exposure at their longest exposure address was in or after 1975. This group comprises approximately 25% of eligible Plaintiffs.

Once the parties have agreed which eligible Plaintiffs are in each group, the Court would randomly select 6 Plaintiffs from each group, for a total of 24 Plaintiffs. Plaintiffs will select the

---

[2] Plaintiffs whose cases were on file as of March 15, 2016 and who assert claims against both Cotter and MK are eligible for bellwether selection.

first and third groups to go through discovery and trial. Defendants will select the second and fourth groups to go through discovery and trial. The randomly selected Plaintiffs would be fully worked up for trial according to the bellwether schedules set forth above (i.e. wave one would be a random selection from Plaintiffs' counsels' first selected group, wave two would be a random selection from defendants' counsels' second selected group, etc). Each trial will have between 3 and 6 Plaintiffs, depending upon how many Plaintiffs survive beyond summary judgment.

2. Defendants' Proposal

Defendants propose following the selection method set forth by the Court during the October 28, 2015 status conference.  The Court proposed a selection method wherein the Court would randomly select 44 individuals, out of which each party would select 18 individuals so that full discovery is completed on 36 plaintiffs.  Defendants generally agree with this proposal, with the modification that after the Court randomly selects 44 individuals, each side would strike 4 individuals, leaving 36 Plaintiffs for full discovery.  The parties have previously agreed that only those Plaintiffs with claims against both Mallinckrodt and Cotter would be eligible for random selection, and the parties would provide a list of these Plaintiffs to the Court for use in the Court's random selection.

During discussions with Plaintiffs' counsel, Defendants' counsel expressed their willingness to consider an alternative compromised plaintiff selection processes as long as Plaintiffs' counsel were willing to maintain the common issue schedule.  Defendants also indicated their willingness to cooperate and compromise to ensure that groupings of plaintiffs were appropriate; that selection of plaintiffs for full discovery was random; and that selection of plaintiffs for trial was random. Specifically, Defendants remain willing to entertain breaking the plaintiffs into four or five separate groups, as long as the parameters of each group are clearly

articulated and agreed upon and there is agreement about which plaintiff goes in which group.  If the parties can agree to a common issue schedule, Defendants do not oppose categorizing plaintiffs into the 4 groups identified by Plaintiffs' counsel. From those 4 groups, the Court will randomly select 9 plaintiffs from each group so that discovery is completed on 36 plaintiffs. The judge will then randomly select from those 36 plaintiffs which plaintiff's trial will proceed first, and so on.

### C.  **Status of Questionnaire Deficiencies**

#### 1.      Defendants' Position

Four plaintiffs in these consolidated cases have failed to provide questionnaires. Plaintiffs' counsel also recently notified Defendants' counsel that three individuals no longer wish to pursue their lawsuits and dismissals will be filed promptly for Mike Claxton, Shirley Moore, and Robin Perkins.

Defendants have requested supplemental responses to various questionnaires from 19 plaintiffs: Riley; McGill; Nieman; Rogers; Smith, J.; Stevens; Walkenhorst; Unser; Lavely, Jr.; Farley; Holloway; Jones, D.; Willisam; Saak; Smith, P.; Spahn; Standefer; Walls, T.; and Weitkamp.

Various authorizations remain outstanding for 27 plaintiffs: Alagna; Blodgett; Brewington; Cole; Fortenberry; Graham; Hopson; Jones, D.; Lavely, Jr.; Maher; Mattingly; May; McElwrath; McHenry; Meglio, Antonio; Michaels; Moeckel; Moore, P.; Riley; Schumer; Smith, P.; Spahn; Teutrine; Trieber; Virgil; Walkenhorst; and Zwilling.

#### 2. Plaintiffs' Position.

Plaintiffs continue to work with Defendants to provide supplemental authorizations and information. Thus far, Plaintiffs have responded to approximately 2,200 such requests. Plaintiffs

recently received additional authorizations and information requests on April 28, 2016 and Plaintiffs anticipate submitting responses and authorizations shortly.

D. **Proposed Mediator**

1. Defendants' Position

On May 24, 2016, Plaintiffs suggested the appointment of a mediator/special master to assist in the process of structuring the case and oversee discovery issues. During a subsequent conversation with the Court on the same afternoon, Judge Fleissig indicated that she had also reached that conclusion and she suggested Randi Ellis who currently is serving in a similar capacity in YAZ MDL litigation that is being handled by US District Court Judge Herndon in the Southern District of Illinois. Defendants believe it is premature to engage a mediator/special master in this case and also continue to maintain that this litigation is not similar or susceptible to case management tools that are employed in pharmaceutical litigation because issues of exposure, dose, and causation exist in this case which do not exist in pharmaceutical litigation. That said, based on statements by Judge Fleissig in which she indicated that she favored such an approach, Defendants' counsel are in the process of identifying the most highly experienced and qualified neutral attorneys to serve in such a capacity. Names will be provided to the court and to Plaintiffs' counsel at the status conference on May 31, if not sooner.

2. Plaintiffs' Position

Pursuant to Case Management Order No. 3 (Doc. 335), the parties are required to designate an agreed mediator and file a proposed schedule for conducting the mediation conference(s) on or before October 28, 2016. Plaintiffs believe that appointment of a mediator

should occur sooner. Plaintiffs will be prepared to discuss potential mediators at the May 31, 2016 Status Conference.

E. **Pending Cases and Filing of Additional Cases**

    1. <u>Plaintiffs' Statement</u>

Thirty-seven (37) cases are currently consolidated, involving 234 Plaintiffs. One case involving twelve (12) additional Plaintiffs (15-cv-1909) has been filed and served and will be moved for consolidation. Additionally, two cases involving seventeen (17) Plaintiffs were filed on March 15, 2016 (16-cv-0342; 16-cv-0343) and one case involving six (6) Plaintiffs was filed on March 25, 2016 (16-cv-0402). These cases have been served. Lastly, fifteen (15) cases involving one hundred and forty eight (148) Plaintiffs were filed on May 19 and May 20 respectively. These complaints are currently in the process of being served. Plaintiffs' counsel intend to file additional cases. Plaintiffs' counsel continue to receive requests for representation which require medical and expert review. Plaintiffs therefore cannot provide a date by which all actions arising from radiation exposure will be filed.

F. **Pending motions**

    1. <u>Plaintiffs' Statement</u>

Plaintiffs filed their Motion for Reconsideration in Part of the Court's March 8, 2016 Order Related to Discovery on May 3, 2016 (Doc. 374) and that motion is fully briefed.

Plaintiffs filed their Motion for Clarification (Doc. 387) on May 18, 2016. Mallinckrodt filed its Response to Plaintiffs' Motion for Clarification (Doc. 388) on May 25, 2016. Plaintiffs will file their reply promptly.

G. **Court's Order on Plaintiffs' Motion for Sanctions**

    1. <u>Plaintiffs' Statement</u>

10

The Court's Memorandum and Order regarding Plaintiffs' Motion for Sanctions (Doc. 378) reads in part:

> IT IS FURTHER ORDERED that on or before May 16, 2016, Defendant Mallinckrodt LLC shall file an affidavit by appropriate person with knowledge attesting to whether *any documents at the Iron Mountain facility were destroyed* after the date of the litigation hold and, if so, describing the documents that were destroyed. (*Id.*) (emphasis added).

On May 16, 2016, Mallinckrodt filed the Affidavit of Leslie A. Tisius in Support of Mallinckrodt's Response to Court Order for Description of Records. (Doc. 386.) The Affidavit and Exhibit A thereto (Doc. 386-1) purport to provide descriptions of any documents stored in *unindexed* boxes at Iron Mountain that were destroyed after the date MK issued its litigation hold in this case. Plaintiffs advised Mallinckrodt on March 18, 2016, that the Court's Order was not limited to documents that were stored in unindexed boxes, but rather by its terms applies to any documents Mallinckrodt maintained at Iron Mountain that were destroyed after the date of the litigation hold. Plaintiffs requested Mallinckrodt comply with the Court's May 10 Order by filing an affidavit by appropriate person with knowledge attesting to whether any documents at the Iron Mountain facility, whether or not they were stored in unindexed boxes, were destroyed after the date of the litigation hold and, if so, describing the documents that were destroyed. Plaintiffs have not received such an affidavit and have not received confirmation that Mallinckrodt will supply such an affidavit.

Plaintiffs take no position with the Court with respect to the meaning of the Order, as the Court knows what was intended by the Order. To the extent the Order contemplates a description of any documents at the Iron Mountain facility Mallinckrodt destroyed after the date of the litigation hold, Plaintiffs seek compliance with the Order.

Dated:  May 26, 2016                                    Respectfully Submitted,

/s/ Kenneth J. Brennan
TOR HOERMAN LAW LLC
Kenneth J. Brennan, #47523MO
Tor Hoerman
Eric M. Terry
Tyler J. Schneider
Chad A. Finley (*Pro Hac Vice*)
101 W. Vandalia Street, Suite 350
Edwardsville, IL 62025
Telephone: (618) 656-4400
kbrennan@torhoermanlaw.com
eterry@torhoermanlaw.com

Troy E. Walton
Micah Summers (*Pro Hac Vice*)
WALTON TELKEN FOSTER, LLC
241 North Main Street
Edwardsville, IL 62025
618.307.9880 – Telephone
844.836.3535 – Toll Free
twalton@waltontelken.com
msummers@waltontelken.com

Christopher W. Byron
Eric J. Carlson
BYRON AND CARLSON, LLC
411 St. Louis Street
Edwardsville, IL 62025
618-655-0600
Fax: 618-655-4004
cwb@byroncarlson.com
ejc@byroncarlson.com

Gregory A. Cade (*Pro Hac Vice*)
Kevin B. McKie (*Pro Hac Vice*)
ENVIRONMENTAL LITIGATION
GROUP, P.C.
3529 Seventh Avenue South
Birmingham, AL 35222
205-328-9200
Fax: 205-328-9456
gregc@elglaw.com
kmckie@elglaw.com

ATTORNEYS FOR PLAINTIFFS

12

/s/ David Erickson (with consent)
SHOOK, HARDY & BACON LLP
David R. Erickson, # 31532MO
Steven D. Soden, # 41917MO
Erica A. Ramsey, # 63225MO
2555 Grand Boulevard
Kansas City, MO  64108-2613
Telephone: 816.474.6550
Facsimile: 816.421.5547
derickson@shb.com
ssoden@shb.com
eramsey@shb.com


ATTORNEYS FOR DEFENDANT
MALLINCKRODT LLC (INCORRECTLY
DENOMINATED AS MALLINCKRODT,
INC.)


/s/ John McGahren (with consent)
MORGAN, LEWIS & BOCKIUS LLP
Deanne L. Miller (*Pro Hac Vice*)
Brian M. Hom (*Pro Hac Vice*)
300 S. Grand Ave.
Twenty-Second Floor
Los Angeles, CA 90071-3132
Main: 213.612.2500
Fax: 213.612.2501
dlmiller@morganlewis.com
bhom@morganlewis.com

John McGahren (*Pro Hac Vice*)
Denise Scofield (*Pro Hac Vice*)
502 Carnegie Center
Princeton, NJ 08540-6241
Main: 1.609.919.6600
Fax: 1.609.919.6701
jmcgahren@morganlewis.com
denise.scofield@morganlewis.com

BRYAN CAVE LLP
Dale A. Guariglia, Mo. Bar 32988
Erin L. Brooks, Mo. Bar 62764
One Metropolitan Square

13

211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
(314) 259-2000 (telephone)
(314) 259-2020 (facsimile)
daguariglia@bryancave.com
erin.brooks@bryancave.com

ATTORNEYS FOR DEFENDANT
COTTER CORP.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 26th day of May, 2016, I electronically filed the above with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

/s/  Kenneth J. Brennan