UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT D. MCCLURG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12-CV-00361-AGF |
| | ) | |
| MALLINCKRODT, INC., et al., | ) | Lead Case |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

In these cases consolidated for pretrial purposes, the Court entered a Memorandum and Order on October 31, 2016 (Doc. No. 449), which granted Defendants' motion for judgment on the pleadings with respect to the claims of all Plaintiffs who filed their Price-Anderson Act ("PAA") public liability actions alleging wrongful death more than three years after the death of their decedents. Pursuant to the Court's request, the parties' have filed an agreed list of 71 such Plaintiffs (Doc. No. 460), and the Court will now enter judgment in favor of Defendants on all claims of the Plaintiffs listed in listed in Doc. No. 460-1.

For the same reason, and no opposition having been filed, the Court will also grant Defendants' motion (Doc. No. 470) to dismiss the claims of the sole Plaintiff in member case, *Bendyk v. Mallinckrodt LLC, et al.*, Case No. 4:16-cv-1135, bringing the total number of Plaintiffs whose claims have been dismissed to 72.

Finally, the Court will deny Plaintiffs' motion (Doc. No. 471) to reserve entry of final judgment with respect to the 72 dismissed Plaintiffs, Plaintiffs having failed to establish good cause to do so. Fifty-one of these Plaintiffs are joined in member cases in

which all other claims have also been dismissed, such that entry of a final, appealable judgment is appropriate.[1] The remaining 21 Plaintiffs are joined in member cases with unrelated Plaintiffs whose claims have not been dismissed. Therefore, the Court will grant Defendants' request, asserted in their response to Plaintiffs' motion and to which Plaintiffs have not replied, to sever the dismissed claims of these 21 Plaintiffs, so that a final, appealable judgment may be entered on these 21 Plaintiffs' claims. These 21 Plaintiffs' claims (listed by Defendants in Doc. No. 477-1) will be severed pursuant to Federal Rule of Civil Procedure 21. *See Reinholdson v. Minnesota*, 346 F.3d 847, 850 (8th Cir. 2003) ("Where a single claim is severed out of a suit [under Rule 21], it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other.") (citation omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss member case, *Bendyk v. Mallinckrodt LLC, et al.*, Case No. 4:16-cv-1135, is **GRANTED**. (Doc. No. 470.)

**IT IS FURTHER ORDERED** that Plaintiffs' motion to reserve entry of final judgment is **DENIED**. (Doc. No. 471.)

**IT IS FURTHER ORDERED** that the claims of the Plaintiffs listed in Doc. No. 477-1 shall be severed. The Clerk of Court shall open and randomly assign a new case for

---

[1] The cases in which all Plaintiffs' claims have now been dismissed are Case Nos. 14-cv-0668, 14-cv-0669, 14-cv-0670, 14-cv-0671, and 16-cv-1135.

each Plaintiff listed in Doc. No. 477-1, using the complaint filed in each case. After these cases are severed, each of the severed cases shall be consolidated with this Lead Case, so that the Court may enter final judgment with respect to each.

**IT IS FURTHER ORDERED** that a separate Judgment will accompany this Memorandum and Order with respect to Case Nos. 14-cv-0668, 14-cv-0669, 14-cv-0670, 14-cv-0671, and 16-cv-1135. A Judgment with respect to the 21 cases to be severed, as described above, will be entered following severance and consolidation.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of January, 2017.