UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT D. MCCLURG, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:12-CV-00361-AGF |
| MALLINCKRODT, INC., et al., | ) Lead Case |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' joint motion (ECF No. 547) to dismiss the claims of the following decedents in these consolidated cases, for failure to substitute "proper parties" as defined by state law: Leon Anderson, William Donaldson, William McHenry, and Jerry Roth. Defendants also move to dismiss the claims of Michele Curran for failure to substitute any party within the 90 days provided by Federal Rule of Civil Procedure 25. Finally, Defendants ask the Court to instruct Plaintiffs to disclose the dates of death for Robert Peery, Patricia Smith, Elenora Garrett, and any other Plaintiffs who pass away during the pendency of the litigation going forward. For the reasons discussed below, Defendants' motion will be granted in part and denied in part.

## BACKGROUND

The decedents named above each filed suit under the Price-Anderson Act ("PAA") as amended, 42 U.S.C. §§ 2014, 2210, governing legal liability related to "nuclear incidents." The decedents claimed damages for bodily injury allegedly suffered as a

result of exposure to hazardous, toxic, and radioactive substances handled by Defendants. After they filed suit, each died.

Donaldson filed suit on February 28, 2012, and died on April 16, 2013; McHenry and Anderson filed suit on January 10, 2014, and died on February 13, 2014, and March 21, 2014, respectively; and Roth filed suit on February 26, 2014, and died on March 25, 2015. On January 5, 2015, Plaintiffs' attorneys filed "Suggestions of Death" and moved to substitute the spouse of each decedent under Federal Rule of Civil Procedure 25.[1] The filings did not indicate the cause of death. Defendants did not oppose the motions for substitution, and the motions were granted as unopposed on January 25, 2016.[2] ECF No. 333.

On January 20, 2017, Plaintiffs' attorneys also filed a Suggestion of Death with respect to Curran, which did not indicate the date or cause of Curran's death. However, no motion to substitute has been filed with respect to Curran.

Plaintiffs' attorneys filed Suggestions of Death for Robert Peery, Patricia Smith, and Elenora Garrett on January 30, 2017, February 7, 2017, and March 30, 2017, respectively, but again did not indicate the dates or causes of death. ECF Nos. 487, 492 & 516. Motions to substitute were filed with respect to Peery (seeking to substitute his son) and Smith (seeking to substitute her spouse), which Defendants did not oppose and which

---

[1] *See* Case No. 4:12-cv-00361, ECF No. 328; Case No. 4:14-cv-00037, ECF Nos. 14 & 18; and Case No. 4:14-cv-00351, ECF No. 14.

[2] Similar motions to substitute were filed with respect to several other deceased Plaintiffs, and these motions, too, were granted as unopposed. But Defendants have not moved to dismiss these other decedents' claims.

were granted by the Court on February 7, 2017, and February 16, 2017, respectively. ECF Nos. 491 & 498. No motion to substitute has been filed with respect to Garrett.

On April 24, 2017, Defendants filed the present motion to dismiss, arguing for the first time that the spouses of Anderson, Donaldson, McHenry, and Roth are improper parties for substitution under Rule 25. Defendants also seek the dismissal of Curran's claims for failure to substitute any party, and Defendants request that Plaintiffs be required to disclose the dates of death for Peery, Smith, Garrett, and any other Plaintiffs who pass away during the pendency of the litigation.

## **ARGUMENTS OF THE PARTIES**

Defendants argue that the claims of Anderson, Donaldson, McHenry, and Roth should be dismissed because the spouses of these decedents are not eligible to prosecute their claims as a matter of state law. Defendants base their motion on the fact that the spouses were not appointed by the state probate court to be personal representatives of the decedents' estates, as required by Missouri's survival statute, Mo. Rev. Stat. § 537.020, and the time to do so has passed under Missouri law.[3] Although Defendants did not oppose the motions to substitute at the time they were filed, and did not bring these issues to the Court's attention until more than a year after the fact, Defendants argue that the improper substitutions in this case implicate an issue of standing that cannot be waived.

---

[3] Defendants note that, to the extent that Illinois law applies to the substitution of Jerry Roth's spouse because Roth died in Illinois, the relevant Illinois statute also requires the appointment of a personal representative, and Roth's spouse was not so appointed within the time period provided under Illinois law.

Next, Defendants argue that Curran's claims should be dismissed with prejudice because no motion to substitute was filed with respect to her claims within 90 days of the Suggestion of her Death, as required by Rule 25.

Finally, Defendants argue that Plaintiffs should be required to disclose the dates of death for Peery, Smith, and Garrett. Defendants' motion does not seek the dismissal of these Plaintiffs' claims but simply requests that the dates of death, of these and any other Plaintiffs who pass away during the pendency of the litigation, be disclosed.

In response, Plaintiffs argue that Missouri's survival statute does not apply to the claims of Anderson, Donaldson, McHenry, or Roth because each of these decedents died as a result of the injuries alleged in their complaints—namely, cancer attributable to Defendants' conduct. Plaintiffs have attached to their response the death certificates for these decedents, which list the type of cancer alleged in the complaints as a cause of death.[4] Plaintiffs assert that each of the substituted spouses "seeks to recover for the wrongful death of her deceased husband," ECF No. 565 at 1, and are proper parties to bring wrongful death actions, which do not require appointment of a personal representative under Missouri law. As Plaintiffs put it: "That these proper Plaintiffs have not yet sought leave to add the word 'death' to the complaints is not a basis for dismissal for failure to substitute a proper party." *Id.* at 3.

Plaintiffs do not object to the dismissal of Curran's claims, on behalf of whom they never filed a motion to substitute. Plaintiffs further argue that they produced to

---

[4] Plaintiffs assert that they produced these death certificates to Defendants in discovery before Defendants filed this motion.

Defendants the death certificates containing dates of death of Peery and Smith, and that they have not yet obtained the death certificate of Garrett, but that they do not presently intend to file a motion to substitute with respect to Garrett.

In reply, Defendants maintain that Plaintiffs have "put the cart before the horse" because the substituted Plaintiffs never initiated wrongful death claims for the deaths of Anderson, Donaldson, McHenry, and Roth. Defendants argue that the claims of these decedents, as pleaded, seek damages for personal injuries only. According to Defendants, wrongful death is a "distinct cause of action" under Missouri law, created purely by statute, and a personal injury claim does not automatically convert to a wrongful death claim upon the death of the decedent. Defendants further argue that the substituted Plaintiffs should not be able to initiate wrongful death claims now because, at least with respect to Anderson, Donaldson, and McHenry, such claims would be untimely under the Missouri wrongful death statute's three-year statute of limitations, these decedents having died more than three years ago.

Defendants also argue that Plaintiffs should be required to file the dates of death of any deceased Plaintiffs in the Court's record, rather than simply producing death certificates to Defendants along with other voluminous written discovery. Finally, Defendants assert that because Plaintiffs have stated that they do not presently intend to file a motion to substitute with respect to Garrett, Garrett's claims should be dismissed.

## DISCUSSION

Under Federal Rule of Civil Procedure 25(a), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party" through a motion for

5

substitution. Fed. R. Civ. P. 25(a)(1). "If the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.* Although Rule 25 sets forth the procedure for the substitution of parties in cases proceeding in federal court, where state substantive law applies, such as suits based on diversity jurisdiction, "state law governs *who* can be a 'representative' or 'successor,' and therefore, who can qualify as a proper party for substitution under Rule 25(a)(1)." *In re Baycol Prods. Litig.*, 616 F.3d 778, 785 (8th Cir. 2010). In this action for damages under the PAA, "the substantive rules for decision . . . shall be derived from the law of the State in which the nuclear incident involved occurs, unless such law is inconsistent with the provisions of [the PAA]." 42 U.S.C. § 2014(hh). Therefore, the Court will apply Missouri law to the limited substantive question of who may qualify as a proper party for substitution under Rule 25(a)(1), unless such law is inconsistent with the PAA.

**Curran and Garrett**

As Plaintiffs do not object to the dismissal of Curran's claims, and as no motion to substitute was made with respect to Curran within the 90-day time period provided by Rule 25, the Court will dismiss her claims. *See* Fed. R. Civ. P. 25(a)(1); *Kaubisch v. Weber*, 408 F.3d 540, 543 (8th Cir. 2005) (affirming dismissal of claims for a party's failure to timely file a motion to substitute under Rule 25). The Court will not yet dismiss Garrett's claims because the time for Plaintiffs to file a motion to substitute with respect to Garrett has not yet passed. However, if Plaintiffs do not intend to file a motion to substitute, the Court encourages Plaintiffs to file a motion to dismiss.

**Anderson, Donaldson, McHenry, and Roth**

Missouri's survival statute, relied on by Defendants,[5] provides, in relevant part:

1. Causes of action for personal injuries, ***other than those resulting in death,*** whether such injuries be to the health or to the person of the injured party, shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued; but in case of the death of either or both such parties, such cause of action shall survive to the personal representative of such injured party, and against the person, receiver or corporation liable for such injuries and his legal representatives, and the liability and the measure of damages shall be the same as if such death or deaths had not occurred. . . .

2. The right of action for death or the right of action for ***personal injury that does not result in the death*** shall be sufficient to authorize and to require the appointment of a personal representative by the probate division of the circuit court upon the written application therefor by one or more of the beneficiaries of the deceased. . . .

Mo. Rev. Stat. § 537.020 (emphasis added). "Claims brought under § 537.020 survive only to the personal representative of the decedent's estate and not to his or her heirs," and "[i]f no personal representative was appointed for the [decedent's estate], any causes of action for [decedent's] personal injuries which did not result in his death abated with his death." *McConnell v. Commercial Carriers, Inc.*, No. 4:03CV253 RWS, 2009 WL 3247304, at *4 (E.D. Mo. Oct. 5, 2009) (citations omitted).

The survivor statute "unambiguously authorizes the survival of claims that arise from non-fatal personal injuries where the injured party later dies of *unrelated* causes."

---

[5] Although Defendants suggest in their motion that Illinois law may apply to Roth's claims, Defendants have not presented any choice-of-law analysis supporting that suggestion, and Defendants previously insisted that Missouri law, and in particular, Missouri's wrongful death statute, applies to Plaintiffs' claims. To the extent that Missouri and Illinois law conflict with respect to issues addressed in this Memorandum and Order, the parties are free to address choice-of-law issues in any future motion.

*Andrews v. Neer*, 253 F.3d 1052, 1057 (8th Cir. 2001) (emphasis added). Although the statute requires that such personal injury claims must be pursued by the personal representative of the decedent's estate, "[t]he statute's language clearly limits its application to cases where the personal injury *did not cause* the decedent's death." *Id.*

Where the personal injury caused the decedent's death, the survival statute does not apply. Instead, Missouri's wrongful death statute delineates who is a proper party to assert claims for injuries resulting in death. *See id.* ("[T]he Missouri wrongful death statute . . . addresses the survival of injury claims that result in death."). Missouri's wrongful death statute provides:

> Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for:
>
> (1) By the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;
>
> (2) If there be no persons in class (1) entitled to bring the action, then by the brother or sister of the deceased, or their descendants, who can establish his or her right to those damages set out in section 537.090 because of the death;
>
> (3) If there be no persons in class (1) or (2) entitled to bring the action, then by a plaintiff ad litem.

Mo. Rev. Stat. § 537.080. "The Missouri Supreme Court has declared the wrongful death statute to be the sole source of a cause of action in Missouri where the injuries sustained by the decedent caused the decedent's death." *Andrews*, 253 F.3d at 1058 (citing *Sullivan v. Carlisle*, 851 S.W.2d 510 (Mo. 1993)).

In short, the Court agrees with Plaintiffs that, to the extent Anderson, Donaldson, McHenry, and Roth died from the injuries alleged in their complaints, their spouses are proper parties to seek wrongful death damages,[6] and the fact that the spouses were not appointed personal representatives of decedents' estates is irrelevant. *See McConnell*, No. 403CV253RWS, 2009 WL 3247304, at *4 ("The existence of a personal representative for the Estate of [the decedent] or lack thereof has no impact on any claims brought under Missouri's wrongful death statute.").

The problem, however, is that Plaintiffs have not pleaded that these decedents died as a result of the injuries alleged in their complaints. Under the circumstances of this case as described above, rather than dismissing the claims, the Court believes good cause exists to allow Plaintiffs to amend their complaints. The Court will give Plaintiffs 14 days to file amended complaints with respect to Anderson, Donaldson, McHenry, and Roth, sufficiently pleading causes of action under the PAA for injuries resulting in death, if appropriate.[7] Defendants' motions to dismiss these decedents' claims for improper substitution will be denied without prejudice to filing new motions to dismiss addressed to any amended complaints filed by Plaintiffs.

---

[6] Damages recoverable under Missouri's wrongful death statute include "such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued," in addition to "pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which those on whose behalf suit may be brought have been deprived by reason of such death." Mo. Rev. Stat. § 537.090.

[7] Defendants' argument as to the timeliness of such claims is not properly before the Court as it was raised for the first time in a reply brief. *See Valentine v. Midland Funding, LLC*, No. 4:16 CV 1520 CDP, 2016 WL 7439215, at *2 (E.D. Mo. Dec. 27, 2016).

**Other Deceased Plaintiffs**

The Court agrees that Plaintiffs should be required to file the dates of death of all deceased Plaintiffs in the Court's record, to the extent they have not already done so. In the interests of justice and judicial economy, the Court also strongly encourages the parties to file Suggestions of Death and to litigate any related issues surrounding substitution or amendment in a prompt manner.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendants' joint motion to dismiss for failure to substitute proper parties is **GRANTED in part and DENIED in part** as set forth above. ECF No. 547.

**IT IS FURTHER ORDERED** that Plaintiffs shall have **14 days** from the date of this Memorandum and Order, to file amended complaints sufficiently pleading a cause of action under the Price-Anderson Act for injuries resulting in death, if appropriate, with respect to Leon Anderson, Case No. 4:14-cv-00037; William Donaldson, Case No. 4:12-cv-00361; William McHenry, Case No. 4:14-cv-00037; and Jerry Roth, Case No. 4:14-cv-00351. Failure to do so will result in dismissal of these decedents' claims.

**IT IS FURTHER ORDERED** that Plaintiff Michele Curran's claims, in member case No. 4:15-cv-01011-AGF, are **DISMISSED** pursuant to Federal Rule of Civil Procedure 25(a)(1).

**IT IS FURTHER ORDERED** that, to the extent they have not already done so, Plaintiffs' attorneys shall disclose in filings with the Court the dates of death of any deceased Plaintiffs.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file this Order in the lead case as well as the associated cases noted above.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of May, 2017.