IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT D. MCCLURG, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) Pertaining to Cases Consolidated for |
| MALLINCKRODT, INC., et al., | ) Discovery and Pretrial Proceedings under |
| | ) Lead Case No.  4:12CV00361 AGF |
| Defendants. | ) |
| | ) |
| | ) |

**MALLINCKRODT'S OPPOSITION TO PLAINTIFFS' MOTION TO STAY MALLINCKRODT'S MOTION FOR A RULING ON THE APPLICABLE STANDARD OF CARE**

Mallinckrodt LLC opposes Plaintiff's request to stay Mallinckrodt's motion for a ruling on the applicable standard of care (Doc. 596).

Plaintiffs have requested the Court delay ruling on Mallinckrodt's motion until after expert discovery on common issues is completed based on "considerations of fundamental fairness and efficiency." But in reality, Plaintiffs' request would result in a delay in deciding this core common issue until after common issue discovery closes on **February 9, 2018**. (CMO No. 8, Doc. 571). Not only would such a delay be inefficient, it would be prejudicial and fundamentally unfair to Mallinckrodt.

First, Mallinckrodt requested a decision on the applicable standard of care at this time, in part, because of Plaintiff's recent request for this Court to rule on Plaintiffs' applicable pleading standard. In Plaintiffs' motion for relief from the requirement to provide preliminary expert reports, filed on May 2, 2017, (Doc. 555), Plaintiffs effectively ask the Court to reconsider part of its prior rulings on Defendants' motions to dismiss. Likewise, now that discovery has

established Mallinckrodt acted as a government contractor well after the 1957 cutoff date alleged by Plaintiffs, Mallinckrodt is asking the Court to issue a ruling on the applicable standard of care to Mallinckrodt. Although Plaintiffs apparently believe the time is ripe for the Court to reassess the applicable pleading standard for Plaintiffs, they inconsistently ask the Court to delay deciding the applicable standard of care for Mallinckrodt. Plaintiffs' conflicting position in no way furthers "fundamental considerations of fairness and efficiency."

Second, although Plaintiffs' request to stay the Court's ruling is based on the supposed need for additional discovery, Plaintiffs do not identify what discovery they need. To be clear, it is Plaintiffs' burden to establish that Mallinckrodt breached the applicable standard of care. Plaintiffs' January 20, 2017 expert disclosures should therefore contain all the expert opinions Plaintiffs need to support their position on the applicable standard of care. And in fact, Plaintiffs designated Dr. Ring as an expert on this very issue. It is nonsensical for Plaintiffs to suggest their own expert must be deposed before they can respond to Mallinckrodt's motion.

As the party without the burden of proof, Mallinckrodt's expert disclosures regarding whether Mallinckrodt breached the applicable standard of care are currently due on September 15, 2017. (CMO No. 8, Doc. 571). Mallinckrodt has specifically requested the Court rule on the legal standard of care prior to Mallinckrodt's expert disclosure deadline so that Mallinckrodt can prepare its defense accordingly. Contrary to Plaintiffs' assertion, it would not be "more sensible and efficient" to complete eight months of expert discovery before obtaining a ruling from the Court to determine the applicable legal standard of care. Likewise, Plaintiffs cannot seriously contend that they need to depose Dr. Frazier, an expert Mallinckrodt disclosed in support of its affirmative defenses, before responding to an issue on which they bear the burden of proof.

8251922 v1

Just as Plaintiffs have moved for a ruling to address Plaintiffs' pleading standard and requirement to provide preliminary expert reports, Mallinckrodt has requested the Court determine the applicable standard of care for Mallinckrodt. Deciding this issue now would truly promote concerns of fairness and efficiency. Plaintiffs have maintained throughout this litigation that they wish to move these cases to trial. Delaying a ruling on a core issue such as this will not further this objective. To the contrary, a ruling on Mallinckrodt's motion will not only assist in moving these cases forward, but will also help streamline the issues and save resources of both the parties and the Court.

WHEREFORE, Mallinckrodt respectfully requests the Court deny Plaintiffs' motion to delay a ruling on Mallinckrodt's motion for a ruling on the common issue of the applicable standard of care, and for such other relief as is proper.

Dated:  June 20, 2017                                            Respectfully submitted,


/s/  Erica A. Ramsey
SHOOK, HARDY & BACON LLP
David R. Erickson, # 31532MO
Steven D. Soden, # 41917MO
Erica A. Ramsey, # 63225MO
2555 Grand Boulevard
Kansas City, MO  64108-2613
Telephone: 816.474.6550
Facsimile: 816.421.5547
derickson@shb.com
ssoden@shb.com
eramsey@shb.com

ATTORNEYS FOR DEFENDANT
MALLINCKRODT LLC

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 20th day of June, 2017, I electronically filed the above with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

                                  /s/  Erica A. Ramsey
                                  ATTORNEYS FOR DEFENDANT
                                  MALLINCKRODT LLC

8251922 v1