UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT D. MCCLURG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-00361-AGF |
| | ) | |
| MALLINCKRODT, INC., et al., | ) | Lead Case |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' joint motion to strike (ECF No. 574) Plaintiffs' Rule 26(a)(2) supplemental expert reports for failure to comply with the Court's order granting Plaintiffs leave to supplement. For the reasons set forth below, Defendants' motion will be denied.

## BACKGROUND

In support of Plaintiffs' consolidated public liability actions under the Price-Anderson Act, as amended, 42 U.S.C. §§ 2014, 2210, against Defendants, the background of which does not require restatement here, Plaintiffs engaged Dr. Nicholas Cheremisinoff and Dr. James Clark to produce common-issues expert reports regarding radiation transport mechanisms that could have caused Plaintiffs' exposure to harmful radiation. Dr. Cheremisinioff's and Dr. Clark's reports were both timely disclosed under the applicable Case Management Order, ("CMO") on January 21, 2017. These initial reports focused on the air transport mechanism and its associated exposure pathway – inhalation. The January 2017 reports did not thoroughly examine another transport

mechanism referenced in the pleadings and throughout this litigation, namely, Coldwater Creek, and its related exposure pathways, such as ingestion. Plaintiffs believed those pathways were too varied and individualized for development at the common-issues phase. Both reports contained language reserving the right to supplement—to which Defendants objected.

During a March 3, 2017 status conference, the Court indicated that because Plaintiffs were asserting that Coldwater Creek was a transport mechanism for a considerable number of individual Plaintiffs, their experts must offer opinions relevant to exposure through Coldwater Creek in their common-issues reports or risk being precluded from offering such opinions at a later stage.

Accordingly, on April 5, 2017, Plaintiffs gave the Court notice of their intent to supplement their common-issues expert reports. ECF No. 530. On April 7, 2017, the Court notified Plaintiffs that they could seek leave to supplement their expert reports through motion. ECF No. 532. Plaintiffs pursued such a motion to amend the CMO on April 10, 2017. ECF No. 534.

That motion included a request to supplement Plaintiffs' expert disclosures "limited solely to the following: transport mechanisms, namely, Coldwater Creek and sediment migrating in and from Coldwater Creek, and additional exposure pathways associated with all the different transport mechanisms." *Id*. at 1.

The Court granted Plaintiffs' motion by order on April 21, 2017 ("Order"), and gave Plaintiffs leave until April 28, 2017 to supplement their expert reports. ECF No. 546.

On April 28, 2017, Dr. Cheremisinoff submitted a supplemental report containing an analysis of the impact of extreme flooding events on runoff, contamination, and exposure from Coldwater Creek. ECF No. 574-1. Dr. Cheremisinoff also included his opinion on Defendants' failure to apply reasonable practices, and Defendants' gross negligence, with respect to the risks of such possible flooding.

On April 28, 2017, Dr. Clark also produced a supplemental report examining potential exposure pathways from flooding and intentional discharges to the Coldwater Creek basin. ECF Nos. 574-3, 589-1. Dr. Clark's supplemental report included GENII[1] outputs (ECF No. 589-1) modeling the doses average community members would receive from radiation transported during flooding events as a function of, among other factors: when the individual lived or worked in the affected area; where the individual lived or worked; the duration of exposure; the types of activities the individual engaged in; and biometric measurements.

Defendants filed a joint motion to strike both reports on May 23, 2017 for failing to comply with the Court's Order granting leave to supplement. ECF No. 574. Defendants' depositions of Dr. Cheremisinoff and Dr. Clark are scheduled for June 27 – 30, 2017 and July 25 – 27, 2017, respectively.

## ARGUMENTS OF THE PARTIES

Defendants argue that the Court's Order limited Plaintiffs' supplemental reports to the narrow scope of modeling dose assessments based on exposure to Coldwater Creek.

---

[1] The GENII (GENeration II) system is a peer-reviewed computer code, developed for the U.S. EPA, which calculates radiation doses following various release scenarios and initial contaminations. ECF No. 574-3 at 51.

Defendants take particular issue with pages 9 to 25 of Dr. Cheremisinoff's report, which address "reasonable practices" and contain an opinion on the applicable standard of care and Defendants' gross negligence. ECF No. 574-1 at 11-27. Defendants additionally question Dr. Clark's underlying methodology in extrapolating from historical radiation samples from various segments of the creek as not sufficiently tailored to the modeled recipients' location in relation to Coldwater Creek. Defendants assert that other portions of Dr. Clark's report inappropriately supplemented his prior report with maps and data unrelated to Coldwater Creek.

Plaintiffs argue in opposition that both supplemental reports analyze facets of the Coldwater Creek transport mechanism in a fashion consistent with the Court's Order. Plaintiffs argue that Dr. Cheremisinoff's standard of care opinions relate permissibly to: the Coldwater Creek transport mechanism; how the radiation got to Coldwater Creek; Defendants' lack of investigation into contamination from Coldwater Creek after flooding; and how further contamination through that mechanism could have been prevented. With respect to Dr. Clark's report, Plaintiffs argue that Defendants' assertion that the report lacked sufficient modeling or scenario estimation failed to consider the extensive GENII outputs Dr. Clark attached to his supplemental report. Plaintiffs further assert that Defendants mischaracterized Dr. Clark's report as containing findings regarding individual Plaintiffs when the report actually contained potential exposures and doses for areas or segments, not individuals. Plaintiffs emphasize that Dr. Clark's report, and the attached GENII outputs, closely conform to their request for leave to offer "a range of opinions relevant to exposure based on various scenarios. . . ." ECF. No. 534.

4

Plaintiffs further contend that neither report surprises or prejudices the Defendants, and so, even if outside a strict reading of the Order, both should alternatively be allowed as untimely, but otherwise acceptable, common-issues expert disclosures.

Defendants' reply reiterates the inappropriate nature of Dr. Cheremisinoff's standard of care opinions and Dr. Clark's reporting not directly related to Coldwater Creek. Defendants additionally argue that the alleged non-prejudicial nature of the supplemental reports should not justify Plaintiffs' disregard of the Court's Order.

## **DISCUSSION**

"When a party fails to provide information . . . in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citing Fed. R. Civ. P.37(c)(1); *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998)). The Court may strike non-complying or untimely information "as a self-executing sanction unless the party's failure to comply is substantially justified or harmless." *Id.* (citing Fed. R. Civ. P. 37(c)(1)). In determining the proper remedy, the Court will consider "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id.* (citing *Sellers v. Mineta*, 350 F.3d 706, 711-12 (8th Cir. 2003)). The Court also retains inherent authority to strike evidence or pleadings that are not in compliance with its orders. *See, e.g. United Food and Commercial Workers*

*Union, Local No. 655 v. St. John's Mercy Health Sys.*, No. 4:04CV480CDP, 2005 WL 2333922, at *6 (E.D. Mo. Sept. 22, 2005).

The Court is not convinced that Dr. Cheremisinoff's and Dr. Clark's supplemental reports violate the Court's Order granting Plaintiffs leave to supplement their expert disclosures out of time. In any event, under the circumstances of this case, where Defendants have not identified prejudice arising from the supplement, the Court declines to exercise any inherent authority or authority under the Federal Rules of Civil Procedure to strike Plaintiffs' supplemental expert reports. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' joint motion to strike Plaintiffs' supplemental expert reports on common issues is **DENIED**. ECF No. 574.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2017.