UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT D. MCCLURG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12-CV-00361-AGF |
| | ) | |
| MALLINCKRODT, INC., et al., | ) | Lead Case |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion (ECF No. 608) to supplement

three of their common-issues expert reports, in order to correct the experts' opinions as to

Defendant Cotter Corporation's releases of radiation.   Plaintiffs wish to alter the

calculations the experts performed because those calculations were imprecise, having been

based on mere assumptions about the dryer system used by Cotter to dry the radioactive

material at issue.   During Defendants' deposition of one of Plaintiffs' experts, Nicholas P.

Cheremisinoff, Ph.D., Cotter produced the actual specifications of the dryer system, which

Plaintiffs assert will allow their experts to offer precise calculations.[1]   For the reasons set

forth below, the Court will grant Plaintiffs' motion in part.

## BACKGROUND

Plaintiffs state that Dr. Cheremisinoff did not have access to the actual

specifications of the dryer system either at the time he disclosed his original expert report,

---

[1]    In an affidavit attached to Plaintiffs' motion, Dr. Cheremisinoff states that the
specifications "for each [piece of equipment] provide operating data, dimensions,
throughputs, and other relevant information that an engineer would rely on to perform
precise air emissions computations."   ECF No. 608-2 at 2.

in accordance with the Case Management Order ("CMO"), on January 20, 2017, or at the time of his first supplemental report on April 28, 2017.[2]   Dr. Cheremisinoff instead relied on "reasonable assumptions" regarding the specifications to perform his calculations regarding releases.   Two of Plaintiffs' other common-issues experts, air modeler Camille Sears, and toxicologist James Clark, Ph.D., relied on Dr. Cheremisinoff's calculations to perform their own calculations regarding radiation release and Plaintiffs' exposure thereto. Plaintiffs requested the actual specifications from Cotter in discovery, but Cotter did not produce the specifications until the deposition of Dr. Cheremisinoff.   Plaintiffs argue that Cotter was required to disclose the specifications earlier, in response to Plaintiffs' discovery requests.   Therefore, Plaintiffs also argue that Cotter should pay the "costs and fees associated with any re-deposition of Plaintiffs' experts."   ECF No. 608 at 7.

Dr. Cheremisinoff and Sears have already been deposed by Defendants, and Dr. Clark's deposition has been scheduled for July 25, 2017.   Dr. Cheremisinoff attests that "the source terms [for his calculations] can be reassembled within a few days to a week using the identical methodology applied to prepare the estimates published in [his original] Jan. 2017 report."   ECF No. 608-2 at 3.   Therefore, Plaintiffs state that Dr. Cheremisinoff will be able to issue a revised report in less than two weeks.   Plaintiffs do not indicate how long Sears and Dr. Clark will need to revise their reports, but at a July 10, 2017 status conference with the Court, Plaintiffs indicated that these experts, too, would rely on the

---

[2]    The Court permitted Plaintiffs' to supplement Dr. Cheremisinoff's report on April 28, 2017, to address an additional alleged radiation exposure pathway, Coldwater Creek.

same methodology they previously used but would simply substitute certain inputs in their respective calculations.

In opposition to Plaintiffs' motion, Cotter argues that it was not required to produce the specifications earlier because the specifications were obtained by its expert, and under the CMO, Cotter is not required to disclose its experts or the facts or data considered by its experts, until September 15, 2017.   Cotter argues that, until its expert is designated as a trial expert, any research the expert has conducted is and was protected work product.[3]

Although Cotter does not state the precise date on which it obtained copies of the specifications, Cotter contends that its expert did not obtain the specifications until after Dr. Cheremisinoff issued his original expert report on January 20, 2017.   Further, Cotter argues that Dr. Cheremisinoff knew the model number of the dryer used by Cotter before he issued his January 20th expert report, and that Dr. Cheremisinoff could have obtained the specifications on his own, by conducting internet research and contacting the manufacturer, as Cotter's expert did.

Defendant Mallinckrodt, Inc., also opposes Plaintiffs' motion.   Mallinckrodt argues that Plaintiffs have already supplemented Dr. Cheremisinoff's expert report once, and should not be able to do so again, in order to incorporate "publicly available" information about the dryer system that Plaintiffs' experts could have located on their own. Mallinckrodt also states that "[a]lthough Plaintiffs' motion represents that Plaintiffs only seek leave to amend the dryer emission source term calculations by Cheremisinoff (which

---

[3]     Plaintiff asserts that Cotter had not listed the specifications as being withheld on any privilege log produced to Plaintiffs.

will then also lead to amended reports by Sears and Clark), Mallinckrodt anticipates

Plaintiffs will change other admitted mistakes in Cheremisinoff's calculations that were

brought to light during deposition."   ECF No. 612 at 4.

Finally, both Defendants argue that allowing supplementation now would prejudice

Defendants because it would delay the litigation further and may require some adjustment

to Defendants' experts' reports, which are currently due on September 15, 2017.

## DISCUSSION

Under Federal Rule of Civil Procedure 26(a)(2)(B), an expert witnesses must

provide a written report containing, among other things, "a complete statement of all

opinions the witness will express and the basis and reasons for them."   Rule 26(a)(2)(D)

requires that such reports be disclosed "at the times and in the sequence that the court

orders."   Fed. R. Civ. P. 26(a)(2)(D).   This Rule "prevents experts from 'lying in wait' to

express new opinions at the last minute, thereby denying the opposing party the

opportunity to depose the expert on the new information or closely examine the expert's

new testimony."   *Minebea Co. v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005).

Rule 26(e)(1) provides that "[a] party who has made a disclosure under Rule 26(a) .

. . must supplement or correct its disclosure. . . in a timely manner if the party learns that in

some material respect the disclosure or response is incomplete or incorrect, and if the

additional or corrective information has not otherwise been made known to the other

parties during the discovery process or in writing."   Fed. R. Civ. P. 26(e)(1)(A).   For an

expert witness, "the party's duty to supplement extends both to information included in the

report and to information given during the expert's deposition," and "[a]ny additions or

changes to this information must be disclosed by the time the party's pretrial disclosures

under Rule 26(a)(3) are due."   Fed. R. Civ. P. 26(e)(2).

"The duty to supplement arises when the expert subsequently learns of information

that was previously unknown or unavailable, and the new information renders the earlier

report incomplete or inaccurate."   *Coene v. 3M Co*., 303 F.R.D. 32, 42 (W.D.N.Y. 2014)

(citations omitted); *see also Wilson v. Sundstrand Corp*., No. 99 C 6944, 2003 WL

22012673, at *7 (N.D. Ill. Aug. 25, 2003) (holding that a party need not first obtain leave of

court to supplement an expert report under Rule 26(e)(1); rather, that rule "imposes an

*obligation* to supplement an expert disclosure 'if the party learns that in some material

respect the information disclosed is incomplete or incorrect'").   However, a

supplementation under Rule 26(e) should not be used as an opportunity to disclose "new

opinions."   *See Coene*, 303 F.R.D. at 42 (citing cases).

In light of Plaintiffs' assertion that the newly-obtained specifications render the

previously disclosed expert reports incomplete or inaccurate, the Court believes that

Plaintiffs are entitled to correct the reports under Rule 26(e)(1).   Whether the

specifications were previously unavailable to Plaintiffs is a close question, in light of the

fact that Dr. Cheremisinoff had the correct model number and perhaps could have obtained

the specifications from the manufacturer on his own, as Cotter's expert ultimately did.

But it is likewise a close question whether Cotter should have produced the specifications

earlier, given that they were responsive to Plaintiffs' discovery requests.   *See, e.g.,*

*Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 255 F.R.D. 645, 652 (N.D. Iowa

2009) ("[T]he fact that a document is cited by a party's expert and is publicly available

does not excuse that party from timely production of the document, if it is the subject of an appropriate discovery request.").

In light of Plaintiffs' representations that the supplementation will not alter the experts' underlying methodology and can be accomplished within a few weeks,[4] as well as the fact that Defendants' expert reports have not yet been disclosed and no trial date or deadline for pretrial disclosures has been set, the Court believes that permitting a limited supplementation will best serve the purposes of Rule 26. *See, e.g., Broadband iTV, Inc. v. Hawaiian Telcom, Inc.*, No. CV 14-00169 ACK-RLP, 2015 WL 12792325, at *2–3 (D. Haw. Aug. 14, 2015) (finding that supplemental expert report was proper under Rule 26(e), where the supplement used the same "basic underlying methodology" for calculating royalties but altered the amount of those royalties based on documents produced by the opposing party after the original report was issued, notwithstanding the opposing party's claims that the documents were publicly available); *Coene*, 303 F.R.D. at 45 (refusing to impose the "harsh" remedy of excluding supplemental expert opinion disclosed well in advance of trial, notwithstanding a finding that the supplement was not truly a correction based on new information but was in fact a new opinion as to causation, issued after the depositions of both sides' experts, and requiring not only the re-deposition of plaintiffs' expert but also new analysis by defense experts); *Wilson*, 2003 WL 22012673, at *8 (denying motion to strike a supplemental expert report based on information received after disclosure of the original report, even though the supplementation "was done as a direct or

---

[4]    Although Plaintiffs have not advised the Court how long it will take Sears and Dr. Clark to supplement their expert reports, the Court will only grant Plaintiffs' motion to the extent all supplementation can be accomplished within three weeks.

indirect result" of matters pursued during the expert's deposition, where the opposing expert reports were not yet due).

Specifically, the Court will allow the three common-issues experts to supplement their expert reports, provided that the supplementation (1) is limited to correcting calculations by using the actual specifications of the dryer system; (2) will not alter the experts' underlying methodology; and (3) is accomplished within 21 days, with Dr. Cheremisinoff's supplementation to be disclosed within 14 days of the date of this Memorandum and Order, and Sears and Dr. Clark's supplementation to be disclosed within 7 days thereafter.   Plaintiffs shall also ensure that Dr. Cheremisinoff and Sears are reasonably available for re-deposition to the extent necessary to address the changes in these experts' calculations.   The Court will deny Plaintiffs' request to shift the costs and fees associated with the re-deposition of these experts to Defendants.[5]   Finally, the Court advises the parties to confer regarding any necessary amendment to the CMO, attempting in good faith to minimize delay.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for leave to supplement their common-issues expert reports is **GRANTED in part**, as set forth above.   ECF No. 608.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

---

[5]      Moreover, to the extent Defendants paid for the appearance of these experts in the original deposition, they will not be required to pay for any re-appearance of these experts.

Dated this 21st day of July, 2017.