UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT D. MCCLURG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12-CV-00361-AGF |
| | ) | |
| MALLINCKRODT, INC., et al., | ) | Lead Case |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' joint motion (ECF No. 599) to dismiss, as time-barred, the amended complaints filed on behalf of the following three decedents in these consolidated cases: Leon Anderson, William Donaldson, and William McHenry. The amended complaints were filed with leave of the Court on June 13, 2017, by the decedents' spouses, who were substituted as party plaintiffs on January 25, 2016. For the reasons set forth below, the Court will deny Defendants' motion.

## BACKGROUND

Before their deaths, the decedents named above each filed a "public liability action" under the Price-Anderson Act ("PAA") as amended, 42 U.S.C. §§ 2014, 2210, governing legal liability related to "nuclear incidents."[1] The decedents sought compensatory and punitive damages for bodily injury allegedly suffered as a result of exposure to radioactive substances mishandled by Defendants. After they filed suit, each died.

---

[1] The PAA provides that "the substantive rules for decision in [a public liability action] shall be derived from the law of the State in which the nuclear incident involved occurs, unless such law is inconsistent with the provisions of [other relevant sections of the PAA]." 42 U.S.C. § 2014(hh).

Donaldson filed suit on February 28, 2012, and died on April 16, 2013; McHenry and Anderson filed suit on January 10, 2014, and died on February 13, 2014, and March 21, 2014, respectively. On January 5, 2016, Plaintiffs' attorneys filed "Suggestions of Death" and moved to substitute the spouse of each decedent under Federal Rule of Civil Procedure 25.[2] The filings did not indicate the causes of death. Defendants did not oppose the motions for substitution, and the motions were granted as unopposed on January 25, 2016. ECF No. 333.

On April 24, 2017, Defendants filed a motion to dismiss the decedents' complaints, arguing for the first time that the spouses of Anderson, Donaldson, and McHenry were improper parties for substitution under Rule 25. Defendants argued that the spouses lacked standing to prosecute the decedents' claims because the spouses were not appointed by the state probate court to be personal representatives of the decedents' estates, as required by Missouri's survival statute, Mo. Rev. Stat. § 537.020, and the time to do so had passed under Missouri law.

In response, Plaintiffs did not dispute that the spouses were not appointed to be personal representatives of the decedents' estates, but Plaintiffs argued that Missouri's survival statute did not apply to the spouses' claims. Plaintiffs argued that because the decedents died as a result of the injuries alleged in their complaints—namely, cancer attributable to Defendants' conduct—the spouses' claims were wrongful death actions

---

[2] Case No. 4:12-cv-00361, ECF No. 328; No. 4:14-cv-00037, ECF Nos. 14 & 18.

rather than survival actions. And Plaintiffs asserted that the substituted spouses were the proper parties to recover for the wrongful death of the decedents under Missouri law.

In reply, Defendants noted that Plaintiffs never pleaded that the decedents died from the injuries alleged in their complaints, and it was too late to do so because Missouri's wrongful death statute's three-year limitations period, which governs Plaintiffs' PAA public liability actions alleging wrongful death (ECF No. 449),[3] had passed.

The Court agreed with Plaintiffs that, to the extent Anderson, Donaldson, and McHenry died from the injuries alleged in their complaints, their spouses were proper parties and did not need to be appointed as personal representatives of the decedents' estates in order to seek wrongful death damages.[4] But because Plaintiffs had not pleaded that the decedents died as a result of the injuries alleged in their complaints, the Court allowed Plaintiffs to file amended complaints on behalf of the decedents, to sufficiently plead causes of action under the PAA for injuries resulting in death, if appropriate. The Court declined to address Defendants' argument, raised in their reply brief, as to the timeliness of such claims. Instead, the Court denied Defendants' motions to dismiss

---

[3] As the Court previously held, with respect to PAA public liability actions arising out of nuclear incidents, federal courts apply the limitations period of the state-law cause of action most analogous to the federal claim—in this case, the statute of limitations applicable to Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080, which provides that wrongful death claims must be filed within three years after the date of death. *See* Mo. Rev. Stat. § 537.100; *Boland v. St. Luke's Health Sys., Inc.*, 471 S.W.3d 703, 710 (Mo. 2015), *as modified* (Oct. 27, 2015).

[4] Under Missouri's wrongful death statute include "such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued," Mo. Rev. Stat. § 537.090.

without prejudice to filing new motions to dismiss directed to any amended complaints filed by Plaintiffs.

The spouses of Anderson, Donaldson, and McHenry filed amended complaints on June 13, 2017. The amended complaints, like the original complaints, assert causes of action under the PAA and seek compensatory and punitive damages. However, the amended complaints add an allegation that each decedent's injuries, caused by exposure to radioactive substances mishandled by Defendants, resulted in death.

Defendants filed this motion to dismiss the amended complaints on June 27, 2017. Defendants argue that the amended complaints are untimely and must be dismissed as a matter of law because they were filed more than three years after the death of each decedent. According to Defendants, wrongful death is a distinct cause of action under Missouri law, created purely by statute, and a personal injury claim does not automatically convert to a wrongful death claim upon the death of the decedent.

In response, Plaintiffs argue that the amended complaints are timely because they relate back to the decedents' timely-filed original complaints. Plaintiffs argue that the claims in the amended complaints arose out of the same conduct, transactions, or occurrences set forth in the original complaints. Plaintiffs further argue that Defendants were aware, before the three-year statute of limitations expired, that the decedents died as a result of the injuries alleged in their complaints and that the decedents' spouses intended to prosecute claims to seek damages for wrongful death. Specifically, Plaintiffs argue that, in January 2015, they produced to Defendants each decedent's death certificate, which listed as the cause of death the type of cancer alleged in the decedent's complaint, and

4

revised questionnaires[5] completed by the spouse of each decedent that provided information about each spouse's wrongful death claim.   Further, Plaintiffs argue that Defendants will not have to engage in any new or different discovery as a result of the amendment.   Therefore, Plaintiffs argue that Defendants cannot show unfair prejudice.

In reply, Defendants argue that the amended complaints do not relate back to the decedents' original complaints because the spouses of the decedents are new parties asserting new causes of action, and they have not shown any justification for the delay in adding the allegations that the decedents died as a result of their injuries.   Defendants further argue that the death certificates and questionnaires produced in discovery were not sufficient to provide Defendants with notice that the decedents' spouses intended to pursue claims seeking damages for the decedents' wrongful deaths.   Finally, Defendants contend that allowing the untimely amendment to go forward here would unfairly prejudice Defendants by introducing uncertainty into this litigation and requiring Defendants to prepare for attempts by other Plaintiffs to add untimely wrongful death claims.

## **DISCUSSION**

Federal Rule of Civil Procedure 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."   Fed. R. Civ. P. 15(c)(1)(B).   "To arise out of the same conduct, transaction, or occurrence, the claims must be tied to a common

---

[5]   Under the Case Management Order, each Plaintiff is required to disclose to Defendants a completed questionnaire with basic information about his or her claim.

core of operative facts." *Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015) (citation omitted). The rule in Missouri is the same. *See* Mo. Sup. Ct. R. 55:33(c); *Plubell v. Merck & Co.,* 434 F.3d 1070, 1072 (8th Cir. 2006) ("Missouri Rule 55.33(c) 'is derived from Rule 15(c) of the Federal Rules of Civil Procedure.'") (quoting *Koerper & Co. v. Unitel Int'l, Inc.,* 739 S.W.2d 705, 706 (Mo. 1987)).[6]

Moreover, when the amendment adds a new plaintiff, it "relates back if 'the defendant knew or should have known that it would be called on to defend against claims asserted by the newly-added plaintiff,' unless 'the defendant would be unfairly prejudiced in maintaining a defense against the newly-added plaintiff.'" *Plubell,* 434 F.3d at 1072 (citation omitted) (noting that the test would be the same under Missouri law).

**Same Operative Facts**

As Defendants correctly note, the Missouri Supreme Court has repeatedly held that the Missouri wrongful death statute, Mo. Rev. Stat. § 537.080, "creates a *new cause of action* where none existed at common law and did not revive a cause of action belonging to the deceased," *Lawrence v. Beverly Manor*, 273 S.W.3d 525, 527 (Mo. 2009) (citation

---

[6] The parties have not addressed whether federal or state law governs the question of whether the amended complaints at issue relate back, but they have generally cited to federal law in their briefs. The Eighth Circuit has held that "[a]lthough we generally apply federal law on 'procedural' matters like amendability," where state law governs the substantive issues, "we defer to state law as to considerations that form 'an integral part of the state statute of limitations,' at least 'in the absence of a federal rule directly on point.'" *See Capers v. Nat'l R.R. Passenger Corp.*, 673 F. App'x 591, 594 (8th Cir. 2016) (internal citations omitted). In any event, as discussed above, federal and state law do not conflict as to the issue of relation-back here.

omitted). But this general pronouncement has not been applied to preclude relation-back of the type sought here, and is therefore not dispositive of the issue before the Court.[7]

Moreover, unlike the Missouri cases cited by Defendants, the cause of action here was, and still is, a PAA public liability action for damages resulting from a nuclear incident. The cause of action has not changed. But because the PAA incorporates the state's substantive rules for decision, including, as this Court has previously held, the three-year statute of limitations for wrongful death claims, the question is whether an amendment adding an allegation that the decedent died as a result of his injuries, more than three years after that death, relates back to the decedent's original complaint seeking damages for those injuries.

The parties have not cited, and the Court has not found, any Missouri or Eighth Circuit caselaw addressing this question. And the courts in other jurisdictions that have addressed the question are split. *Compare, e.g., Murray v. Manville Corp. Asbestos Comp. Fund*, No. 87 C 5545, 1990 WL 156625, at *1-3 (N.D. Ill. Oct. 5, 1990) (holding that an amendment adding a claim under the Illinois wrongful death statute for death due to asbestos exposure did not relate back to the decedent's original complaint alleging injury

---

[7] In *Lawrence*, the Missouri Supreme Court held that because a wrongful death claim was a new cause of action, it was not subject to an arbitration agreement signed by the decedent. The court recognized that it had previously held that the "'[wrongful death] cause of action is derivative of the underlying tortious acts that caused the fatal injury,' and that therefore, the wrongful death suit did not constitute a new cause of action." *Id.* (citing *State ex rel. Burns v. Whittington*, 219 S.W.3d 224 (Mo. 2007) (holding, in the context of interpreting a state venue statute, that an amended petition alleging wrongful death as a result of benzene exposure was "based upon the same operative facts" as the decedent's original petition alleging injury based on benzene exposure). But the *Lawrence* court held that "different issues necessitate different analyses." *Id*

due to the same exposure because allowing relation-back would violate the Rules Enabling Act by allowing the wrongful death plaintiff to bypass the timeliness requirement of the state law, and because a wrongful death claim was a distinct cause of action), *with Lewin v. Am. Exp. Lines, Inc.*, 224 F.R.D. 389, 396-98 (N.D. Ohio 2004) (holding that under Rule 15(c)(2), an amended complaint adding a claim for wrongful death due to maritime asbestos exposure under the Jones Act related back to the original complaint filed by the decedent under the same Act, for personal injury due to the same exposure), *and Sompolski v. Miller*, 608 N.E.2d 54, 58 (Ill. App. Ct. 1992) (declining to follow *Murray* and holding that, under Illinois law, an amended complaint by the decedent's daughter for wrongful death due to an automobile accident related back to the decedent's personal injury claim based on same accident).

Although it is a close question, the Court finds that the amended complaints here arise out of the same operative facts as the original complaints. The Missouri courts have described the intent of the state relation-back rule, which is "derived from Rule 15(c)," as follows: The Rule "re-emphasizes and assists in attaining the objective of the rules on pleadings: that pleadings are not an end in themselves, but are only a means to the proper presentation of a case; that at all times they are to assist, not deter, the disposition of litigation on the merits." *Thompson v. Brown & Williamson Tobacco Corp.*, 207 S.W.3d 76, 116 (Mo. Ct. App. 2006) (citing *Koerper & Co., Inc. v. Unitel Int'l., Inc.,* 739 S.W.2d 705, 706 (Mo. 1987)). Thus, the rule is to be "liberally applied," with the understanding "that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford." *Id.* Allowing

8

the amendments to relate back here serves this purpose. And as discussed in more detail below, Defendants will suffer no unfair surprise, as both the original and amended complaints relate to their alleged mishandling of radioactive substances, and the evidence needed to defend against both complaints is largely the same.

**Notice and No Unfair Prejudice**

There is no dispute that the spouses of Anderson, Donaldson, and McHenry are proper parties to pursue PAA public liability actions alleging the wrongful death of the decedents as a result of their injuries. But as discussed above, because the spouses were not parties to the original complaints, their amendments will relate back only if Defendants had notice that they would be called on to defend against the spouses' claims and if Defendants would not be unfairly prejudiced in maintaining such a defense.

Here, in addition to producing to Defendants death certificates indicating the causes of death of the decedents, and questionnaires providing information regarding their wrongful death claims, the spouses of Anderson, Donaldson, and McHenry filed motions to be substituted as party plaintiffs in January 2016, less than three years after the death of each decedent, without any objection by Defendants. These documents, together, put Defendants on notice, before the wrongful death statute of limitations expired, that they would be called on to defend against claims asserted by the spouses.

For whatever reason, the spouses did not amend their complaints at the time they were substituted as plaintiffs, in order to add an allegation that each decedent died as a result of the injuries alleged. But rather than raising the issue at the time, Defendants waited until after the statute of limitations ran.

9

Based on these particular facts, not present in any case cited by the parties, as well as the fact that the scope of discovery is substantially the same, the Court cannot say that Defendants have been unfairly prejudiced by the amendments. *Cf. McConnell v. Commercial Carriers, Inc.*, No. 403CV253RWS, 2009 WL 3247304, at *1, *5 n.3 (E.D. Mo. Oct. 5, 2009) (denying a motion to amend a personal injury complaint alleging injuries due to a fall from a trailer, to add an untimely wrongful death claim alleging that the decedent's heart disease was causally connected to the fall suffered years before, because the defendants would be unfairly prejudiced, not having conducted discovery related to the decedent's heart disease, and the amended complaint was futile; but noting that if leave to amend were granted, it "would cure any potential statute of limitations issues because Rule 15(c) permits an amendment to relate back to the date of the original pleading").

However, the Court's holding is limited to these unique circumstances. Going forward, the Court will not look favorably on delays by Plaintiffs in pursuing leave to add wrongful death allegations, and any such motions not promptly filed will be denied.

## **CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion to Dismiss Plaintiffs Anderson, McHenry, and Donaldson Amended Complaint is **DENIED**. ECF No. 599.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file this Order in the lead case as well as Case No. 4:14-cv-00037.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

10

Dated this 8th day of August, 2017.