

**Department of Energy**
Washington, DC 20585

March 7, 2018

The Honorable Audrey G. Fleissig
United States District Judge
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 12.182
St. Louis, MO 63102

RE:   Order in *McClurg, et al. v. Mallinckrodt, Inc., et al.*, Case 4:12-cv-00361-AGF,
      ECF No. 690 (Feb. 22, 2018)

Dear Judge Fleissig:

The U.S. Department of Energy ("DOE") has learned of this Court's Memorandum and Order issued on February 22, 2018, in the matter of *McClurg, et al. v. Mallinckrodt, et al.*, Case 4:12-cv-00361-AGF, ECF No. 690, in which the Court ordered the parties to this litigation to attend a mediation conference with the Court-appointed Mediator, Randi Ellis. DOE also is aware that the Court further ordered "a representative of the United States Department of Energy with appropriate settlement authority" to attend the mediation conference. It is DOE's understanding that this mediation conference is scheduled for March 8, 2018. Although DOE acknowledges and respects the Court's interest in facilitating a possible settled resolution of the litigation, it is not consistent with DOE's usual practice for addressing potential indemnification by DOE to participate directly in settlement discussions between the parties in the underlying tort litigation. Moreover, as addressed in more detail below, it is DOE's position that this Court does not have jurisdiction over DOE to compel its participation in the parties' mediation conference. Therefore, I write to inform you that DOE respectfully states that it does not intend to participate in the parties' mediation conference. DOE has conferred with the United States Attorney's Office for the Eastern District of Missouri, and is addressing this letter directly to Your Honor and counsel on the attached service list at the direction of that office.

Where DOE has indemnification obligations to a contractor, it takes such obligations seriously. Indemnification, however, is primarily an issue of contract between DOE and a contractor. Such contractual issues are separate and distinct from claims of liability by private parties (who do not have privity of contract with the Government) against a DOE contractor. When raised, DOE addresses contractual indemnification claims in an appropriate manner and in the appropriate fora. For various reasons that are beyond the scope of this letter, DOE's usual practice is to decline to participate directly in discussions between private parties and a DOE contractor regarding the possible settlement of tort claims, even though such a settlement ultimately may result in some obligation on DOE to indemnify its contractor. Accordingly, DOE does not believe that its direct participation in the March 8, 2018, mediation conference with the parties to this litigation is appropriate.

With respect to jurisdiction, as an initial matter, DOE has not been served as a defendant in this litigation, nor even was DOE served with the Court's February 22, 2018, Memorandum and Order. *See* Fed. R. Civ. P. 4(i), 4.1(a). This is one reason jurisdiction over DOE does not exist.

The Honorable Audrey G. Fleissig
March 7, 2018
Page 2

*See, e.g.*, *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996) (holding district court lacks jurisdiction where defendant is not properly served, regardless of whether the defendant has notice of the lawsuit). Even if an attempt had been made to join DOE as a defendant in this matter, it is DOE's position that jurisdiction could not be established. "Sovereign immunity shields the United States and its agencies from suit absent a waiver." *Compart's Boar Store, Inc. v. United States*, 829 F.3d 600, 604 (8th Cir. 2016). The litigation at issue consists of tort claims for personal injury. Although the United States has provided a limited waiver of sovereign immunity with respect to tort claims through the Federal Tort Claims Act, a prerequisite to such waiver of immunity is the exhaustion of administrative remedies, which has not occurred in this litigation. *See* 28 U.S.C. § 2675; *McNeil v. United States*, 508 U.S. 106, 113 (1993). In its order, the Court characterized DOE as "a possible indemnitor in this case." ECF No. 690 at 2. But to the extent DOE has any indemnification liability in connection with the claims in this litigation—which DOE does not concede—any such liability, as noted above, would be as a result of a contractual relationship with a party to this litigation. And jurisdiction over contractual claims against the United States over $10,000 lies exclusively with the U.S. Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1); *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). Moreover, DOE is not aware of any other basis that provides this Court jurisdiction to compel DOE, a non-party, to participate in mediation. *Cf. In re Genetically Modified Rice Litig.*, 764 F.3d 864, 873–74 (8th Cir. 2014) (holding district court did not have power to order entities that were not parties); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute.") (internal quotations omitted).

The foregoing reasons are not intended to be an exhaustive recitation of the reasons DOE believes that this Court lacks jurisdiction to order DOE to participate in mediation with the parties, and DOE does not waive any right it has to pursue relief from such an order. *See, e.g.*, *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) ("Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy."). It is DOE's belief, however, that the contents of this letter provide sufficient justification for the Court to relieve DOE of any obligation to participate in the parties' mediation session. If, notwithstanding this letter, the Court requires DOE to fully brief this issue, DOE respectfully requests a reasonable extension of time by which to file an appropriate motion.

Respectfully submitted,

Eric J. Fygi
Deputy General Counsel
United States Department of Energy

cc: Attached service list

## Service List
(All service by electronic mail)

Marc J. Bern, Esq.
Marc J. Bern & Partners LLP
60 East 42nd Street
Suite 950
New York, NY 10165
800-529-5432
mbern@bernllp.com

Kenneth J. Brennan, Esq.
TorHoerman Law LLC
210 S Main Street
Edwardsville, IL 62025
618-223-5657
618-656-4401 (fax)
kbrennan@thlawyer.com

Christopher W. Byron, Esq.
Byron Carlson Petri & Kalb, LLC
411 St. Louis Street
Edwardsville, IL 62025
618-307-4054
618-655-4004 (fax)
cwb@byroncarlson.com

Eric J. Carlson, Esq.
Byron, Carlson, Petri & Kalb, LLC
411 St. Louis Street
Edwardsville, IL 62025
618-307-4054
618-655-4004 (fax)
ejc@byroncarlson.com

Steven D. Davis, Esq.
TorHoerman Law LLC
210 S Main Street
Edwardsville, IL 62025
618-223-5657
618-656-4401 (fax)
sdavis@thlawyer.com

Robert Gitelman, Esq.
Napoli Shkolnik PLLC
400 Broadhollow Road
Suite 305
Melville, NY 11747
212-397-1000
rgitelman@napolilaw.com

Kevin B. McKie, Esq.
Environmental Litigation Group, P.C.
2160 Highland Ave,
Birmingham, AL 35205
205-328-9200
kmckie@elglaw.com

Eric Michael Terry, Esq.
TorHoerman Law LLC
210 S Main Street
Edwardsville, IL 62025
618-223-5657
618-656-4401 (fax)
eterry@torhoermanlaw.com

Gregory A. Cade, Esq.
Environmental Litigation Group, P.C.
2160 Highland Ave,
Birmingham, AL 35205
205-328-9200
gregc@elglaw.com

Gary K. Burger, Jr., Esq.
Burger Law, LLC
500 N Broadway
Suite 1860
St. Louis, MO 63102
314-207-9103
gary@burgerlaw.com

Chad Alan Finley, Esq.
TorHoerman Law LLC
210 S Main Street
Edwardsville, IL 62025
618-223-5657
618-656-4401 (fax)
cfinley@thlawyer.com

Tyler J. Schneider, Esq.
TorHoerman Law LLC
210 S Main Street
Edwardsville, IL 62025
618-223-5657
618-656-4401 (fax)
tyler@thlawyer.com

Erin Lynn Brooks, Esq.
Bryan Cave LLP
211 North Broadway
Suite 3600
St. Louis, MO 63102
314-259-2393
314-552-8393 (fax)
erin.brooks@bryancave.com

Su Jin Kim, Esq.
Morgan, Lewis & Bockius LLP
1701 Market St.
Philadelphia, PA 19103
215-963-1738
215-963-5001 (fax)
su.kim@morganlewis.com

Clayton Alan Morton, Esq.
Morgan, Lewis & Bockius LLP
1000 Louisiana Street
Suite 4000
Houston, TX 77002
713-890-5117
713-890-5001 (fax)
clayton.morton@morganlewis.com

Paul J. Napoli, Esq.
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
212-397-1000
Pnapoli@napolilaw.com

Troy E. Walton, Esq.
Walton Telken Foster, LLC
241 N. Main Street
Edwardsville, IL 62025
618-272-2284
618-307-9881 (fax)
twalton@waltontelken.com

Dale A. Guariglia, Esq.
Bryan Cave LLP
211 North Broadway
Suite 3600
St. Louis, MO 63102
314-259-2606
314-552-8606 (fax)
daguariglia@bryancave.com

John McGahren, Esq.
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540
609-919-6641
609-919-6701 (fax)
jmcgahren@morganlewis.com

Alex S. Polonsky, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
202-739-5830
202-739-3001 (fax)
apolonsky@morganlewis.com

Sean J. Radomski, Esq.
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ  08540
609-919-6703
609-919-6701 (fax)
sean.radomski@morganlewis.com

Jerry K. Ronecker, Esq.
Husch Blackwell LLP
190 Carondelet Plaza
Suite 600
St. Louis, MO 63105
314-480-1831
314-480-1505 (fax)
jerry.ronecker@huschblackwell.com

Anthony Rey Martinez, Esq.
Shook, Hardy & Bacon L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
816-559-2683
816-421-5547 (fax)
amartinez@shb.com

Micah Shaw Summers, Esq.
Walton Telken Foster, LLC
241 N. Main Street
Edwardsville, IL 62025
618-272-2284
618-307-9881 (fax)
msummers@waltontelken.com

Erica A. Ramsey, Esq.
3908 S. Lewis
Sioux Falls, SD 57103
605-870-0561
ERICA.S.RAMSEY@GMAIL.COM

David R. Erickson, Esq.
Shook, Hardy & Bacon L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
816-559-2487
816-421-5547 (fax)
derickson@shb.com

Steven D. Soden, Esq.
Shook, Hardy & Bacon L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
816-559-2146
816-421-5547 (fax)
ssoden@shb.com

Randi S. Ellis, Esq.
Mediator
225-803-1413
Randi@RandiEllis.com