UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT D. MCCLURG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12-CV-00361-AGF |
| | ) | |
| MALLINCKRODT, LLC, et al., | ) | Lead Case |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion (ECF No. 711) to compel and for sanctions against Defendant Mallinckrodt LLC. For the reasons set forth below, the motion will be granted in part and denied in part.

## BACKGROUND

The current discovery dispute arises out of Plaintiffs' allegation that Mallinckrodt improperly delayed production of, or still has not produced, certain discovery related to Mallinckrodt's expert witnesses. Plaintiffs filed the instant motion on May 28, 2018, and have canceled the previously scheduled depositions of Mallinckrodt's experts (scheduled for the end of May and early June, 2018) pending resolution of Plaintiffs' motion.[1]

The first category of documents at issue in Plaintiffs' motion is a set of documents obtained from a federal government database known as the Site Research Database,

---

[1] The deadline for Plaintiffs to complete depositions of Mallinckrodt's experts is currently August 13, 2018. On May 11, 2018, before the current motion was filed, the Court held a status conference in this case, reminded the parties of the deposition deadline, and advised the parties to promptly bring any issues with the expert discovery or depositions to the Court's attention in order to avoid delaying the deadline.

which contains historical documents and information ("SRDB Documents").  Plaintiffs argue that Mallinckrodt's retained expert, Dr. John E. Till of Risk Assessment Corporation ("RAC"), considered "almost 400" SRDB Documents and that not all of these documents were produced to Plaintiffs as of the date of Plaintiffs' motion, May 28, 2018.  Plaintiffs seek a prompt production of these documents.

Plaintiffs further contend that Mallinckrodt has been in possession of the SRDB documents since at least October 2016, and that Mallinckrodt should have produced such documents even before disclosing its expert, in connection with a timely supplementation to its Rule 26(a) initial disclosures or in response to Plaintiffs' discovery requests for such information.  Plaintiffs argue that Mallinckrodt's failure to do so violates the Court's prior orders, including its March 8, 2016 Order (ECF No. 347), in which the Court denied Plaintiffs' request for a production of documents that Defendants' attorneys collected from the State Historical Society of Missouri and from Freedom of Information Act ("FOIA") requests.  In that Order, the Court held that Plaintiffs' request for a wholesale production of the documents compiled by the defense attorneys risked exposing the attorneys' mental impressions and thought processes protected under the work product doctrine.  But the Court reminded Defendants that they were still obligated to timely supplement their Rule 26(a) disclosures to the extent such documents fell within the scope of Rule 26(a)(1)(A)(ii).  Plaintiffs also point to statements by the Court during a September 2017 status conference (ECF No. 642), directing the parties to timely supplement their Rule 26(a) disclosures and responses to discovery requests, and

although the Court could not give the parties a "bright line definition" of when supplementation must be made, directing the parties to proceed in good faith.

Plaintiffs argue that they have attempted, unsuccessfully, to obtain the SRDB Documents through their own FOIA requests and other means, and that they believe that "Mallinckrodt may have had preferential access to these documents." ECF No. 711 at 11. Plaintiffs contend that, had Mallinckrodt produced the SRDB Documents when Mallinckrodt first came into possession of them, Plaintiffs' experts could have used the documents in connection with their own reports. Thus, Plaintiffs seek sanctions against Mallinckrodt for failure to timely produce the SRDB Documents.

The second category of documents at issue is the notes, memoranda, and presentations that Mallinckrodt's testifying experts prepared, or that other non-attorney staff prepared that were considered by Mallinckrodt's testifying experts, as well as communications between the testifying experts and non-attorney staff or consultants . Although Plaintiffs acknowledge that draft reports of testifying experts and attorney-expert communications are protected from disclosure under Rule 26, they argue that the above materials do not constitute either. Therefore, Plaintiffs request an order compelling Mallinckrodt to produce all documents its testifying experts considered or created, other than draft reports and attorney-expert communications.

In response, Mallinckrodt argues that it has produced all SRDB Documents that its expert considered, which were all listed in an appendix ("Appendix H") to Mallinckrodt's expert report. The expert report, including Appendix H, was produced to Plaintiffs on April 27, 2018. Mallinckrodt concedes that, on May 29, 2018 (the day after Plaintiffs

filed the current motion), after reviewing Plaintiffs' motion, Mallinckrodt "discovered that some documents on Appendix H were inadvertently not transmitted." ECF No. 712 at 6 n.2. Mallinckrodt states that it transmitted those documents to Plaintiffs on May 30, 2018, along with an index "so plaintiffs could easily determine what was being produced." *Id.* Mallinckrodt argues that Plaintiffs failed to adequately meet and confer regarding any issue with respect to the SRDB Documents, and had they done so, Mallinckrodt would have produced the missing documents earlier. Mallinckrodt also maintains that Plaintiffs knew about any issue with the SRDB Documents on April 27, 2018 (when the expert report and appendix were produced to Plaintiffs) and that Plaintiffs should have raised such issue at the May 11, 2018 status conference before the Court, in which case the issue could have been promptly resolved and the expert depositions could have proceeded as scheduled.

Next, Mallinckrodt disputes the notion that it was required to produce the SRDB Documents prior to its expert disclosures or that its conduct warrants sanctions. Rather, Mallinckrodt argues that, in accordance with the Federal Rules of Civil Procedure and the Court's Orders described above, it produced the documents when its experts considered or relied upon the documents. Mallinckrodt argues that neither it nor its experts had any special access to the SRDB Documents, and, instead, its counsel obtained these documents through "exhaustive research and thorough searches of National Archives or through Freedom FOIA requests," just as Plaintiffs have tried to do. ECF NO. 712 at 11. Indeed, Mallinckrodt contends that Plaintiffs, too, obtained historical documents through FOIA requests and did not immediately produce such documents but did so only in

4

connection with their expert disclosures or, in some cases, after their experts had been deposed. Mallinckrodt argues that six of the eight SRDB Documents that Plaintiffs cited in their motion as examples of documents that Mallinckrodt should have produced earlier were documents that Plaintiffs' own experts listed in annexes to their expert reports as materials they relied upon.

Regarding the second category of documents, Mallinckrodt argues that Plaintiffs are not entitled to the experts' notes, memoranda, presentations, and internal communications because such information is protected under the work product doctrine. Mallinckrodt further argues that Plaintiffs' experts did not produce all of the notes and other materials of the type that Plaintiffs now seek from Mallinckrodt.

## **DISCUSSION**

Rule 26(a) sets out the requirements for parties' mandatory disclosures, including initial disclosures, expert disclosures, and other pretrial disclosures. The Rule requires that parties disclose, as part of their initial disclosures, all documents in their possession, custody, or control that they may use to support their claims or defenses, and that parties supplement these initial disclosures as well as responses to discovery requests "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(a)(1)(A)(ii), 26(e).

As for expert witnesses, Rule 26(a) provides that parties must reveal the identity of expert witnesses as part of their mandatory disclosures, and retained experts are required

to submit reports which must include "the facts or data considered by" the experts in forming their opinions. Fed. R. Civ. P. 26(a)(2)(A)-(B).

**SRDB Documents and Request for Sanctions**

In light of Mallinckrodt's representation that it has now produced the SRDB Documents considered by its expert, the Court will deny Plaintiffs' motion to compel production of these documents. Although Mallinckrodt admittedly produced some of the SRDB Documents after Plaintiffs filed the current motion, upon review of parties' briefs and exhibits thereto, the Court is persuaded that this issue could have been resolved earlier if Plaintiffs adequately met and conferred on the issue.[2] Moreover, it appears that Plaintiffs were perhaps in a position to raise this issue at the last status conference. Had they done so, the issue could have been addressed earlier, and the depositions could perhaps have proceeded as scheduled.

The Court will also deny Plaintiffs' motion for sanctions. The Court concludes that, pursuant to the Federal Rules of Civil Procedure and the Court's prior Orders discussed above, Mallinckrodt was not required to produce the SRDB Documents until Mallinckrodt determined that it may use the documents to support its defenses, in connection with a supplementation of its initial disclosures and discovery responses under Rule 26(e); or until the documents were considered by Mallinckrodt's expert, in connection with Mallinckrodt's expert disclosures under Rule 26(a)(2)(B). Mallinckrodt complied with the latter. With regard to the former, as the Court has previously noted,

---

[2] Plaintiffs' failure to adequately describe their meet-and-confer efforts on this issue in their motion also supports denial of this part of Plaintiffs' motion.

there is no bright-line test for how quickly a supplementation under Rule 26(e) must be made.  In any event, the Court is not convinced that Mallinckrodt proceeded in bad faith here, particularly where Plaintiffs have not shown that Mallinckrodt had any more access than Plaintiffs did to the historical documents.  Indeed, Plaintiffs do not dispute that eight of the 10 SRDB Documents listed in their motion as examples of untimely-produced documents were already in Plaintiffs' possession, having been considered by their own experts, and that Plaintiffs did not produce the documents they obtained from their own FOIA requests until their expert disclosure deadline.  Under these circumstances, sanctions are not warranted.

**Notes, Memoranda, Presentations, and Communications With Non-Attorneys**

As discussed above, Rule 26(a) broadly requires disclosure of "the facts or data considered by" retained experts in forming their opinions. Fed. R. Civ. P. 26(a)(2)(B). However, Rule 26(b) limits the scope of this discovery to some extent.  Specifically, Rule 26(b)(4) protects from discovery (1) "drafts of any [expert] report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded," and  (2) "communications between the party's attorney and any [expert who must provide a report], regardless of the form of the communications, except to the extent that the communications" (i) relate to compensation; (ii) "identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed."  Fed. R. Civ. P. 26(b)(4)(B)-(C).

7

The language quoted above reflects a 2010 amendment to the Rule 26. Prior to the amendment, "courts generally required the disclosure of all documents given to testifying experts, including attorney work product." *In re Nat'l Hockey League Players' Concussion Injury Litig.*, No. MDL142551SRNJSM, 2017 WL 684444, at *1 (D. Minn. Feb. 21, 2017). "[T]he driving purpose of the 2010 amendments was to protect opinion work product—i.e., attorney mental impressions, conclusions, opinions, or legal theories—from discovery." *Republic of Ecuador v. Mackay*, 742 F.3d 860, 870 (9th Cir. 2014). Thus, "[t]he protections for draft reports and attorney-expert communications were targeted at the areas most vulnerable to the disclosure of opinion work product. . . . But there is no indication that the Committee was attempting to do so at the expense of an adversary's ability to understand and respond to a testifying expert's analysis." *Id. see also Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1194-95 (11th Cir. 2013).

> As the advisory committee's note to 2010 amendment explains,
>
> Rule 26(b)(4)'s protections for draft reports and attorney-expert communications "do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions." Indeed, the scope of permissible "disclosure and discovery otherwise allowed" remains "broad." For example, the rule allows for discovery of: (a) the testing of material involved in litigation and notes concerning any such testing; (b) alternative analyses, testing methods, or approaches; and (c) "communications the expert had with anyone other than the party's counsel about the opinions expressed. However, discussions with counsel about the "potential relevance of facts or data" and more general discussions "about hypotheticals, or exploring possibilities based on hypothetical facts" are protected.

*Mackay*, 742 F.3d at 870 (quoting Fed. R. Civ. P. 26(b) advisory committee's note to 2010 amendment); *see also Wenk v. O'Reilly*, No. 2:12-CV-474, 2014 WL 1121920, at

8

*2 (S.D. Ohio Mar. 20, 2014) ("[Rule](b)(4)(C) . . . is designed to protect counsel's work product and ensure that lawyers may interact with retained experts without fear of exposing those communications to searching discovery but should not be interpreted to impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions.").

There is little published authority on what constitutes a protected draft expert report or attorney-expert communication, but in light of the principles described above, the cases to consider the issue have generally held that a "testifying expert's notes and communications with non-attorneys" are not protected. *Hinchee*, 741 F.3d at 92; *see also Wenk*, 2014 WL 1121920, at *6 ("While an expert may legitimately believe that every thought which occurs to him or her from the beginning of the assignment onward is a nascent report or portion of one, if the law makes all of these materials drafts, a substantial portion of the expert's actual thought process will be shrouded in secrecy[.]").

Thus, in general, "emails, memoranda, notes, outlines[, and] agendas are not draft reports entitled to protection from discovery." *In re Republic of Ecuador*, No. 1:12-MC-00008 GSA, 2012 WL 487158, at *3 (E.D. Cal. Feb. 14, 2012), *aff'd sub nom. Republic of Ecuador v. Mackay*, 742 F.3d 860 (9th Cir. 2014). Likewise, a testifying expert's or his staff's communications with "individuals who [are] neither attorneys nor members of an attorney's staff," are not attorney-expert communications protected from discovery. *Hinchee*, 741 F.3d at 1188. There is no basis to withhold these materials; rather, Rule 26(a) requires their production. *Id.* at 1195.

9

On the other hand, where there is evidence that the documents in question "were in fact created for use in [a testifying expert's] final report," and were "actually included in early versions of the report" though not fully incorporated into the final report, as in a case cited by Mallinckrodt, *Deangelis v. Corzine*, No. 1:11-CV-07866-VM-JCF, 2016 WL 93862, at *3-4 (S.D.N.Y. Jan. 7, 2016), the documents may be protected from disclosure as a draft expert report. *See Deangelis*, 2016 WL 93862, at *4-5 (relying on "strong evidence" that the documents were "prepared not simply to aid [the testifying expert] in drafting his report, but rather to form part of the report itself," including the expert's deposition testimony that he anticipated the documents would form a part of the report, and the fact that the underlying information was actually inserted in a draft report). Relevant factors to distinguish unprotected preparatory material from protected draft reports, include how significant the material appears to be in the context of the final opinions, how well-formulated the material is, how much time elapsed between the creation of the material and the drafting of the report, and whether the material actually appears in any subsequent draft report. *Wenk*, 2014 WL 1121920, at *7.

There is no evidence here that the notes, memoranda, presentations, and communications with non-attorneys sought by Plaintiffs constitute protected draft reports or attorney-expert communications. Thus, Mallinckrodt must promptly produce the documents. However, Mallinckrodt may redact any attorney opinion work product, subject to providing an appropriate privilege log.

To the extent that Mallinckrodt continues to object to production of a particular document on the basis that it is truly a draft expert report under Rule 26(b)(4)(B),

10

Mallinckrodt must produce the document to the Court for *in camera* review, along with a copy of any relevant draft and/or final expert report and any evidence or argument that the document is protected in light the principles described above.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to compel and for sanctions against Defendant Mallinckrodt LLC is **GRANTED in part and DENIED in part**, as set forth above. ECF No. 711. Mallinckrodt LLC shall produce the documents described above no later than **14 days** from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that, to the extent that Defendant Mallinckrodt LLC continues to object to the production of any particular document on the basis that it is a draft expert report, this Defendant must, no later than **14 days** from the date of this Memorandum and Order, produce the document to the Court for *in camera* review, along with a copy of any relevant draft and/or final expert report and any evidence or legal argument that the document is protected in light the principles described above.

**IT IS FURTHER ORDERED** that the deadline for Plaintiffs to complete the depositions of Defendant Mallinckrodt LLC's experts is hereby extended until the later of **21 days** after the date of production of the documents described above, or **21 days** after the Court's ruling on any continued objection that a document constitutes a draft expert report.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of June, 2018.