# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| SCOTT D. MCCLURG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Pertaining to Cases Consolidated for |
| vs. | ) | Discovery and Pretrial Proceedings under |
| | ) | |
| MALLINCKRODT, INC., et al., | ) | Lead Case No.  4:12CV00361 AGF |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CASE MANAGEMENT ORDER NO. 14 FOR FUTURE CONSOLIDATED CASES FILED AGAINST COTTER CORPORATION (N.S.L.) AND/OR MALLINCKRODT LLC

The Court is vested with substantial discretion to manage discovery and set deadlines that will help secure "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  Federal Rule of Civil Procedure 16 authorizes district courts broad discretion to manage discovery and to control the course of litigation. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000); *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011).  This includes the authority to adopt "special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems."  Fed. R. Civ. P. 16(c)(2)(L).  When a district court takes "early and continuing control" over litigation under Rule 16, it discourages "wasteful pretrial activities."  *Sec. Nat'l Bank of Sioux City, IA v. Day*, 800 F.3d 936, 943 (8th Cir. 2015)(quoting Fed. R. Civ. P. 16(a)(2)-(3)).

The Court finds that this mass tort litigation, which has proceeded for six years and involved voluminous discovery and extensive motions, is a protracted action involving complex

issues that require early control, and it is within the Court's discretion to take steps to manage such complex and potentially burdensome discovery.  *See Acuna*, 200 F.3d at 340.  Further, while the Court has made no determination about whether Plaintiffs whose claims have been consolidated herein can meet their burden of establishing general and specific causation in these consolidated cases, at this point in the litigation the Court believes that proof of causation will be a difficult burden for the Plaintiffs to meet.  Accordingly, the Court finds it necessary and appropriate to require future Plaintiffs to make a threshold showing on key elements of their claims at the outset of the litigation before proceeding with more detailed and expansive discovery.

Consistent with the Court's inherent authority to manage judicial proceedings, the wide discretion afforded district courts to manage discovery under the Federal Rules of Civil Procedure, and in light of the respective Master Settlement Agreements entered into by counsel for Cotter Corporation and Mallinckrodt LLC Defendants and Plaintiffs after six years of litigation, the Court finds it appropriate at this time to exercise its discretion to enter this Case Management Order ("CMO") in order to efficiently manage any cases against Cotter and/or Mallinckrodt and future Plaintiffs who have not heretofore been parties to this consolidated litigation.  This CMO requires any such Plaintiffs to produce certain specified information regarding their claim(s) for the purpose of assisting the Court and the parties in narrowing the scope of discovery and establishing a logical and streamlined method for proceeding in these complex cases at an early stage of the litigation.

The Court Orders that the following schedule shall apply regarding cases filed against Mallinckrodt LLC and/or Cotter Corporation (N.S.L.), or any of their successors or parent or affiliated companies (collectively, "Cotter" and "Mallinckrodt"), by Plaintiffs who, prior to the

date of this Order, were not parties to this consolidated litigation and whose cases are consolidated for pretrial proceedings following the date of this Order ("Future Consolidated Cases").[1]

This Order shall apply to all cases alleging Radionuclide Exposure Claim(s) against Cotter and/or Mallinckrodt.  "Radionuclide Exposure Claim(s)" are claims arising from, related to or in any way pertaining to any alleged exposure to ionizing radiation and/or radionuclides arising from production of uranium for the United States by Mallinckrodt and allegedly released by Mallinckrodt, Cotter and/or other Persons or Entities in the St. Louis area after 1941, including any derivative or future claims.

This Order does not apply to cases filed before the entry of this Order that are not hereafter transferred to the undersigned for consolidated pretrial proceedings, or cases subject to the Master Settlement Agreements executed on September 12, 2018. However, cases subject to the Master Settlement Agreements executed on September 12, 2018, that reject settlement under those Agreements shall be subject to all other applicable pretrial orders of the Court.

## I.  **General Provisions**

1.      For purposes of this Order:

a.      "Alleged Injury" shall mean any injury that a plaintiff identifies as the basis for any Claim in a Complaint, Plaintiff Questionnaire (attached hereto as Ex. A) as required by this Court's Order entered on November 24, 2014 (Dkt. 247), or any other filings, submission, or response;

b.      "Claim" shall mean any and all cases filed in, transferred, or removed to this Court, and consolidated for pretrial proceedings before the undersigned after the date

---

[1] Pursuant to the Order from the Chief Judge for the United States District Court for the Eastern District of Missouri, all Claims referred to in this CMO shall be transferred to the undersigned for pretrial proceedings.

of this Order, claiming injury, loss or damage of whatsoever nature a Plaintiff has or may acquire against Cotter and/or Mallinckrodt arising from, related to or in any way pertaining to any Radionuclide Exposure Claim(s), including without limitation all known and unknown past, present and future claims for all forms of injury to any parts of the person, mind and/or body; the wrongful death of any other person; any form of economic loss; any form of non-economic loss; loss of society, comfort, association, care, sexual relations, and/or alleged loss of consortium related to any other person; all past, present and future economic injuries or losses to real or personal property; claims for fear of cancer; claims for medical monitoring now or in the future, and all claims for punitive damages, penalties and/or attorneys' fees;

   c.  "Cotter" shall mean defendant Cotter Corporation (N.S.L.) and affiliated entities.

   d.  "Mallinckrodt" shall mean defendant Mallinckrodt LLC and affiliated entities.

  2.  Various provisions of this Order require Plaintiffs to serve documents on or provide notice to Cotter and/or Mallinckrodt.  Such service and notice pursuant to this Order should be provided by e-mail and by either registered mail (with return receipt) or overnight delivery service to:

John McGahren
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540
john.mcgahren@morganlewis.com

David R. Erickson
Shook, Hardy & Bacon
2555 Grand Blvd.
Kansas City, MO 64108

derickson@shb.com

## II.   **Findings of Fact**

Based on the extensive record in this case, including pleadings, expert reports, and other documents filed with this Court, the parties agree that the following summary of facts is not in dispute:

In 1974, the Formerly Utilized Sites Remedial Action Program ("FUSRAP") was established.  St. Louis Airport Storage Site ("SLAPS") and Hazelwood Interim Storage Site (a/k/a Latty Avenue) along with areas near or adjacent to SLAPS and Latty Avenue, including Coldwater Creek and haul roads ("Vicinity Properties") were included in the remediation program.  From 1976 through 1978, Oak Ridge National Laboratory conducted radiological investigations of SLAPS, Latty Avenue, and the Vicinity Properties (collectively, the "Sites"). There was news coverage of the investigations, the origin and history of the radionuclides, and the companies involved with SLAPS and Latty Avenue.

In 1989, the Environmental Protection Agency ("EPA") placed SLAPS and Latty Avenue on the National Priorities List ("NPL") which required the remediation and cleanup of the sites to proceed under the guidelines of the Comprehensive Environmental Response, Compensation and Liability Act ("CERLCA").  In 1997, FUSRAP was transitioned from the Department of Energy to the U.S. Army Corps of Engineers ("USACE").  At that time, the USACE invited the public to participate in setting the interim cleanup standards for the Sites.

Throughout the investigation and remediation process of the Sites, the local, state, and federal government agencies have held public meetings, sought public input, and made data and documents available on publicly available websites, including the FUSRAP website.  The remediation, cleanup, and current litigation has also been publicized in local and national

newspapers, such as the Wall Street Journal and Washington Post, local and national television news reports, such as CBS Good Morning, and multiple film documentaries, including a documentary entitled, "Atomic Homefront," that premiered in movie theaters before airing nationally on HBO.

### III.   Conclusion of Law

Based on the undisputed facts outlined above, the Court finds that the allegations and underlying facts in the Radionuclide Exposure Claims made in this consolidated mass tort litigation have been widely publicized and this publicity would be material to a determination of a date by which any reasonable person had notice of a potentially actionable injury relating to Radionuclide Exposure Claims.

### IV.   Preservation of Records

Upon consolidation of any Future Consolidated Cases (whether originally filed in this Court or removed to this Court) into this mass tort litigation, each plaintiff shall serve on Cotter and/or Mallinckrodt a sworn certification by Plaintiffs' counsel or, if the plaintiff is proceeding *pro se*, by the plaintiff, attesting that a notice to preserve records relating in any way to the Alleged Injury was provided to all physicians, medical facilities, other healthcare providers, or pharmacies.

### V.   Plaintiff Questionnaire

1.   Within forty-five (45) days of consolidation of any Future Consolidated Cases (whether originally filed in this Court or removed to this Court) into this mass tort litigation, each plaintiff shall serve on Cotter and/or Mallinckrodt a full and complete Plaintiff Questionnaire, including all verifications and authorizations, that complies with the requirements of the Scheduling Order governing submission of Plaintiff Questionnaire and authorizations in

the forms previously approved by the Court.

2.      Each plaintiff shall provide Cotter and/or Mallinckrodt with a Plaintiff Questionnaire that is substantially complete in all respects. Each plaintiff shall answer every question in the Plaintiff Questionnaire, even if the plaintiff can answer the question in good faith only by indicating "not applicable." The Plaintiff Questionnaire shall be signed by plaintiff under penalty of perjury. If a plaintiff is suing in a representative or derivative capacity, the Plaintiff Questionnaire shall be completed by the person with the legal authority to represent the estate or person under legal disability.

3.      A completed Plaintiff Questionnaire shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34, and will be governed by the standards applicable to written discovery under Federal Rules 26 through 37. Each question in the Plaintiff Questionnaire shall be answered without objection, and all requested documents shall be produced. This section does not prohibit a plaintiff from withholding or redacting information from medical or other records provided with the Plaintiff Questionnaire based upon a recognized privilege. If information is withheld or redacted on the basis of privilege, plaintiff shall provide defendants with a privilege log that complies with Rule 26(b)(5) simultaneously with the submission of the full and complete Plaintiff Questionnaire. Each plaintiff also shall provide all documents and authorizations required by the Plaintiff Questionnaire to the defendants simultaneously with the submission of the full and complete Plaintiff Questionnaire.

4.      The Plaintiff Questionnaire, including all required verifications, documents, and privilege logs, shall be emailed to Cotter and/or Mallinckrodt's counsel at  the email addresses in the signature by the deadline specified above.

5.     As provided in Section VIII below, a failure to provide a Plaintiff Questionnaire in full compliance with all requirements of this order may result in appropriate sanctions, including dismissal of the case in its entirety.

## VI.   Medical Records

1.     Within forty-five (45) days of consolidation of any Future Consolidated Cases (whether originally filed in this Court or removed to this Court) into this mass tort litigation, each plaintiff shall serve on Cotter and/or Mallinckrodt all medical records in the plaintiff's possession relating in any way to each Alleged Injury from any physician, medical facility, other healthcare provider, or pharmacy.

2.     Within forty-five (45) days of consolidation of any Future Consolidated Cases (whether originally filed in this Court or removed to this Court) into this mass tort litigation, each plaintiff shall serve on Cotter and/or Mallinckrodt a sworn certification by Plaintiffs' counsel or, if the plaintiff is proceeding *pro se*, by the plaintiff attesting that all medical records have been served on Cotter and Mallinckrodt and/or an explanation why any such records previously but no longer in the plaintiff's possession have not been served.

3.     Within forty-five (45) days of consolidation of any Future Consolidated Cases (whether originally filed in this Court or removed to this Court) into this mass tort litigation, each plaintiff shall serve on Cotter and/or Mallinckrodt a sworn certification by Plaintiffs' counsel or, if the plaintiff is proceeding *pro se*, by the plaintiff attesting that the plaintiff has complied with Section IV.1, including a list of the names and addresses of all entities to which the plaintiff provided notice under Section IV.1, copies of the notices, and, once available, copies of return receipts or other proofs of delivery.

## VII.   Expert Disclosures

1.      Within sixty (60) days of consolidation of any Future Consolidated Cases (whether originally filed in this Court or removed to this Court) into this mass tort litigation, each plaintiff shall serve on Cotter and/or Mallinckrodt a case-specific expert report fully complying with Federal Rule of Civil Procedure 26(a)(2) on:

**Cotter:**

a.      the concentrations of effluent discharges at the boundary of the Latty Avenue site (also known as the Hazelwood Interim Storage Site and/or the Futura Coatings Site, located at 9200 Latty Avenue, Hazelwood, MO) allegedly attributable to Cotter's operations and whether such concentrations exceed the effluent limitations found in 10 C.F.R. § 20.106(a), Appendix B;

b.      the organ dose attributable to Cotter's operations at the Latty Avenue site from 1970-1974 that each plaintiff received at each location of alleged exposure for each illness or injury resulting from said organ dose;

c.      the whole-body effective committed dose (mrem/year) attributable to Cotter's operations at the Latty Avenue site that each plaintiff received;

d.      general causation for the injury(ies) or illness(es) alleged by the plaintiff from a medical expert opining to a reasonable degree of medical or scientific certainty that the plaintiff's exposure to radiation from the Latty Avenue site attributable to Cotter's operations at the site from could have caused the development of the type of injury(ies) or illness(es) alleged by the plaintiff;

e.      specific causation for the injury(ies) or illness(es) alleged by the plaintiff from a medical expert opining to a reasonable degree of medical or scientific certainty that the plaintiff's exposure to radiation from the Latty Avenue site attributable to Cotter's

operations at the site caused or contributed to the development of the injury(ies) or illness(es) alleged by the plaintiff.

**Mallinckrodt**

      a.    the concentrations of effluent discharges at the boundary of the SLAPS site allegedly attributable to Mallinckrodt's operations and whether such concentrations exceed the effluent limitations found in 10 C.F.R. § 20.106(a), Appendix B;

      b.    the organ dose attributable to Mallinckrodt's alleged operations at the 21.74-acre site in the vicinity of the St. Louis Airport in north St. Louis County, Missouri ("SLAPS") that each plaintiff received at each location of alleged exposure for each illness or injury resulting from said organ dose;

      c.    the whole-body effective committed dose (mrem/year) attributable to Mallinckrodt's alleged operations at the SLAPS site that each plaintiff received;

      d.    general causation for the injury(ies) or illness(es) alleged by the plaintiff from a medical expert opining to a reasonable degree of medical or scientific certainty that the plaintiff's exposure to radiation from the SLAPS site attributable to Mallinckrodt's alleged operations at the site could have caused the development of the type of injury(ies) or illness(es) alleged by the plaintiff;

      e.    specific causation for the injury(ies) or illness(es) alleged by the plaintiff from a medical expert opining to a reasonable degree of medical or scientific certainty that the plaintiff's exposure to radiation from the SLAPS site attributable to Mallinckrodt's operations at the site caused or contributed to the development of the injury(ies) or illness(es) alleged by the plaintiff.

      f.    To the extent a plaintiff alleges exposure attributable to Mallinckrodt's

alleged operations at the Destrehan Street Refinery and Metal Plants a.k.a. the St. Louis Downtown Site ("SLDS"), then the plaintiff must produce a case-specific expert report fully complying with Federal Rule of Civil Procedure 26(a)(2) for the topics covered in paragraphs (a)-(d) above.

2.      Disclosures are required for all known expert witnesses who will be providing such testimony.  Failure to provide adequate expert report(s) by the foregoing deadline may be grounds for appropriate action by the Court upon motion, which could include a motion for summary judgment.

## VIII.   Failure to Comply

1.      The Court has established the foregoing deadlines for the purpose of ensuring that pretrial litigation for any new cases will flow as smoothly and efficiently as possible. Accordingly, the Court expects strict adherence to them.

2.      Any plaintiff who fails to fully comply with the requirements of this Order shall be given notice of such failure by email or fax from Defendants and shall be provided thirty (30) additional days to cure such deficiency ("Cure Period").  If a Plaintiff fails to cure the deficiency within the Cure Period, Defendants shall meet and confer with Plaintiff, and if that does not promptly result in a cure, then Defendants may file a Motion to Show Cause why that case should not be dismissed with prejudice.  Plaintiff shall thereupon have seven (7) days to respond to the Motion to Show Cause.  Any failure to respond to the Motion within the required period of time shall lead to the dismissal of the case with prejudice, except for good cause shown.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of October, 2018.

**EXHIBIT A**

**PLAINTIFF QUESTIONNAIRE**

Each plaintiff who alleges personal injury as a result of exposure to radiation must complete a Questionnaire under penalty of perjury.  If you are completing this Questionnaire in a representative capacity on behalf of someone who has died or who otherwise cannot complete the Questionnaire, please answer as completely as you can for that person.

In completing this Questionnaire, please use the following definitions: (1) "you" refers to the person who alleges personal injury as a result of exposure to radiation, unless otherwise specified; (2) "healthcare provider" means any hospital, clinic, medical center, physician's office, urgent care center, infirmary, laboratory, or other facility that provides medical, dietary, psychiatric or psychological care or advice, and any pharmacy, physical therapist, rehabilitation specialist, physician, psychiatrist, osteopath, homeopath, chiropractor, psychologist, therapist, nurse, herbalist, nutritionist, dietician, or any other persons or entities involved in the evaluation, diagnosis, care and/or treatment of you; and (3) "document" means any writing or record of any type in your possession or the possession of your attorney, including, but not limited to, written documents, e-mails, cassettes, videotapes, DVDs, photographs, medical records, charts, computer discs, tapes, or CDs, x-rays, drawings, graphs, non-identical copies, and other data from which information can be obtained and translated, if necessary, through electronic devices into a reasonably usable form. **You may attach as many sheets of paper as necessary to fully answer these questions.**

If you have any documents (as defined above) that are requested to produce as part of answering this Questionnaire or that relate to the injuries, claims, and/or damages that are the subject of your complaint, you must NOT dispose of, alter, or modify these documents or materials in any way.  You are required to give all of these documents and materials to your attorney as soon as possible.  If you are unclear about these obligations, please contact your attorney.

In completing the Questionnaire, you must provide information that is true and correct to the best of your knowledge.  If you cannot recall all of the details requested, please provide as much information as you can. **Please do not leave any answers blank**.  You must supplement your responses if you learn that they are incomplete or incorrect.

**You must provide a full and complete response by** _____.

**I.**  **Case Information**

A.  If you are completing this Questionnaire in a representative capacity (on behalf of the estate of a deceased person or a minor), please complete the following:

   1.  Your name: _____

   2.  Your address: _____

      _____

   3.  The individual/estate you are representing: _____

   4.  Your relationship to that individual/estate: _____

   5.  If you were appointed as a representative by a court, please state the:

      Court that appointed you: _____

      Date of appointment: _____

1

6.  If you represent a decedent's estate, please state the:

Date of the decedent's death:_____

Place of the decedent's death:_____

Cause of Death (Please produce an official death certificate): _____

B.  If you are bringing a wrongful death claim, please list the following for the deceased individual, and indicate whether each listed individual is living or deceased:

Spouse: _____

Children: _____

Mother: _____

Father: _____

Siblings: _____

Nieces/Nephews: _____

C.  Please indicate all of the following which apply to the person on whose behalf you are responding:

_____ Living                _____ Incompetent

_____ Deceased              _____ Other (specify: _____ )

_____ Minor

**THE REMAINDER OF THIS QUESTIONNAIRE (EXCEPT WHERE SPECIFIED IN SECTION VI) REQUESTS INFORMATION ABOUT THE PERSON ALLEGED TO HAVE BEEN EXPOSED TO RADIATION.  IF YOU ARE COMPLETING THIS QUESTIONNAIRE FOR SOMEONE ELSE, PLEASE ASSUME THAT "YOU" MEANS THE PERSON ALLEGING RADIATION EXPOSURE.**

**II.    Personal Information**

A.  Name:_____

Have you ever used any other names and, if so, what name(s) and dates of use:_____
_____

B.  Social security number: _____

Have you ever had any other social security number?  _____ Yes _____ No

C.  Date and place of birth: _____

D.  Sex:    _____ Male        _____ Female

E.  Marital Status: _____ Single      _____ Married      _____ Separated/Divorced      _____ Widowed

In what month, year, and location were you married: _____

Spouse's name, date of birth and occupation(s): _____
_____

Prior spouses' names, occupations(s), years, and locations of marriage: _____

_____

F.    Children

Please provide the name, place of birth and date of birth of each child, living or deceased, born to you, fathered by you or adopted by you. Please indicate below if you have no children.

_____ I have no children born to me, fathered by me or adopted by me.

| | Name | Place of Birth (City, State, Hospital) | M/D/Y of Birth | Adopted Yes/No |
|---|---|---|---|---|
| Child 1 | _____ | _____ | _____ | _____ |
| Child 2 | _____ | _____ | _____ | _____ |
| Child 3 | _____ | _____ | _____ | _____ |
| Child 4 | _____ | _____ | _____ | _____ |

Attach additional pages for additional children.

G.    Current and Prior Residences

Please state all of your residence addresses and the dates you lived at each address beginning with your current address. (If you have had more than two residences, please complete your response on supplemental page(s) by providing all the information requested below for all other residences.)

1.    Residence 1 (current residence)

Street address: _____

City: _____ State: _____ Zip:_____

Dates of residence: _____

Names of all persons who lived with you at this residence and their relationship to you:

_____

2.    Residence 2 (most recent prior residence)

Street address: _____

City: _____ State: _____ Zip:_____

Dates of residence: _____

Names of all persons who lived with you at this residence and their relationship to you:

_____

*Attach additional pages for additional residences.*

3

H.      Have you ever resided within one mile of any of the following?

| Yes | No | Don't know | | Address of Residence |
|---|---|---|---|---|
| _____ | _____ | _____ | Mine (what kind? _____) | _____ |
| _____ | _____ | _____ | Factory/plant (what kind? _____) | _____ |
| _____ | _____ | _____ | Power plant (what kind? _____) | _____ |
| _____ | _____ | _____ | Commercial Agricultural area (including fruit groves) | _____ |

I.      Education

1.   Elementary School:

Name: _____

Address: _____

Grade completed and Dates of attendance: _____

2.   Middle School:

Name: _____

Address: _____

Grade completed and Dates of attendance: _____

3.   High School:

Name: _____

Address: _____

Grade completed and Dates of attendance: _____

4.   If you attended school beyond high school, please state the following as to each:

Name: _____

Address: _____

Dates of attendance: _____

Degree awarded and major: _____

J.      Have you ever served in the military? _____ Yes _____ No _____ Don't know

If yes, state the dates served: from _____ (Month/Year) to _____ (Month/Year)

In what branch of the military did/do you serve?
_____ Army            _____ Marines            _____ Air Force
_____ Navy            _____ Other (Specify: _____)

4

K.     Are you currently employed?    _____ Yes _____ No

Name of employer:_____

City/State of employment: _____

Start date of employment: _____

Title and Duties: _____

Name of supervisor/boss: _____

Gross pay (before taxes) per week: $_____

Average number of work hours per week_____

Did you take a pre-employment physical before you went to work for your current employer? If so, state the name of the examining doctor: _____
_____

Please describe any sort of medical benefits your present job provides to you, including the name and group number of any insurance carrier and any personal insurance number: _____
_____

L.     Prior Employment

Please provide the information requested below for each previous employer since high school.

1.   Employer 1 (most recent previous employer)

Name: _____

City/State of employment: _____

Dates of employment: _____

Title and Duties: _____

Name of supervisor/boss: _____

What was your reason for leaving this job? _____

Gross pay (before taxes) per week at time of departure: $_____

Average number of hours worked per week: _____

Did you take a pre-employment physical before you went to work for this employer? If so, state the name of the examining doctor: _____
_____

*Attach additional pages for additional employers*.

M.     Employment/Military Service

1.   Have you used, handled, or been exposed, or been told that you have used, handled or been exposed to any toxic substances, carcinogens, or other substances suspected to cause cancer (including but not limited to asbestos, arsenic, benzene, beryllium, vinyl chloride, chloroform, DDT, chromium compounds, formaldehyde, pesticides or herbicides, acid, ammonia, chlorine, nickel, solvents, trichloroethylene or perchloroethylene) in connection with any employment or military service identified above?

_____ Yes      _____ No     _____ Don't know

5

If yes, please identify the employment(s) or military service during which you used, handled, or were otherwise exposed, or been told that you have used, handled or been exposed to any such substance(s). _____

***If yes, please provide an authorization for the release of these employment and/or military records.***

If yes, please identify the toxic substances, carcinogens, or other substances suspected to cause cancer that you used, handled or to which you were otherwise exposed, or been told that you have used, handled or been exposed, listed by employment(s) and/or military service. _____

_____

If yes, please describe the location, the frequency (how often) and the duration (how long) of your contact with the substance. ***Add additional pages if needed***. _____

_____

Do you claim to have suffered any damage or injury because of exposure to substances, carcinogens, or other substances suspected to cause cancer while at your place of employment(s) or military service?
_____ Yes        _____ No

2.   Have you worked with, around or near radioactive materials, or been told that you worked with, around or near radioactive materials in connection with any employment(s) or military service identified above?
_____ Yes        _____ No       _____ Don't know

If yes, please identify the employment or military service during which you worked with, around or near radioactive materials or been told that you worked with, around or near radioactive materials. _____

***If yes, please provide an authorization for the release of these employment and/or military records and complete the following, otherwise skip to Section N.***

Please identify the specific radioactive material(s) with which you worked with, around or near, or been told that you worked with, around or near, listed by employment(s) or military service.

_____

For each radioactive material identified above, please describe the following. ***Attach additional pages for each radioactive material identified.***

Radioactive material: _____

The location of each alleged exposure (e.g., address, building number, etc.). If the alleged exposure was not at a specific address, please provide a precise description of the specific location._____

The dates and duration of each alleged exposure (in seconds, minutes, hours, days or years as applicable). _____

Please indicate each way you were exposed to radioactive materials in connection with your employment(s) or military service:

| Description | Yes | No | Do Not know |
|---|---|---|---|
| 1.   By inhaling | | | |
| 2.   By drinking | | | |
| 3.   By eating | | | |
| 4.   By contact with the skin | | | |
| 5.   Other (specify): | | | |

For each "yes" you have identified above, to the extent you know, please describe the circumstances under which you believe you were exposed. _____

_____

Do you claim to have suffered any damage or injury because of exposure to radioactive materials at your place of employment or military service?   _____ Yes      _____ No

N.   Have you ever been seriously injured or become seriously ill at your job, which resulted in you taking time off work?      _____ Yes      _____ No      _____ Don't know

If yes, please explain the injury(ies) or illness(es), including where it/they occurred and the date(s) it/they occurred. _____

_____

Have you ever been out of work for more than thirty (30) days for reasons related to your medical or physical health?  _____ Yes      _____ No      _____ Don't know

If yes, please state the dates, employer, and health condition: _____

_____

O.   Identify each insurance carrier with whom you have had health insurance coverage at any time:

| Insurance Company | Policy Number | Policy Holder | Dates of Coverage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

P.   Have you ever received Medicare, Medicaid or other government medical benefits?
_____ Yes          _____ No          _____ Don't know

If yes, then as to each application for treatment other than routine healthcare (for significant injuries and illnesses), separately state:

Date (or year) of application: _____

Nature of the claimed injury/illness: _____

The agencies to which you submitted your application: _____

7

Amount of claim: _____

Resolution of claim: _____

Q.    Have you applied for workers' compensation, social security, and/or state or federal disability benefits? _____ Yes       _____ No       _____ Don't know

If yes, then as to each application, separately state:

Date (or year) of application: _____

Nature of the claimed injury/disability: _____

The agencies to which you submitted your application:_____

_____

Amount of claim: _____

Resolution of claim: _____

R.    Have you or anyone in your nuclear family (parents, siblings or spouse) ever made a claim for compensation or health benefits under the Energy Employees Occupational Illness Compensation Program Act (EEOICPA)?      _____ Yes _____ No      _____ Don't know

If yes, please state:

Name of person making the claim:_____

Date (or year) of application: _____

Nature of the claimed injury: _____

Amount of claim: _____

Resolution of claim: _____

S.    Have you ever previously been a party to a civil lawsuit (including a named plaintiff or defendant in a class action suit)?      _____ Yes            _____ No       _____ Don't know

If yes, please provide the information requested below for each such lawsuit.

Name of action: _____

Case No.: _____ Court: _____

Date filed: _____ Opposing Party: _____

Were you: _____ Plaintiff        _____ Defendant      _____ Don't Know

Nature (type) of claim asserted by the plaintiff(s):_____

How was the case resolved: _____Settlement _____ Dismissal _____Verdict _____ Don't know

Attorney who represented you: _____

Did you recover any money? _____Yes _____ No

If yes, please state the amount received, unless you believe it to be confidential $_____

T.    Have you ever been convicted of, or pled guilty to, a felony?
_____ Yes        _____ No       _____ Don't know

If yes, please provide the following for each conviction or plea.

8

Court in which prosecution took place: _____

Crime or Offense to which you were convicted or plead guilty: _____

Resolution of case:  _____ Plea bargain _____ Verdict

Did you go to jail or prison?
         _____ Yes (Dates and facility _____)
         _____ No       _____ Don't know

Did you testify at any proceeding or hearing?
         _____ Yes (Date(s)): _____)
         _____ No       _____ Don't know

Attorney who represented you: _____

**III.**     <u>**Injuries and Damages Alleged in this Lawsuit**</u>

A.     In this lawsuit, do you claim to have suffered any damage or injury because of exposure to radioactive materials? _____ Yes _____ No

Please identify, to the extent possible, the dates and duration of each alleged exposure (in days or years as applicable). _____

_____

Please identify the location of each alleged exposure (e.g., address, building number, etc.)? If the alleged exposure was not at a specific address, please provide a precise description of the specific location. _____

_____

Do you claim you have suffered any injury because of exposure to the radioactive material identified above that was located at any of the following locations at the time of exposure?

| | | |
|---|---|---|
| St. Louis Downtown Site (SLDS) | _____ Yes | _____ No |
| St. Louis Airport Site (SLAPS) | _____ Yes | _____ No |
| St. Louis Airport Site Vicinity Properties (SLAPS VP) | _____ Yes | _____ No |
| HISS/Latty Avenue Properties | _____ Yes | _____ No |
| Madison Site | _____ Yes | _____ No |
| West Lake Landfill | _____ Yes | _____ No |
| Coldwater Creek (including flooding or runoff) | _____ Yes | _____ No |

If you answered "yes" to Coldwater Creek, please describe the circumstances of the alleged exposure (e.g., swimming, fishing, flooding at your residence, etc.) _____

_____

Please indicate each way you claim you were exposed to radioactive material:

| Description | Yes | No | Do Not know |
|---|---|---|---|
| 1.  By inhaling | | | |
| 2.  By drinking | | | |
| 3.  By eating | | | |
| 4.  By contact with the skin | | | |
| 5.  Other (specify): | | | |

For each "yes" you have identified above, to the extent you know, please describe the circumstances under which you believe you were exposed._____

_____

_____

Has any doctor, radiation expert or other specialist told you or the person on whose behalf you are answering that you have been exposed to any of the radioactive materials identified above? ____ Yes      ____ No      ____ Not to the best of my knowledge

If yes, provide the name and address of the doctor, radiation expert or specialist and the approximate date for this conversation:_____

_____

Have you ever been advised of any study, test, report, or other analysis that identifies the existence of radioactive material at any specific property on which you lived or worked. ____ Yes      ____ No      ____ Not to the best of my knowledge

If yes, please identify the study, test, report or other analysis of which you are aware: ____

_____

_____

B.       In this lawsuit, do you claim to have suffered any damage or injury because of exposure to radioactive materials *other than any exposure identified above*? ____ Yes          ____ No

**If yes, please complete the following, otherwise skip to Subpart C.**

The specific radioactive material(s) to which you believe you were exposed: _____

_____

The dates and duration of each alleged exposure (in seconds, minutes, hours, days or years as applicable). _____

_____

The location of each alleged exposure (e.g., address, building number, etc.)? If the alleged exposure was not at a specific address, please provide a precise description of the specific location._____

_____

Please indicate each way you claim you were exposed to the radioactive material identified above:

| Description | Yes | No | Do Not know |
|---|---|---|---|
| 1.   By inhaling | | | |
| 2.   By drinking | | | |
| 3.   By eating | | | |
| 4.   By contact with the skin | | | |
| 5.   Other (specify): | | | |

For each "yes" you have identified above, to the extent you know, please describe the circumstances under which you believe you were exposed. _____

_____

_____

10

C.  In this lawsuit, do you claim to have suffered any damage or injury because of exposure to substance(s) *other than radioactive materials*?        _____ Yes              _____ No

   ***If yes, please complete the following, otherwise skip to subpart D.***

   Please identify the specific substance(s) to which you believe you were exposed. _____

   _____

   For each substance identified above, please describe the following. ***Attach additional sheets for each substance identified.***

   Substance: _____

   The location of each alleged exposure (e.g., address, building number, etc.)? If the alleged exposure was not at a specific address, please provide a precise description of the specific location._____

   _____

   The dates and duration of each alleged exposure (in seconds, minutes, hours, days or years as applicable)._____

   _____

D.  Physical and Medical Injuries

   Do you claim to have suffered physical injuries and/or adverse medical conditions **for which you seek compensation in this lawsuit**? If yes, for **each** alleged claim or injury please provide the following.

   Detailed description of the injury or medical condition:_____

   _____

   How and when you first became aware of the condition:_____

   Have you consulted with any healthcare provider(s) regarding the condition:
   _____ Yes          _____ No          _____ Don't know

   If yes, please identify the healthcare provider's name and address:_____

   _____

   Treatment you have received for the condition:_____

   _____

   Has the condition ever subsided or resolved completely?  _____ Yes _____ No  _____ Don't know

   If yes, please describe: _____

   If you consulted with a healthcare provider for this condition, please identify the name and address of that provider:_____

   _____

11

E.    Emotional and Psychological Injuries

Are you claiming emotional distress as a result of your alleged injuries from exposure to radioactive material?    _____ Yes    _____ No (If no, skip to subpart F)

If yes, please describe specifically each injury/condition and the period of time which you suffered such injury/condition. _____

_____

If yes, have you ever been out of work for more than 30 days for reasons related to a psychiatric or emotional condition?    _____ Yes    _____ No

If yes, please state the dates, employer, and the condition for which you were out of work for more than 30 days. _____

For each emotional or psychological condition identified above, have you sought treatment or counseling of any kind?    _____ Yes    _____ No

If yes, please provide the following information for each counselor or therapist who has examined you.

1.    Counselor/Therapist 1
      Name: _____

Street address: _____

City: _____ State: _____ Zip: _____

Date(s) of treatment: _____

Diagnosis or conclusion: _____

Treatment: _____

Cost of treatment: $_____

2.    Counselor/Therapist 2
      Name: _____

Street address: _____

City: _____ State: _____ Zip: _____

Date(s) of treatment: _____

Diagnosis or conclusion: _____

Treatment: _____

Cost of treatment: $_____

***Attach additional pages for additional Counselors/Therapists.***

F.    Are you claiming that you have paid, or will have to pay, any monetary expenses or fees as a result of your alleged injuries from exposure to radioactive material?    _____ Yes    _____ No

If yes, how much? $_____

Were you reimbursed for any of these expenses? _____ Yes _____ No

If yes, by whom? _____ How much? $_____

G.    Do you claim that any of the injuries described above **for which you seek compensation** caused you to be absent from work and thereby lose wages? ____ Yes    ____ No

If yes, what amount of lost wages do you claim: $_____

Please provide the following information for each of the work absences **for which you seek compensation**.

1.   Absence 1

Dates of absence: _____

Employer: _____

Weekly wage before absence: $_____ per week

Absence was: ____ Paid ____ Unpaid

Reasons for absence: _____

2.   Absence 2

Dates of absence: _____

Employer: _____

Weekly wage before absence: $_____ per week

Absence was: ____ Paid ____ Unpaid

Reasons for absence: _____

*Attach additional pages for additional absences. Please provide an authorization for the release of employment records from each employer.*

H.    Do you claim that any of the injuries described in this Questionnaire **for which you seek compensation** caused you to change occupations? ____ Yes    ____ No

If yes, what health reason(s) do you claim caused you to change occupations? _____
_____

If yes, do you claim that the change in occupation caused you to lose wages?

____ Yes     ____ No

If yes, please explain the nature and amount of your lost wages. _____
_____

I.    Increased Risk of Future Injury / Medical Monitoring

Are you seeking to recover damages for the costs of future medical tests and/or diagnosis in this litigation for any additional conditions beyond your current diagnoses (medical monitoring)?
____ Yes     ____ No

What specific injury do you believe you are at an increased risk of developing? _____
_____

What is the basis for your claim that you have an increased risk of developing this injury?

_____

_____

Have you ever been told by a medical practitioner that you should have future medical tests and/or diagnosis beyond your current diagnoses as a result of exposure to any radioactive materials?  ____ Yes        ____ No

If yes, please identify each medical test and/or future diagnosis recommended by each medical practitioner as a result of exposure to radioactive material, and state the date and name of the medical practitioner making such recommendation. _____

J.      Other than the claims asserted in your prior responses to this Questionnaire, do you claim to have suffered any other injury or damage **for which you seek compensation**?
____ Yes              ____ No

If yes, please describe each of the other claim(s) that you make in this lawsuit. _____

_____

K.      Please state the name, address and relationship to you of all persons who have personal knowledge regarding your claims of exposure in this lawsuit. _____

_____

L.      State the name, address and relationship to you of each person who prepared or assisted in the preparation of the responses to this Questionnaire. (Do not identify anyone who simply typed the responses.) _____

**IV.     Healthcare Providers and Pharmacies**

A.      Please provide the requested information for each doctor, hospital or clinic with whom or where you ever received advice or treatment regarding **any** medical condition (other than an emotional or psychiatric condition unless you are claiming emotional distress damages in this lawsuit) beginning 30 years prior to the time you first became aware of any one of the medical conditions or injuries you are alleging was caused by the defendants in this lawsuit.

   1.  Doctor/Clinic/Hospital 1

       Name:_____

       Address: _____

       Date(s) of treatment: _____

       Diagnosis or conclusion: _____

       Treatment:_____

       Cost of treatment: _____

14

2.   Doctor/Clinic/Hospital 2

Name:_____

Address: _____

Date(s) of treatment: _____

Diagnosis or conclusion: _____

Treatment:_____

Cost of treatment: _____

*Attach additional pages for additional Doctors/Clinics/Hospitals.*

B.   Identify the following for each pharmacy, drug store and/or other supplier (including mail order and internet pharmacies) where you have filled prescriptions from any of the healthcare providers identified above.

1.   Pharmacy/Drug Store/Supplier 1

Name: _____

Address: _____

Date(s) you filled prescriptions: _____

2.   Pharmacy/Drug Store/Supplier 2

Name: _____

Address: _____

Date(s) you filled prescriptions: _____

*Attach additional pages for additional Pharmacies/Drug Stores/Suppliers.*

**V.   <u>Health Background</u>**

A.   Please provide the following information regarding your mother.

Married name: _____

Birth/maiden name: _____

Date of birth: _____

Is your mother still alive? _____ Yes _____ No (Cause and date of death _____)

B.   Please provide the following information regarding your father.

Name: _____

Date of birth: _____

Is your father still alive? _____ Yes _____ No (Cause and date of death _____)

C.  Please record the first and last names of each of your brothers and sisters and their dates of birth and, if applicable, date of death and cause of death.

| Name | Date of Birth | Date of Death | Cause of Death |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

D.  *Other than* those conditions that you believe were caused by exposure to radioactive material and **for which you seek compensation**, do you currently suffer from any physical injuries, illnesses, or disabilities?  _____ Yes        _____ No

If yes, please identify:

The injury, illness, or disability: _____

Date(s) of onset: _____

Date(s) of diagnosis: _____

Name and address of treating physician:_____

E.  To the best of your knowledge, has any of your blood relatives (including but not limited to, your children, parents, grandparents, aunts, uncles, cousins, brothers or sisters), whether currently living or deceased, ever had cancer? If yes, please provide the name of the relative, his/her relationship to you, whether he/she is a maternal or paternal relative and a description of the cancer. _____

_____

F.  To the best of your knowledge, has any of your blood relatives, whether currently living or deceased, ever suffered from any major illness or condition other than cancer (e.g, liver or pancreas disorders, heart disease, thyroid problems, etc.)? If yes, please provide the name of the relative, his/her relationship to you, whether he/she is a maternal or paternal relative and a description of the illness or condition. _____

_____

_____

G.  Tobacco Use

Have you ever used tobacco products?  _____ Yes     _____ No     _____ Don't know

If yes, when did you start? _____

Do you **currently** use any tobacco products? _____ Yes _____ No (Quit date _____)

16

Please state whether you use or used the following and when you used them (check all that apply).

**Dates of Use**

| | |
|---|---|
| ___ Cigarettes | From _____ to _____ |
| ___ Cigars | From _____ to _____ |
| ___ Pipe | From _____ to _____ |
| ___ Snuff | From _____ to _____ |
| ___ Chewing tobacco | From _____ to _____ |

On average, how many cigarettes do or did you smoke per day? _____

On average, how many cigars do or did you smoke per day? _____

On average, how many pipefulls of tobacco do or did you smoke per day? _____

On average, how much chewing tobacco or snuff do or did you use per day? _____

When was the last time you used one of the tobacco products stated above? _____

Was there ever a time when you used the above stated tobacco products in greater or lesser quantities than the averages described above? If so, please describe when and how much you used. _____

Have you ever lived with anyone who smoked in your home or worked with anyone who smoked in your vicinity such that you could smell smoke? _____ Yes        _____ No

If yes, who? _____Years? _____

What is the amount, on average, they smoked in your presence and overall each day (if this amount changed over time, please provide the average amounts and state the corresponding time periods?) _____
_____

H.    Alcohol Use

Do you or did you ever drink alcoholic beverages? _____ Yes        _____ No   _____ Don't know

If yes, what do or did you drink? (Check all that apply)
_____ Beer                _____ Mixed drinks or liquor                _____ Wine

On average, how much do or did you drink per day? _____

Was there ever a time when you drank more or less than the averages described above? If so, please describe when and how much you drank. _____

I.    Please provide the following information concerning your birth.

Were you adopted? _____ Yes        _____ No        _____ Don't know

Were you a premature baby? _____ Yes        _____ No        _____ Don't know

Were you born with any birth defects? _____ Yes        _____ No        _____ Don't know

17

If yes, please specify: _____

What was your weight and length at birth? _____ pounds _____ ounces _____ inches

Where were you born?

_____ At home
_____ In a hospital (name/address _____)
_____ Other (please specify: _____ )

If there were any complications with your mother's pregnancy with you or your birth, please explain._____

J.    Please provide the following information concerning your current height and weight.

height: _____ feet _____ inches        weight: _____ pounds

What is the most (excluding pregnancies) and the least you have weighed in the last five years?

     Most: _____ pounds        Least: _____ pounds

K.    Have you ever been under general anesthetic? _____ Yes _____ No

If yes, how many times? _____

What procedure(s) required you to be under general anesthesia? _____

L.    Have you ever had X-rays taken? _____ Yes        _____ No

If yes, approximately how many X-rays have you had taken?

_____ dental X-rays        _____ body X-rays

What condition(s) or symptom(s) required you to have body X-rays taken? _____
_____

M.    Did you ever have any specific allergies to:

| No | Yes | | Explain/Specify (When Diagnosed and by Whom) |
|---|---|---|---|
| ____ | ____ | Drugs (Penicillin, etc.) | _____ |
| ____ | ____ | Dust | _____ |
| ____ | ____ | Chemicals | _____ |
| ____ | ____ | Food | _____ |
| ____ | ____ | Animal | _____ |
| ____ | ____ | Pollen | _____ |
| ____ | ____ | Other | _____ |

N.      Have you ever used:

| No | Yes/Now | Yes/Past | | Identify Drug, Reasons for use and Any Prescribing Doctor |
|---|---|---|---|---|
| ___ | ___ | ___ | Sedatives, sleeping pills, tranquilizers | _____ |
| ___ | ___ | ___ | Stimulates | _____ |
| ___ | ___ | ___ | Birth control pills | _____ |

O.      Have you ever worn glasses or contacts?

_____ Yes (Dates _____)      _____ No

**PLEASE ANSWER THE FOLLOWING SECTION ON YOUR OWN BEHALF, OR IF YOU ARE COMPLETING THIS QUESTIONNAIRE ON BEHALF OF ANOTHER PERSON, PLEASE ANSWER THIS SECTION ON BEHALF OF <u>BOTH</u> YOURSELF AND ON BEHALF OF THE PERSON ALLEGED TO HAVE BEEN EXPOSED TO RADIATION.**

**VI.   <u>Claims of Exposure</u>**

A.      Have either you or the person on whose behalf you are answering ever appeared in any television or radio program, magazine or newspaper articles or any other media regarding anything to do with this lawsuit? _____ Yes      _____ No      _____ Not to the best of my knowledge

If yes, please identify the individual appearing, the media, and the approximate date of appearance. _____

_____

B.      Have either you or the person on whose behalf you are answering ever written a letter to the editor or other letter to any newspaper, magazine, radio station or television station expressing opinions regarding anything to do with this lawsuit?
_____ Yes      _____ No      _____ Not to the best of my knowledge

If yes, please identify the author, the name of the newspaper, magazine, radio station or television station written to, and the approximate date of the letter. _____

_____

C.      Have either you or the person on whose behalf you are answering ever participated in, joined, or otherwise been involved in any social media outlet involving anything to do with this lawsuit? (e.g. Facebook, Twitter, MySpace, YouTube, etc.)
_____ Yes      _____ No      _____ Not to the best of my knowledge

If yes, please identify the individual, the social media involved, and describe the involvement.

_____

_____

D.      Have either you or the person on whose behalf you are answering ever attended a meeting with anyone (other than a confidential meeting with your lawyers or persons employed by your

19

lawyers) to discuss or to learn more about the alleged radioactive materials and/or contamination at issue in this litigation? _____ Yes         _____ No         _____ Not to the best of my knowledge

If yes, for each meeting attended, please state the names of the person/agency conducting the meeting(s), the date(s) and location(s) of the meeting(s), the names of person(s) in attendance, and describe in detail the information discussed at the meeting(s). _____

_____

_____

E.        Have either you or the person on whose behalf you are answering ever communicated with any federal, state, or local governmental agency to discuss or learn more about the alleged radioactive materials and/or contamination at issue in this litigation?
_____ Yes         _____ No         _____ Not to the best of my knowledge

If yes, for each communication, please identify the individual, the agency with whom you communicated, the names of the individuals with whom you communicated, the date(s) of the communication(s) and the substance of the communication(s). _____

_____

_____

F.        Have either you, the person on whose behalf you are answering, or any agent on your behalf, including legal counsel or any agent hired by legal counsel, performed testing on any water, soil, air, or other environmental media in relation to your claims in this litigation?
_____ Yes         _____ No         _____ Not to the best of my knowledge

If yes, describe the media subject to testing. _____

How many times was it tested? _____

Who conducted the test(s)? _____

Where? _____

When? _____

Did you or the person on whose behalf you are answering receive results?
_____ Yes _____ No _____ Not to the best of my knowledge

If yes, please state the numerical results to the best of your knowledge. _____

_____

Do you or the person on whose behalf you are answering have a copy of the results?
_____ Yes _____ No _____ Not to the best of my knowledge

G.        Have either you or the person on whose behalf you are answering been tested for the effects of radioactive materials on your health?
_____ Yes         _____ No         _____ Not to the best of my knowledge

If yes, what substances were tested for? _____

Who conducted the test(s)? _____

Where? _____

When? _____

Did you or the person on whose behalf you are answering receive results?
_____ Yes    _____ No    _____ Not to the best of my knowledge

If yes, please state the numerical results to the best of your knowledge. _____
_____

Do you or the person on whose behalf you are answering have a copy of the results?
_____ Yes    _____ No    _____ Not to the best of my knowledge

H.     Have either you or the person on whose behalf you are answering been contacted by anyone other than your attorney(s) who were doing a study of health problems at or near the any of the sites listed in this Questionnaire or seen the results of any such study?
_____ Yes    _____ No    _____ Not to the best of my knowledge

If yes, who contacted you or who conducted the study and what were the results, if any? _____
_____

I.     Has any healthcare provider told you or the person on whose behalf you are answering that the alleged injuries **for which you seek compensation in this lawsuit** are the result of exposure to radioactive material? _____ Yes    _____ No    _____ Not to the best of my knowledge

If yes, provide the healthcare provider's name and address and the approximate date for this conversation:_____
_____

Has any medical treatment provider ever told you or the person on whose behalf you are answering that any medical condition is/was caused by any of the defendants, any of the sites listed above, or any the substances identified in the complaint?

_____ Yes    _____ No    _____ Not to the best of my knowledge

If yes, identify the medical provider and any other individuals involved in the conversation. _____
_____

Identify when and where such conversation occurred. _____
_____

State in detail what that medical provider told you. _____
_____

21

## VII.    **Documents**

A.    Please sign and attach to this Questionnaire authorizations allowing for release of medical records, employment records (if you answered "yes" to questions II.M.1 and/or II.M.2), and military records (if you answered "yes" to questions II.M.1 and/or II.M.2).

B.    If completing this Questionnaire on behalf of a deceased person, please attach the legal documentation establishing that you are the legal representative of the estate and the Decedent's death certificate and autopsy report (if applicable).

C.    Please indicate whether you or your counsel have any of the following materials in your possession by placing a checkmark next to the word "yes" or "no."  **If yes, attach a copy of any such documents.**

1.    Documents that were provided to you by any of the defendants.  ____ Yes ____ No

2.    Documents reviewed to prepare the responses to this Questionnaire.
____ Yes ____ No

3.    Documents constituting any communications or correspondence between you and any representative of the defendants.  ____ Yes        ____ No

4.    Photographs, drawings, journals, slides, videos, DVDs or any other media relating to your alleged injury or your life after developing the injury that you allege is the result of your exposure to radioactive material.  ____ Yes        ____ No

5.    If you claim you have suffered a loss of earnings or earnings capacity, your federal tax returns beginning five (5) years before when your claim for lost wages began.
____ Yes        ____ No

**I declare under penalty of perjury that all of the information provided in this Questionnaire is true and correct to the best of my knowledge, information, and belief and that I have supplied all the documents requested in this Questionnaire, to the extent that such documents are in my possession or in the possession of my lawyers, and that I have signed, witnessed, and supplied the authorizations attached to this Verification.**

**Further, I acknowledge that I have an obligation to supplement the above responses if I learn that they are in some material respects incomplete or incorrect.**

Date:_____        _____

Signature