## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SCOTT D. MCCLURG, *et al.*, | ) |
| Plaintiffs, | ) ) ) ) |
| v. | ) Pertaining to Cases Consolidated for |
| MALLINCKRODT LLC, *et al.*, | ) Discovery and Pretrial Proceedings under ) Lead Case No. 4:12CV00361 AGF |
| Defendants. | ) ) ) |

### COTTER CORPORATION (N.S.L.)'S MOTION FOR PRETRIAL CONSOLIDATION

Defendant Cotter Corporation (N.S.L.) ("Cotter") moves the Court pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 42 – 4.03 to consolidate the following matter with the above-captioned Lead Case for pretrial purposes: *Strong, et al. v. Republic Services, Inc., et al.*, No. 4:18-cv-02043-JCH.

In support thereof, Cotter states as follows:

1. On March 23, 2018, the *Strong* Amended Complaint was filed by Don Strong, et al. in the Circuit Court of St. Louis County, State of Missouri. *See* Strong Dkt. 1-2.

2. On October 11, 2018, Bridgeton Landfill, LLC, a defendant in the *Strong* matter, filed a third-party petition against Cotter. *See* Strong Dkt. 1-4.

3. On December 7, 2018, Cotter removed the *Strong* matter to this Court, and it was assigned to the Honorable Catherine D. Perry. *See* Strong Dkt. 1.

4. On December 10, 2018 the *Strong* matter was reassigned to the Honorable Jean C. Hamilton. *See* Strong Dkt. 16.

5. Pursuant to Fed. R. Civ. P. 42(a), consolidation is appropriate when actions share "common questions of law or fact." Consolidation is warranted when the actions involve

"common parties, overlapping legal issues, and related factual scenarios." *Horizon Asset Mgmt., Inc. v. H & R Block, Inc.*, 580 F.3d 755, 768 (8th Cir. 2009).

6. The *McClurg* and *Strong* matters involve common questions of law and fact because both concern allegations of exposure to radioactive material that was processed as part of Manhattan Project and allegedly released by Cotter.

7. Specifically, in *McClurg*, the plaintiffs allege that Cotter handled radioactive waste at the Latty Avenue site, including 8,700 tons of leached barium sulfate residue, and disposed of it in the Westlake Landfill. *See, e.g.*, McClurg Second Amended Complaint, Dkt. 201 at ¶¶ 1, 50-51. Cotter's actions allegedly exposed the *McClurg* plaintiffs to radiation, causing personal injuries. *See, e.g.*, McClurg Dkt. 201 at ¶ 24.

8. Likewise, in *Strong*, the plaintiffs and third-party defendant allege that Cotter possessed and handled radioactive waste at Latty Avenue and disposed of it in the Westlake Landfill. *See* Strong Dkt. 1-2 at ¶¶ 42-44; Strong Dkt. 1-4 at ¶¶ 8-9, 12-18. Cotter's actions allegedly exposed the *Strong* plaintiffs to radiation, causing personal injuries. *See* Strong Dkt. 1-2 at ¶ 48, 60; Strong Dkt. 1-4 at ¶ 10.

9. In addition to involving common questions of law or fact, consolidation is also appropriate given the plain language of this Court's October 15, 2018 Case Management Order No. 14, which applies "to apply cases alleging Radionuclide Exposure Claim(s) against Cotter." *See* Dkt. 741 at 3.

10. *Strong* involves a Radionuclide Exposure Claim because, as discussed above in Paragraph 8, the *Strong* "claims aris[e] from, [are] related to or [are] in any way pertaining to any alleged exposure to . . . radionuclides arising from production of [Manhattan Project nuclear material] and allegedly released by . . . Cotter and/or other Persons or Entities in the St. Louis area after 1941, including any derivative or future claims." *See* McClurg Dkt. 741 at 3.

DB1/ 100995009.1

11. According to Chief Judge Rodney W. Sippel's October 15, 2018 Administrative Order, any cases against Cotter asserting Radionuclide Exposure Claims not already consolidated with *McClurg* "*shall*, on proper motion of a party and Order of Judge Fleissig, be transferred to the Hon. Audrey G. Fleissig for consolidated pretrial and discovery proceedings." Dkt. 742 (emphasis added).

12. There is also no unfair prejudice, given that this mass tort litigation has been proceeding for over six years and the highly publicized nature of the sites to which the plaintiffs have claimed exposure. *See* Dkt. 741, Findings of Fact and Conclusions of Law.

13. Consolidating these cases at this time would conserve judicial resources, prevent inconsistent pretrial rulings, and conserve resources of the parties by allowing a single Judge to oversee pre-trial matters.

14. Therefore, Cotter requests the *Strong* action be consolidated with the previously-consolidated actions for discovery and pretrial proceedings only, and defers to the Court to determine the appropriate time to transfer the consolidated matter back to the originally-assigned Judge.

15. This Court also recently consolidated four new cases filed by the same counsel that represents the *Strong* plaintiffs. *See* McClurg Dkt. 751.

16. Pursuant to Local Rule 42-4.03, Cotter has filed this motion in the case bearing the lowest case number and has filed a notice of the motion on the *Strong* docket.

WHEREFORE, Cotter respectfully requests that the Court consolidate the *Strong* action with the consolidated actions for pretrial purposes only, and for such other and further relief deemed necessary.

Dated:  December 12, 2018

Respectfully submitted,

/s/ J. Yasmin Tayyab
MORGAN, LEWIS & BOCKIUS LLP
J. Yasmin Tayyab (MO Bar No. 66820)
77 West Wacker Drive
Chicago, IL 60601-5094
Main: 312.324.1000
Fax: 312.324.1001
yasmin.tayyab@morganlewis.com

John McGahren (*pro hac vice application forthcoming*)
502 Carnegie Center
Princeton, NJ 08540-6241
Main: 1.609.919.6600
Fax: 1.609.919.6701
john.mcgahren@morganlewis.com

ATTORNEYS FOR DEFENDANT
COTTER CORPORATION (N.S.L.)

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2018, I electronically filed the above with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

/s/ J. Yasmin Tayyab
*Attorney for Defendant Cotter Corporation (N.S.L.)*