**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SCOTT D. MCCLURG, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MALLINCKRODT LLC, *et al.*, )<br>)<br>Defendants. )<br>) | Pertaining to Cases Consolidated for Discovery and Pretrial Proceedings under Lead Case No. 4:12-cv-00361-AGF<br><br>**COTTER'S REPLY BRIEF IN SUPPORT OF MOTION FOR PRETRIAL CONSOLIDATION** |

Defendant Cotter Corporation (N.S.L.) submits this Reply Brief in further support of its Motion to Consolidate *Strong, et al. v. Republic Services, Inc., et al.*, No. 4:18-cv-2043 with the above-captioned lead case for pretrial purposes (Dkt. 755) ("Motion"). With their opposition (Dkt. 756), the *Strong* Plaintiffs downplay the commonality of factual and legal questions between the *McClurg* and *Strong* lawsuits and misconstrue this Court's Case Management Order No. 14 (Dkt. 741). In doing so, the *Strong* Plaintiffs gloss over the undisputed fact that both cases involve allegations that plaintiffs were exposed to radionuclides that were allegedly released by Cotter and other Persons or Entities in the St. Louis area. As such, the *Strong* allegations fall squarely within this Court's Order pertaining to consolidation (Dkt. 741) and Chief Judge Sippel's Administrative Order (Dkt. 742). Thus, consolidation is appropriate, and the Court should grant Cotter's motion.

**I.   BECAUSE *STRONG* AND *MCCLURG* "INVOLVE A COMMON QUESTION OF FACT OR LAW," CONSOLIDATION IS APPROPRIATE**

Although the plain language of Rule 42 requires only *either* "a common question of fact *or* law," not both, consolidation is warranted because Cotter has demonstrated that *Strong* and *McClurg* share both. *See* Fed. R. Civ. P. 42 (emphasis added). Specifically, the cases involve a common question of fact because both concern allegations of exposure to radionuclides that were

allegedly released by Cotter (as well as other Entities, specifically, Bridgeton Landfill, LLC) ("Bridgeton"). Likewise, notwithstanding the *Strong* Plaintiffs' attempts to artfully plead around the Price-Anderson Act ("PAA"), both cases arise under this federal statute and stem from Cotter's operations at the Latty Avenue facility under a federal license with the Atomic Energy Commission. The Court will be required to make findings regarding any exceedances of federal dose limits, application of the federal standards of care (such as facility effluent limitations guidelines at the Latty Avenue fence line), compliance with regulations for unrestricted disposal of radionuclides from Latty Avenue to West Lake Landfill, causation of alleged damages by radionuclides from Latty Avenue, etc. For these reasons, consolidation is warranted.

a. **The Two Cases Involve a Common Question of Fact**

Contrary to the *Strong* Plaintiffs' assertion, *see* Dkt. 756 at 3, the facts of two cases do not have to be "the same" to warrant consolidation. Rather, two cases need involve only "*a common question of fact.*" *See* Fed. R. Civ. P. 42 (emphasis added). Given the overwhelming similarities between the two cases, Cotter easily meets this standard. As Cotter detailed in its Motion, the plaintiffs in both cases allege that Cotter possessed and handled radioactive material at Latty Avenue and disposed of it in West Lake Landfill. *See* Dkt. 755 at ¶¶ 7-8. Furthermore, Cotter's actions allegedly exposed plaintiffs from both cases to radiation, causing personal injuries. *See id.*

Additionally, the *Strong* Plaintiffs' argument that consolidation is not warranted because *Strong* and *McClurg* involve different parties is misplaced. Critically, the *Strong* Plaintiffs ignore that this Court's Order allows for consolidation when a claim alleges "exposure to . . . radionuclides . . . allegedly released by . . . *other Persons or Entities*." Dkt. 741 at 3 (emphasis added). As the Order expressly allows for consolidation involving other Entities (such as Bridgeton Landfill), the *Strong* Plaintiffs' contention that they "have sued neither Cotter nor

Mallinckrodt," *see* Dkt. 756 at 2, is irrelevant. This Court's Order clearly contemplates that cases involving defendants other than Cotter and Mallinckrodt can be consolidated with *McClurg*.

Rather than confront these realities head-on, the *Strong* Plaintiffs instead attempt to create a distinction between allegations concerning the Hazelwood Interim Storage Site ("HISS") and Latty Avenue, where none exists. Specifically, the *Strong* Plaintiffs contend that *Strong* does not involve allegations of exposure relating to HISS. *See* Dkt. 756 at 3. The Court should not be misled by these word games. As this Court is aware – from its six-plus years of overseeing the *McClurg* litigation – HISS is a part of Latty Avenue and has been used interchangeably with Latty Avenue. *See* https://www.mvs.usace.army.mil/Missions/FUSRAP/HISS/. Indeed, this Court's familiarity with the St. Louis area locations from which the radionuclides that allegedly ended up in West Lake Landfill originated, and the potential for exposures caused by those radionuclides, underscores why consolidation of *Strong* with *McClurg* is appropriate. It is due, in part, to this Court's subject matter expertise that Case Management Order No. 14 was entered, requiring consolidation of cases like *Strong*.

In short, these actions "involve a common question of fact" and common parties within the meaning of both Rule 42 and Case Management Order No. 14. Accordingly, the cases should be consolidated for pretrial purposes.

 **b. <u>The Two Cases Involve a Common Question of Law</u>**

Because Cotter has demonstrated that *Strong* and *McClurg* involve a common question of fact, this alone is enough to allow for consolidation. However, the commonality of legal issues also favors consolidation. Although the *Strong* Plaintiffs argue that the legal issues are distinct (PAA versus common law), they ignore that what they have pled is actually a PAA claim, which means that their state law causes of action are completely preempted. *See Aetna Health Inc. v.*

3

*Davila*, 542 U.S. 200, 207-08 (2004) (citation omitted) (noting that when a "'federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law'").

As Cotter detailed in its *Strong* Notice of Removal (4:18-cv-02043-JCH, Dkt. 1), pursuant to this "artful pleading doctrine," the *Strong* Plaintiffs "may not avoid federal jurisdiction by omitting from the complaint federal law essential to [their] claim or by casting in state terms a claim that can be made only under federal law." *Franchise Tax Bd. v. Constr. Laborers*, 463 U.S. 1, 22 (1983). In reality, the *Strong* Plaintiffs' claims are a PAA claim because they are claiming damages arising from a "nuclear incident," which is defined as "any occurrence . . . within the United States causing . . . bodily injury, sickness, disease, or death, or loss of or damage to property, or loss of use of property, arising out of or resulting from the radioactive . . . property of source, special nuclear, or byproduct material." 42 U.S.C. § 2014(q). Interpreting this statute, courts have ruled that that PAA is "broad enough to create a federal forum for any tort claims *even remotely involving* atomic energy production." *Kerr-McGee corp. v. Farley*, 115 F.3d 1498, 1504 (10th Cir. 1997) (emphasis added).

Plaintiffs' alleged injuries from exposure to radionuclides arise from Cotter's operations at the Latty Avenue (or HISS) facility under a federal license with the Atomic Energy Commission. As such, the Court will be required to make findings regarding any exceedances of federal dose limits, application of the federal regulations and standards of care (such as facility effluent limitations guidelines at the Latty Avenue fence line), compliance with regulations for unrestricted disposal of radionuclides from Latty Avenue to West Lake Landfill, causation of alleged damages by radionuclides from Latty Avenue, etc. These legal subject matters all fall squarely within this Court's particular knowledge from years of experience addressing cases

4

involving the St. Louis area locations (and operations) from which the radionuclides that allegedly ended up in West Lake Landfill originated.

With this standard in mind, the *Strong* claims in reality, are a PAA claim, meaning that *Strong* and *McClurg* involve a common question of law, further demonstrating that the cases should be consolidated.

## II. CONSOLIDATION SHOULD OCCUR PRIOR TO A DECISION ON THE MOTION TO REMAND

Plaintiffs' argument that the motion to remand should be decided before a decision on the instant Motion is rendered is premised on inapposite case law. Specifically, their reliance on *AUSA Life Insurance Co. v. Citigroup, Inc.*, 293 B.R. 471 (2002) is misplaced because that case involved a motion to transfer pursuant to 28 U.S.C. § 1404(a), not Federal Rule of Civil Procedure 42. *See* 28 U.S.C. § 1404(a) (weighing the convenience of the parties and witnesses and the interests of justice when determining a motion to transfer, rather than common issues of fact or law).

Moreover, although the *Strong* Plaintiffs contend that jurisdiction always must be decided before a motion to consolidate, transfer, or stay is decided, case law in the multidistrict litigation context shows that these latter motions are often not only decided but *granted* before decisions on motions to remand. *See In re Enron Corp. Sec., Derivatives & "ERISA" Litig.*, 227 F. Supp. 2d 1389, 1391 (J.P.M.L. 2002) (granting motion to transfer prior to motion to remand because four actions "involve common questions of fact with actions in this litigation"). The same concerns underlying the need for consistency in MDLs apply to the mass tort context, as exemplified by the *McClurg* consolidated actions. *See Peters v. Woodbury Cnty.*, 291 F.R.D. 316, 318 (N.D. Iowa 2013) (noting that consolidation should be granted to prevent the risk of inconsistent adjudications).

5

If cases were first consolidated with *McClurg* (prior to a decision on a motion to remand), this Court could then rule consistently on future motions to remand.  This would be a practical result, as future plaintiffs who dress their claims only in state law would have consistency (and thus, certainty) as to whether they will have their claims preempted by the PAA.  Such certainty is exactly why Rule 42 and orders such as those entered by this Court and Chief Judge Sippel exist.  For this reason, the motion to consolidate should be granted before the motion to remand is decided.

### III.   CONCLUSION

For the reasons set forth herein, Cotter respectfully requests that its Motion to Consolidate be granted.  The *Strong* and *McClurg* actions both involve questions of fact concerning exposure to radionuclides that was allegedly caused by Cotter and/other another Entity, within the meaning of the Administrative Order and CMO 14.  Moreover, both cases involve questions of law arising under the PAA.  Finally, allowing for consolidation before the motion to remand is decided would prevent inconsistent results both in this action and future-filed actions.[1]

Dated:  December 26, 2018              Respectfully submitted,

/s/ John McGahren
MORGAN, LEWIS & BOCKIUS LLP
John McGahren (*Pro Hac Vice*)
Sean Radomski (*Pro Hac Vice*)
502 Carnegie Center
Princeton, NJ 08540-6241
Main: 1.609.919.6600

---

[1] Plaintiffs also request - in the alternative - that this Court either "sever or strike the third-party claim." (Dkt. 23 at 6-7).  Cotter's understanding of the procedural posture of this case is that Your Honor cannot sever or strike a third-party claim before the *Strong* action is consolidated with *McClurg*, as the *Strong* action is not yet before Your Honor (*i.e.,* Plaintiffs' request can be considered only if and when *Strong* is consolidated with *McClurg*).  Therefore, Plaintiffs' alternative request should be denied.  Moreover, in the event this Court grants Cotter's motion to consolidate, the Court should not sever the third-party claim, for the reasons discussed above (*i.e.*, the allegations include exposure to radionuclides allegedly released by *other Persons or Entities* [which would include Bridgeton, Republic and Allied Services] within the meaning of the Administrative Order).

Fax: 1.609.919.6701
john.mcgahren@morganlewis.com
sean.radomski@morganlewis.com

Su Jin Kim (*Pro Hac Vice*)
1701 Market Street
Philadelphia, PA 19103
Main: 215.963.5000
Fax: 215.963.5001
su.kim@morganlewis.com

BRYAN CAVE LEIGHTON PAISNER LLP
Dale A. Guariglia, Mo. Bar 32988
Erin L. Brooks, Mo. Bar 62764
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
(314) 259-2000 (telephone)
(314) 259-2020 (facsimile)
daguariglia@bclplaw.com
erin.brooks@bclplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of December, 2018, I electronically filed the above with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

/s/ John McGahren
*Attorney for Defendant Cotter Corporation (N.S.L.)*