UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT D. MCCLURG, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | No. 4:12-CV-00361-AGF |
| MALLINCKRODT, LLC, et al., ) | Lead Case |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the parties' notices (ECF Nos. 767 &768) advising the Court of their disagreement with respect to the proposed schedule for the following newly consolidated cases: *Butler v. Mallinckrodt LLC*, No. 4:18-cv-01701-AGF; *Koterba v. Mallinckrodt LLC*, No. 4:18-cv-01702-AGF; *Hines v. Mallinckrodt LLC*, No. 4:18-cv-01703-AGF; and *Walick v. Mallinckrodt LLC*, No. 4:18-cv-01704-AGF (collectively, the "*Butler* cases"). Before resolving these disputes, the Court wishes to remind the parties of the procedural history of this case and to ask the parties the parties to meet and confer regarding whether a schedule of the type previously imposed continues to be efficient.

## BACKGROUND

This mass tort litigation was first filed in 2012, and since then, claims by hundreds of plaintiffs have been consolidated before the undersigned. Early on in the case, in lieu of a Case Management Order ("CMO") patterned after *Lore v. Lone Pine Corp.*, No. L

33606-85, 1986 WL 637507 (N.J. Super. Ct. Law Div., Nov. 18, 1986) ("*Lone Pine*"),[1] which Plaintiffs opposed, the Court ordered Plaintiffs to disclose to Defendants, within 60 days of filing suit, certain basic information about the nature of their claims, including a preliminary expert report regarding Plaintiffs' alleged exposure to radiation. ECF Nos. 231 & 286. The Court also imposed a staggered discovery and pretrial schedule, based on the parties' identification, early on in this litigation, of "common issues" that could be applicable to all or a substantial number of the hundreds of Plaintiffs. These common issues were defined in Case Management Order No. 1 (ECF No. 286), entered on April 17, 2015, and supplemented by the parties on November 4, 2015, as set forth in ECF Nos. 324 & 325.[2]

Accordingly, CMO Nos. 1 through 13 staggered discovery and pretrial motions such that the first phase of fact discovery, expert designations, and *Daubert* and dispositive motions was limited to common issues, and the second phase of these pretrial proceedings was to be devoted to preparing a representative group of Plaintiffs for individual trials. The second phase addressed full discovery, expert designations, and *Daubert* and dispositive motions applicable to each representative plaintiff's individual

---

[1] In *Lone Pine*, the court required the plaintiffs in a mass toxic tort action to make a prima facie showing of exposure and causation before full discovery and other procedures were permitted. 1986 WL 635707 (N.J. Sup. Ct. Nov. 18, 1986).

[2] The Court also clarified on May 31, 2016, that the second common issue defined in CMO No. 1 referred to the type, amount, and level of radioactive material attributable to Defendants at the locations where Plaintiffs were allegedly exposed. However, Defendants could also assume the burden of going forward that the issue of whether the level of exposure alleged by Plaintiffs was sufficient to cause their injuries was a common issue capable of being resolved by dispositive motion at the common issues stage. *See* ECF No. 391.

claims. The phases were staggered but overlapped, so, for example, all individual discovery in the second phase was to be completed by approximately five months after the close of common issues discovery, and, likewise, expert disclosures related to case-specific issues were due approximately five months after common issues expert disclosures. *See, e.g.*, ECF No. 732 (CMO No. 13, dated August 15, 2018).

Most, if not all, of the hundreds of Plaintiffs are now subject to Master Settlement Agreements executed on September 12, 2018, and have been temporarily stayed while those settlement negotiations are pending. On October 15, 2018, the Court entered CMO No. 14 (ECF No. 741), with respect to Plaintiffs who were not previously parties to this consolidated litigation, such as the *Butler* Plaintiffs. In light of the complexity of these consolidated cases, particularly with respect to causation, the Court in CMO No. 14 expanded upon the early, *Lone-Pine*-like showing that Plaintiffs must make before proceeding with more detailed and expansive discovery. In particular, the Court required more complete early expert disclosures in the form of case-specific expert reports addressing issues such as radiation dose and general and specific causation for the injuries alleged. ECF No. 741 at 8-11.

## **DISCUSSION**

In light of this procedural history, the Court turns back to the parties' current scheduling dispute in the *Butler* cases. Both sides propose some sort of phased or staggered discovery and pretrial schedule, but instead of the common issues previously defined, the parties refer to the "issues required and outlined in CMO No. 14." The Court assumes that the parties are referring to the issues to be addressed in the early, case-

specific expert reports required to be produced under CMO No. 14. These issues relate to each individual plaintiff's prima facie claim and, as such, are not the sort of common issues previously identified as warranting phased or staggered discovery. It may well be that, given the amount of discovery conducted previously, further discovery on common issues is not necessary, or that, in light of the significantly smaller number of plaintiffs in the *Butler* cases, a staggered common issues schedule is no longer efficient or appropriate. The Court will ask the parties to confer on these issues before entering any scheduling order with respect to the *Butler* cases.

Specifically, the parties are directed to consider:

1. Whether the parties wish to stagger pretrial proceedings related to common issues, as defined above, and to the individual plaintiffs' claims. *See* ECF Nos. 286, 324, 325 & 391.

2. If the parties wish to stagger pretrial proceedings related to common issues, whether the parties wish to engage in further discovery related to common issues, and if so:
    a.    a schedule for additional discovery on common issues;

    b.    deadlines for Plaintiffs to disclose the summaries and reports required by Rule 26(a)(2)(B) and (C), Fed. R. Civ. P., for any expert they intend to call at trial to address common issues; the deposition of said experts; Defendants to disclose the summaries and reports required by Rule 26(a)(2)(B) and (C), Fed. R. Civ. P., for any expert they intend to call at trial to address common issues; and the deposition of said experts;[3]

    c.    a schedule for any *Daubert* motions related to expert witnesses identified to testify regarding common issues;

    d.    deadlines for any motion for summary judgment related to allegedly case dispositive common issues, and for briefing of the same; and

---

[3] The Court notes that this is the stage of the common issues phase at which the previously consolidated cases were at when the parties entered into the Master Settlement Agreements, and further proceedings were stayed.

e. a schedule for the commencement and conduct of discovery and for the filing of any remaining *Daubert* and summary judgment motions related to the individual Plaintiffs' claims.

3. If the parties do not wish to stagger pretrial proceedings related to common and individual issues, deadlines for the parties to complete discovery on the merits; for the disclosure and depositions of Plaintiffs' experts and Defendants' experts; for the filing of any *Daubert* motions; and for the filing and briefing of case dispositive motions.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the parties in *Butler v. Mallinckrodt LLC*, No. 4:18-cv-01701-AGF; *Koterba v. Mallinckrodt LLC*, No. 4:18-cv-01702-AGF; *Hines v. Mallinckrodt LLC*, No. 4:18-cv-01703-AGF; and *Walick v. Mallinckrodt LLC*, No. 4:18-cv-01704-AGF, shall meet and confer in good faith, attempt to reach agreement, and no later than **14 days** from the date of this Memorandum & Order, file a notice advising the Court of their agreed or respective positions with respect to the matters set forth above.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of February, 2019.