RECEIVED
NOV 25 2019
BY MAIL

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT D. McCLURG, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ) <br> MI HOLDINGS, INC., et al., ) <br> ) <br> Defendant ) | No.: 4:12CV00361AGF <br><br><br><br> Consolidated for Discovery and Pretrial Proceedings with |
| PAULETTE M. ADAMS, et al., ) <br> ) <br> Plaintiffs. ) <br> ) <br> vs. ) <br> ) <br> MH HOLDINGS, INC., et al., ) <br> ) <br> Defendants. ) | <br><br><br> No.: 12CV00641AGF |

**PLAINTIFFS' MOTION TO OBJECT TO PROPOSED SETTLEMENT**

COMES now, Shelia Thompson, *pro se*, and for her Motion to Object to Proposed Settlement, states as follows:

In compliance with the proposed Settlement Agreement ("Settlement Agreement," "Settlement," or "SA"), the Preliminary Approval Order, and the Long Form Notice in the above-captioned matter, Shelia Thompson residing at #6 Shamblin, St. Louis, Missouri 63033, ("Objector"), files this Objection to the proposed Settlement Agreement. The Objector is the biological daughter and heir at law of Plaintiff Mamie Hall, ("Deceased" or "Decedent"), a member of the Plaintiffs' Class (Spouse, living children, the living grandchildren or parents of the deceased) because the Deceased sustained serious personal and physical injuries, resulting in

1 | Page

and proximately caused by the release of contaminants at Coldwater Creek for the period of time set out in the Complaint. Objector intends to appear in court on December 6, 2019 to argue at the Proposed Settlement Hearing ("the Hearing"). At the Hearing Objector will present this Objection with supporting documents attached as exhibits to this motion. Objector has not submitted any objection in state or federal court in the United States in the past five years. Objector's counsel has submitted one objection in state or federal court in the United States in the past five years.

I.   INTRODUCTION

Objector opposes the Settlement in its present form and proposes the Settlement be denied for the following reasons: First, the Proposed Settlement amount of $44,500.00 I alleged to be exclusive of a Medicare lien in the amount of $1,800.00. Objector states that this "conditional payment" is inaccurate and further, that counsel for Decedent has expressed his intention to retain $20,000.00 and hold said funds in escrow to satisfy the aforementioned Medicare lien.

II.   OBJECTION TO CLASS ACTION SETTLEMENT

In or around October, 2019 Objector was given notice that counsel for Decedent intends to retain in escrow $20,000.00 for an indefinite period of time, until the purported Medicare lien can be accurately determined and resolved. Objector has been in contact with the Social Security Administration and representatives from Medicare for the purpose of determining whether or not the purported lien is accurate, and Objector has learned through diligent effort that no Medicare lien, or any lien, exists, so as to justify Decedent's counsel's retention of $20,000.00 in escrow for an indefinite period of time.

"The court has a fiduciary responsibility as guardian[] of the rights of the absentee class members when deciding whether to approve a settlement agreement." *Kullar v. Foot Locker Retail, Inc.*, 168 Cal.App.4th 116, 129 (2008). In this capacity, the court must conduct "a careful fairness review of the Proposed Settlement." *Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224, 239-240 (2001). The Proposed Settlement should be denied because the settlement amount to which the Deceased's estate is entitled should not be reduced by any lien, Medicare or otherwise.

Any attempt to include in a class settlement terms or conditions which are outside the scope of the operative complaint should be closely scrutinized by the trial court to determine if the plaintiff's interests are adequately represented. *Trotsky v. Los Angeles Fed. Sav. & Loan Assn.*, 48 Cal.App.3d 134, 148 (1975). Objector contends the Proposed Settlement terms do not adequately represent Decedent's interests, and therefore, the court must deny Plaintiff's Motion to Approve Proposed Settlement.

The notice, provided by Decedent's counsel fails to set out the specific dollar amount of any purported Medicare lien, and as such the notice fails to apprise the Decedent's heirs of the specific dollar amount to which Decedent's estate is entitled. Without knowledge of the specific dollar amount of the funds o which the Decedent's estate is entitled Objector is not in a position to assess whether the Proposed Settlement is fair and reasonable.

Objector quite simply has not received proper and adequate notice, and a settlement cannot release claims for which Class members did not receive adequate notice. "[N]otice given to the class must fairly apprise the class members of the terms of the proposed compromise and of the options open to dissenting class members." *Wershba*, 91 Cal.App.4th at 251-52 (citing *Trotsky v. Los Angeles Fed. Sav. & Loan Assn.* (1975), 48 Cal.App.3d 134, 151–52). Moreover, the

3 | Page

purpose of class notice is to give class members sufficient information to decide whether they should accept the benefits offered, opt out and pursue their own remedies, or object to the settlement. (Id.) "[N]otice that fails to inform the class of the full extent of their release of liability is a material omission that renders the notice inadequate." *Nunez v. BAE Sys. San Diego Ship Repair, Inc.*, No.: 16-CV-2162 JLS (NLS), 2017 WL 3276843 at *3-4 (S.D. Cal. August 2, 2017). "Notice is not adequate if it misleads potential class members." Decedent's counsel's class notice, which failed to notify Class members of the nature and extent of all liens, including, but not limited to, Medicare liens, failed to "inform the class of the full extent of their release of liability [which constitutes] a material omission that renders the notice inadequate." *Nunez*, 2017 WL 3276843 at *3-4. Therefore, Class members were not given sufficient information to decide whether they should accept the benefits offered, opt out and pursue their own remedies, or object to the settlement. *Wershba*, 91 Cal.App.4th at 251-52.

Furthermore, the class notice is misleading as it states Decedent's estate will be required to pay attorney's fees out of the proposed $44,000.00 settlement amount. Objector contends that Decedent's counsel's attorney's fees must be paid out of the class settlement, not out of Decedent's share of the settlement proceeds. Objector is aware of no written attorney-client contract between Decedent and counsel for decedent that support's Decedent's counsel's position in this regard. Accordingly, the settlement amount does not adequately reflect Decedent's interests and materially misstates the value of Decedent's claim for personal injuries that resulted din Decedent's untimely death.

III. Conclusion

For the reasons stated herein, and any argument provided by Objector at the Proposed Settlement Hearing, the Proposed Settlement should be denied.

Respectfully submitted,

*[signature]*

Shelia Thompson, *pro se*, Objector
6 Shamblin
St. Louis, MO 63033
314-753-9931
qknappee31@yahoo.com

## CERTIFICATE OF SERVICE

Objector certifies that a true and correct copy of the foregoing was served on counsel of record for Mamie Hall on this 22nd day of November, 2019 by first-class mail, postage prepaid, by depositing a copy of this motion in the U.S. mail, addressed to: Tor Hoerman Law, LLC, 210 S. Main Street, Edwardsville, IL 62025

*[signature]*

Shelia Thompson, *pro se*, Objector

#6 SHAMBLIN
ST. LOUIS MO 63033

ST LOUIS
MO 630
23 NOV '19
PM 5 L



RECEIVED
NOV 25 2019
BY MAIL

U.S. DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
111 S. 10TH STREET
ST. LOUIS MO 63102

63102-112894