UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT D. MCCLURG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 4:12-CV-00361-AGF |
| MALLINCKRODT, LLC, et al., | ) | Lead Case |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs'[1] motion for reconsideration of the Court's May 2, 2017 Order (ECF No. 557), which held with respect to cases that had been consolidated at that time and for reasons stated previously in a December 9, 2016 Memorandum and Order (ECF No. 467) granting in part Defendants' motion for a protective order:

> Plaintiffs shall continue to comply with their obligation to produce records in their possession and shall pay 25% of the costs incurred in collecting and maintaining additional records of Plaintiffs through third-party vendor the Marker Group, in exchange for full access to all records collected and maintained in the Marker Group's portal, subject to reconsideration if the parties demonstrate this allocation is unreasonable or that an offset or credit is appropriate for records already collected and produced by Plaintiffs.

ECF No. 557 at 2.

Defendants assert that they collected records through the Marker Group from December 2016 through May 2017, and paid approximately $401,494.10 to the Marker

---

[1] The Plaintiffs at issue in this Order are those who filed suit before September 12, 2018, and who are represented by primarily by Tor Hoerman Law LLC.

Group for such records. It is undisputed that Plaintiffs never paid for the records that Defendants collected from December 2016 through May 2017, and also never received access to those records. Further, Defendants do not dispute that Plaintiffs were not provided detailed invoices for these records until two years after the relevant time, and Plaintiffs dispute the propriety of some of the charges.

Defendants contend that Plaintiffs' counsel never received access because Plaintiffs were only permitted access to records for which they paid. Nevertheless, Defendants maintain that, pursuant to the May 2, 2017 Order, Plaintiffs owe them 25% of this amount, or $100,373.78.

Since this issue first arose, the Court has consistently encouraged the parties to mediate any issues regarding record collection and cost sharing with the Special Master appointed in this case. By July of 2018, the parties were engaged in serious settlement discussions, and they reached a settlement agreement shortly thereafter. However, the parties failed to resolve—or even, it seems, address—this issue as part of their overall settlement negotiations. Rather, they raise the issue now, post-settlement, and ask the Court to resolve it.

Upon review of the record and careful consideration of the parties' arguments, the Court will grant Plaintiffs' motion. As an initial matter, it is not clear to the Court that the May 2, 2017 Order applied to records collected prior to that date, as opposed to records collected going forward. Moreover, the Order itself contemplated cost-sharing only "in exchange for" Plaintiffs' access to such records. Indeed, the idea of cost-sharing arose primarily because Plaintiffs sought production of the records Defendants had

2

collected. *See, e.g.*, Defs.' Mot. for Protective Order, ECF No. 428.

Defendants' assertion that Plaintiffs no longer desire access only because the cases have settled is irrelevant. The Order to share costs was premised on access. The Court will not order Plaintiffs to share the cost of collection of the records at issue and, likewise, Plaintiffs will not have access to those records.

If Defendants believed that they bore an undue burden with respect to the record collection at issue, they could have filed a motion to that effect before the cases settled or, at a minimum, addressed the issue during and as part of the settlement discussions. They did not do so, and as such, they bore the risk that they would not be reimbursed for the records to which they alone had access. Further, Defendants' delay in producing the relevant invoices frustrated Plaintiffs' ability to address any disputes and obtain access while it was relevant.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for reconsideration of the Court's May 2, 2017 Order is **GRANTED** as set forth above. ECF No. 800.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2020.