UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT D. MCCLURG, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | No. 4:12-CV-00361-AGF |
| MALLINCKRODT, LLC, et al., ) | Lead Case |
| ) | |
| Defendants. ) | |

## CASE MANAGEMENT ORDER NO. 2 REGARDING
## *BUTLER V. MALLINCKRODT LLC*, NO. 4:18-CV-01701-AGF, ET AL.

This matter is before the Court on Defendants' motion (ECF No. 859), in *Butler v. Mallinckrodt LLC*, No. 4:18-cv-01701-AGF; *Koterba v. Mallinckrodt LLC*, No. 4:18-cv-01702-AGF; *Hines v. Mallinckrodt LLC*, No. 4:18-cv-01703-AGF; and *Walick v. Mallinckrodt LLC*, No. 4:18-cv-01704-AGF (collectively, "*Butler*"), for a 70-day extension of all remaining deadlines in the applicable CMO, including expert deposition deadlines, in light of the coronavirus (COVID-19) pandemic.  Plaintiffs respond (ECF No. 867) that they consent to a 70-day extension, but they request that as part of any extension, the Court order that, in light of the COVID-19 pandemic, any depositions may be conducted remotely in order to meet the extended deadlines.  Defendants have not filed a reply, and the time to do so has passed.

Upon careful consideration, the Court is persuaded by Plaintiffs' argument that use of remote means may be necessary in light of the uncertainties surrounding the COVID-19 pandemic.  However, the Court will extend the deadlines by 90, rather than 70 days, in

order to increase the chances that Defendants will be able to proceed in person, as they prefer.

Accordingly, Defendants' motion to extend CMO deadline sis **GRANTED in part** (ECF No. 859), such that the following amended schedule shall apply in these cases:

1. Plaintiffs shall provide the summaries and reports required by Rule 26(a)(2)(B) and (C), Fed. R. Civ, P., that were not otherwise required by CMO 14, for any expert they intend to call at trial, by **August 1, 2019**, and make these experts available for deposition with agreement of opposing counsel by **October 1, 2019**.

2. Defendants shall identify and provide the summaries and reports required by Rule 26(a)(2)(B) and (C), Fed. R. Civ, P., for any expert they intend to call at trial by **December 6, 2019**, and make these experts available for deposition with agreement of opposing counsel by **August 20, 2020**.

3. To the extent a party desires to disclose any rebuttal experts, the party shall file a motion for leave to do so by **September 8, 2020**. Rebuttal experts shall be permitted only upon good cause shown or agreement of the parties. To the extent any rebuttal experts are permitted, depositions of the rebuttal experts shall be completed within **21 days** of the Court's ruling.

4. The parties shall complete all discovery in these cases no later than **October 1, 2020**.

5. The parties shall work with one another, in good faith, to try to conduct the depositions of experts in person. However, if in-person depositions are not reasonably possible in this extended timeframe, in light of the current COVID -19 pandemic, any depositions conducted in this case may be done so remotely in order to meet these deadlines.

6. Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

7. Any motions related to *Daubert* must be filed on or before **October 8, 2020**. Responses shall be filed no later than **28 days** of any motions, and any reply shall be filed within **14 days** of any response.

8.	Any motions for summary judgment or motions for judgment on the pleadings must be filed within **21 days** of the ruling on the last *Daubert* motion, if not filed sooner.  Responses shall be filed within **28 days** of any motions, and any reply shall be filed within **14 days** of any response.

After the Court rules on the above motions, it will transfer any remaining cases back to the original judge(s) for trial.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 12th day of May, 2020.