**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SCOTT D. MCCLURG, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | No. 4:12-CV-00361-AGF |
| MALLINCKRODT, LLC, et al., ) | Lead Case |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiffs in these consolidated actions seek damages under the Price-Anderson Act ("PAA") as amended, 42 U.S.C. §§ 2014, 2210, for injuries or death allegedly resulting from exposure to hazardous, toxic, and radioactive substances owned by the United States and handled by Defendants Mallinckrodt, Inc. and Cotter Corporation at various times between 1942 and 1973. The sole claim in each complaint is a "public liability action" under the PAA, asserting that each Defendant's conduct constituted a "nuclear incident" within the meaning of the PAA, thus exposing each Defendant to liability for the resulting injuries to Plaintiffs.

Most of the hundreds of consolidated cases are now subject to Master Settlement Agreements ("MSAs") executed on September 12, 2018, and amended on April 29, 2019, which were negotiated and agreed to with the assistance of a Court-appointed Special Master. The MSAs provided for lump-sum payments by Defendants to be divided among the applicable Plaintiffs according to predetermined criteria as determined by the Special

Master.  According to Plaintiffs, the United States Centers for Medicare & Medicaid Services ("CMS") has asserted a right to recovery with respect to some Plaintiffs' settlements, pursuant to the Medicare Act's Secondary Payer provision ("MSP"), 42 U.S.C. § 1395y(b)(2).

The matter is now before the Court on the motion (ECF No. 842) of 256 such Plaintiffs (hereinafter, "Plaintiffs") for: (1) a declaration that CMS has no right to recovery with respect to Plaintiffs' settlements; (2) an allocation of settlement proceeds between healthcare items and services and non-healthcare damages; and (3) joinder of Alex M. Azar II, the Secretary of the United States Department of Health and Human Services ("HHS"), as a necessary party.  For the reasons set forth below, the Court will deny this motion.

## BACKGROUND

Plaintiffs assert that they attempted to negotiate with CMS, through a third-party lien resolution provider, to resolve any Medicare reimbursement claims associated with the settlements on an aggregate basis.  Those negotiations have been unsuccessful so far, and the claims are therefore proceeding on an individual basis through the administrative review process set forth in the Medicare Act and related regulations.  Plaintiffs admittedly have not exhausted this administrative review process.

Instead, Plaintiffs filed the instant motion on March 12, 2020.  As noted above, Plaintiffs seek from this Court:  (1) a declaration that CMS has no right to recovery with respect to Plaintiffs' settlements; (2) an allocation of settlement proceeds between

healthcare items and services and non-healthcare damages; and (3) an order joining the Secretary of HHS as a necessary party.

In support of their first request, Plaintiffs argue that CMS has no right to recovery arising from Plaintiffs' settlements because the events giving rise to the need for medical services here—including Defendants' alleged wrongful handling of the substances at issue, Plaintiffs' meaningful exposures to those substances, and Plaintiffs' resulting injuries—all occurred before December 5, 1980, when the MSP became effective. Plaintiffs rely on federal regulations implementing the MSP, which provide that such regulations do not "apply to any services required because of accidents that occurred before December 5, 1980." *See* 42 C.F.R. § 411.50(a).

Plaintiffs contend that the Court has subject-matter jurisdiction to grant their requested declaratory relief under the broad grant of jurisdiction over PAA public liability actions, pursuant to 42 U.S.C. § 2210(n)(2). *See* 42 U.S.C. § 2210(n)(2) ("With respect to any public liability action arising out of or resulting from a nuclear incident, the United States district court in the district where the nuclear incident takes place . . . shall have original jurisdiction without regard to the citizenship of any party or the amount in controversy."). Plaintiffs acknowledge that, generally, claims arising under the Medicare Act must proceed through the administrative review process before judicial review is sought. However, Plaintiffs argue that exhaustion of the administrative review process is not required here because Plaintiffs' claims do not arise under the Medicare Act and, even if they did, the Medicare Act does not divest the Court's jurisdiction under the PAA.

3

Next, Plaintiffs seek an allocation of their settlement proceeds between healthcare items and services and non-healthcare damages, such as pain and suffering and loss of enjoyment of life.[1]  Plaintiffs assert that the allocation "should reflect, among other things, the amount of each Plaintiff's pre- and post- December 5, 1980 exposure."  ECF No. 842 at 14.  Plaintiffs contend that under Medicare's Secondary Payer Manual, Medicare will defer to a court's decision "on the merits" that portions of liability payments are for losses other than medical services, and that Medicare will not seek recovery from those portions.  Plaintiffs assert that the same is true for Medicaid.  As such, Plaintiffs maintain that an allocation of settlement amounts between healthcare and non-healthcare services "is needed to determine the amount of settlement proceeds on which CMS and state Medicaid programs may or will base their liens."  *Id.* at 15.

Plaintiffs state that the Court and the Special Master are familiar with the history of this litigation, the types of damages available to Plaintiffs, and the basis for allocation of the settlement amounts to each Plaintiff.  Thus, "Plaintiffs propose that the Court direct the Special Master to make an allocation on the merits between medical and non-medical expenses in a global allocation covering all Plaintiffs"; that the Special Master report to the Court the factual basis for such allocation; and that the Court thereafter "uphold, reject, or modify the allocations, or remand the Special Master for further consideration and resubmission."  *Id.* at 15-16.

---

[1]  Plaintiffs do not indicate whether their request for an allocation is in addition to, or an alternative to, their request for declaratory relief.

Plaintiffs contend that the Court has subject-matter jurisdiction to allocate the damages as set forth above as part of its general jurisdiction over this case pursuant to the PAA and 28 U.S.C. § 1331.  Plaintiffs further maintain that the Medicare Act does not divest the Court of jurisdiction because Plaintiffs are not asking for relief under the Medicare Act but merely a judicial determination on the merits, which Plaintiffs expect CMS to honor in any administrative proceeding under the Medicare Act.

Finally, Plaintiffs seek an order joining the Secretary of HHS as a necessary party under Federal Rule of Civil Procedure 19.  Plaintiffs assert that the Secretary claims an interest in the form of Medicare reimbursement claims that relate to the subject of this action and is so situated that disposing of the action without the Secretary may as a practical matter impair or impede the Secretary's ability to protect his interest and may subject Plaintiffs to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

## DISCUSSION

### Request for Declaration

The MSP provides, in relevant part, that Medicare is a secondary source of payment and, therefore, in certain situations must be reimbursed for medical expenses that Medicare has paid on behalf of the injured party.  42 U.S.C. § 1395y(b)(2)(B)(i).  In particular, Medicare "becomes obligated as a secondary payer only when a 'primary plan' has not or cannot promptly pay a claim and expressly reserves the right to reimbursement from a primary plan, and from an entity that receives payment from a primary plan."  *Fortner v. Price*, No. 1:16-CV-279 SNLJ, 2017 WL 1177712, at *2 (E.D.

5

Mo. Mar. 30, 2017) (cleaned up and citations omitted); 42 U.S.C. §§ 1395y(b)(2) & (b)(2)(B)(ii). "A tortfeasor against whom a judgment is rendered or settlement obtained is considered a 'primary payer' under the MSP." *Id.* (citing *Hadden v. United States*, 661 F.3d 298, 300 (6th Cir. 2011)). "Thus, a successful plaintiff in a civil action that received a settlement or judgment from the tortfeasor is an entity that receives payment from a primary plan, e.g. the tortfeasor." *Id.*

The Medicare Act and its related regulations set forth a detailed administrative review process through which such claims for reimbursement are to be adjudicated; the Act incorporates by reference the review processes specified for social security benefits. *See* 42 U.S.C. § 1395ff(b)(1); *see also Fanning v. United States,* 346 F.3d 386, 400–01 (3rd Cir. 2003) (describing review process). After receiving an unfavorable initial determination from the agency, a beneficiary may request reconsideration of the agency's decision, then request a hearing before an Administrative Law Judge ("ALJ") to appeal the agency's renewed decision, and finally request a review of the ALJ's decision by the departmental appeal board. *Id.*; *Heckler v. Ringer,* 466 U.S. 602, 606 (1984).

Only after the beneficiary has completed the administrative review process and the Secretary has issued a "final decision," may the beneficiary file an action for judicial review in federal district court. *Id.*; *Heckler,* 466 U.S. at 605-06; 42 U.S.C. § 405(g). Title 42 U.S.C. § 405(h), which is incorporated into the Medicare Act by 42 U.S.C. 1395ii, provides that "[n]o findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or governmental agency except as herein provided," and that "[n]o action against the United States, the [Secretary], or any officer or employee

6

thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h).

The United States Supreme Court has recognized this language as creating a jurisdictional bar that plaintiffs must meet before their claims are properly brought before a federal court. *Weinberger v. Salfi,* 422 U.S. 749, 764 (1975) ("We interpret the first requirement [a final decision of the Secretary made after a hearing], however, to be central to the requisite grant of subject-matter jurisdiction"); *accord Heckler,* 466 U.S. at 614-15; *Anderson v. Sullivan,* 959 F.2d 690, 692 (8th Cir. 1992) (holding that the Medicare Act "precludes general federal subject matter jurisdiction until administrative remedies have been exhausted"). In other words, § 405(h) "demands the 'channeling' of virtually all legal attacks through the agency." *Shalala v. Ill. Council on Long Term Care, Inc.,* 529 U.S. 1, 13 (2000). "Generally, a [plaintiff] who fails to exhaust its administrative remedies will be precluded from seeking relief in federal court." *In Home Health, Inc. v. Shalala,* 272 F.3d 554, 559 (8th Cir .2001) (citations omitted).

The "inquiry in determining whether § 405(h) bars federal-question jurisdiction must be whether the claim 'arises under' the Act." *Heckler*, 466 U.S. at 615. "What constitutes 'arising under' the Medicare Act has been interpreted quite broadly," and "a claim is considered to arise under the Act if both the standing and the substantive basis for the presentation of the claim is the Act, or if the claim is inextricably intertwined with the Act." *Trostle v. Centers for Medicare & Medicaid Servs.*, 709 F. App'x 736, 739 (3d Cir. 2017) (quoting *Heckler*, 466 U.S. at 614-15).

7

That is the case here. Plaintiffs' claim that CMS is not entitled to reimbursement from their settlement proceeds requires interpretation of the Medicare Act, including how to apply the effective date of the Act. *See, e.g.*, *Johnson v. U.S. Dep't of Health & Human Servs.*, 142 F. App'x 803, 804 (5th Cir. 2005) ("Because Johnson's claim that the Department of Health and Human Services (DHHS) is not entitled to reimbursement from his settlement proceeds requires interpretation of the Medicare Secondary Payer statute, 42 U.S.C. § 1395y(b)(2), the claim arises under the Medicare Act."); *Taransky v. Sec'y of U.S. Dep't of Health & Human Servs.*, 760 F.3d 307, 321 (3d Cir. 2014) (holding that an individual's claim that the "agency has misinterpreted its right to reimbursement under the MSP Act" arose under the Medicare Act and the federal court thus lacked jurisdiction until the individual exhausted her administrative remedies); *Fanning*, 346 F.3d at 401 (holding that "a challenge to the right of Medicare to seek reimbursement of alleged overpayments from a trust fund created as a result of a settlement with a tortfeasor" arises under the Medicare Act).

Plaintiffs' attempt to invoke the Court's jurisdiction simply because the Court had jurisdiction over the underlying litigation out of which the settlement arose is without merit. *See In re Asbestos Prod. Liab. Litig. (No. IV)*, No. CIV.A. 95-1173, 2014 WL 763172, at *2–3 (E.D. Pa. Feb. 25, 2014) (rejecting the plaintiff's argument that a federal court retained jurisdiction over a claim challenging CMS's entitlement to recover Medicare payments out of settlement proceeds from an asbestos lawsuit, notwithstanding that the court presided over the underlying lawsuit, because the plaintiff's claim was

8

"wholly dependent upon determining whether or not CMS will correctly interpret the Medicare Act").

Neither is the Court persuaded by Plaintiffs' argument that the jurisdictional analysis here differs from the cases noted above merely because the underlying litigation here is a public liability action under the PAA, as opposed to a case arising under any other federal law. Plaintiffs rely on the language in § 405(h) that "[n]o action . . . shall be brought *under section 1331 or 1346* of Title 28 to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h) (emphasis added). Plaintiffs maintain that their action is brought under the specific grant of jurisdiction provided by § 2210(n) of the PAA, rather than under 28 U.S.C. § 1331's more general grant of federal-question jurisdiction.

Plaintiffs have not cited, and the Court has not found, any case addressing the application of § 405(h) in the particular context of a PAA public liability action. But as one court observed, the jurisdictional grant in § 2210(n)(2) appears to have been unnecessary because "any suit 'asserting public liability' under 42 U.S.C. § 2210 is a civil action arising under the laws of the United States over which a federal court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331." *See Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1137 (10th Cir. 2010). Indeed, in their complaints asserting their PAA public liability actions, Plaintiffs invoked the Court's jurisdiction under both § 1331 and § 2210(n)(2). *See* ECF No. 592, Third Am. Compl. ¶ 22. Thus, the Court concludes that § 405(h)'s jurisdictional bar applies here.

While the Court sympathizes with Plaintiffs' frustration with the drawn-out nature of the administrative review process, Congress has determined that the benefits of

9

exhaustion outweigh the price of this delay. Specifically, exhaustion here would provide the reviewing court a complete record, including the reasoned opinion of an ALJ and, possibly, the Appeals Board, detailing the Secretary's position. Further, it would provide the agency with an opportunity to correct itself, if appropriate, based on further development of the factual record concerning the nature of the settlements and the underlying claims and injuries. *See Weinberger*, 422 U.S. at 765 ("Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.").

For all of these reasons, § 405(h) bars this Court's subject-matter jurisdiction over Plaintiffs' request for declaratory relief, and Plaintiffs must proceed instead through the administrative review process under the Medicare Act.

**Request for Joinder**

For the same reasons, the Court will deny Plaintiffs' request for joinder. There are no grounds for joinder of the Secretary in this matter. The Secretary's interest, if any, in this case does not arise until the Secretary has made a final decision with respect to the Medicare claims. *E.g.*, *Gobrecht v. McGee*, 249 F.R.D. 262, 263 (N.D. Ohio 2007) (granting CMS's motion to dismiss for improper joinder in a plaintiff's claim challenging CMS's right to recovery arising out of a tort settlement because there was no basis for

10

joinder unless and until the plaintiffs exhausted the administrative review process under the Medicare Act).

**Request for Allocation**

Assuming, without deciding, that the Court would have jurisdiction to allocate the damages as Plaintiffs request here, the Court declines to do so. Plaintiffs have not provided any reason why they could not have allocated the damages as part of their settlement agreements. And the Court does not discern a practical way to allocate the damages now on a global basis as Plaintiffs propose.

To the extent that Plaintiffs are asking the Court to allocate damages on an individual basis, there is no reason that Plaintiffs cannot pursue such individual arguments in their claims during the administrative review process. It would not be in the interest of judicial economy to hold individual allocation proceedings now, only to relitigate those questions before the administrative agency and on judicial review.

In any event, it is not at all clear that the Secretary would defer to the type of Court-ordered allocation (global or individual) that Plaintiffs propose. Plaintiffs rely on the following language in the MSP Manual:

> The only situation in which Medicare recognizes allocations of liability payments to nonmedical losses is when payment is based on a court order *on the merits of the case*. If the court or other adjudicator of the merits specifically designate amounts that are for payment of pain and suffering or other amounts not related to medical services, Medicare will accept the Court's designation. Medicare does not seek recovery from portions of court awards that are designated as payment for losses other than medical services.

ECF No. 842-7, MSP Manual, Ch. 7, § 50.4.4 (emphasis added).

From the Court's review of the limited caselaw addressing this issue, both the Secretary and reviewing courts have indicated that court allocations sought to obtain specified documentation relevant to anticipated administrative proceedings with CMS, as opposed to allocations sought as part of the adversarial process to resolve outstanding issues in the underlying litigation, are not "on the merits" and therefore not entitled to deference.  *Compare Taransky*, 760 F.3d at 318-19, *and Paraskevas v. Price*, No. 16 CV 9696, 2017 WL 5957101, at *7-10 (N.D. Ill. Nov. 27, 2017) (affirming the Secretary's refusal to defer to a court-ordered allocation of settlement proceeds where, among other things, the "Plaintiff crafted her court filings in an attempt to dodge the Medicare Act's reimbursement requirements," and the proposed allocation order was unopposed and not subject to any adversarial process between the parties to the settlement), *with Bradley v. Sebelius,* 621 F.3d 1330, 1334 (11th Cir. 2010) (recognizing a state court's post-settlement allocation order as judgment "on the merits" where the order apportioned a lump sum amount between separate suits brought by distinct parties, thus adjudicating a substantive issue required to be resolved for reasons other than avoiding a Medicare reimbursement claim).  Because Plaintiffs request an allocation from this Court for the express purpose of determining the amount of settlement proceeds from which CMS may seek reimbursement, rather than to resolve a substantive issue between the parties to the settlement, it is unlikely the allocation would carry much weight in the administrative review process.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiffs' Sealed Motion for I) a Declaration That CMS has No Lien on Settlements of Plaintiffs, II) Allocation Of Settlement Proceeds Between Healthcare Items and Services and Non-Healthcare Damages, and III) Joinder of Alex M. Azar II, the Secretary of the Department of Health and Human Services, as a Necessary Party is **DENIED**.  ECF No. 842.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of August, 2020.