# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

SCOTT D. MCCLURG, et al.,        )
        )
        Plaintiffs,      )
        )
vs.        )     Pertaining to Cases Consolidated for
        )     Discovery and Pretrial Proceedings under
        )     Lead Case No.  4:12CV00361 AGF
MALLINCKRODT LLC, et al.,      )
        )
        Defendants.    )
        )

## BUTLER PLAINTIFFS' MOTION TO SEVER

The Plaintiffs in *Butler v. Mallinckrodt LLC*, No. 4:18-cv-01701-AGF; *Koterba v. Mallinckrodt LLC*, No. 4:18-cv-01702-AGF; *Hines v. Mallinckrodt LLC*, No. 4:18-cv- 01703-AGF; and *Walick v. Mallinckrodt LLC*, No. 4:18-cv-01704-AGF (collectively, "*Butler*"), pursuant to this Court's November 12, 2020 Order, respectfully ask the Court to sever their claims against Mallinckrodt so they may proceed against Cotter without having to wait for Mallinckrodt's bankruptcy proceedings to be resolved. In support, Plaintiffs state the following:

### I.    Introduction.

Cotter is not entitled to a stay because it has not filed for bankruptcy protection. Hence, if it wants to join in Mallinckrodt's stay it must prove unusual circumstances allow it to do so. No such circumstances exist. Cotter and Mallinckrodt are two wholly separate entities and Plaintiffs seek to hold Cotter liable for actions and omissions separate and apart from the actions and omissions of Mallinckrodt. In other words, Plaintiffs' claims against one are not dependent on their claims against the other. There is no reason to force Plaintiffs to wait for what could be years to pursue their claims against Cotter. Because no special circumstances exist, it would be unfair to allow Cotter to benefit from Mallinckrodt's bankruptcy to the prejudice of Plaintiffs.

## II.    Legal Authority and Argument.

### A.  Cotter is only entitled to a stay in "unusual circumstances," which do not exist here.

The purpose of § 362's automatic stay is to protect the party filing bankruptcy by stopping all collection efforts so that an orderly reorganization or liquidation of the debtor's assets may be had. *Lynch v. Johns-Manville Sales Corp.,* 710 F.2d 1194, 1197 (6th Cir. 1983). The stay is not intended to benefit any other party and allowing other parties to join the stay is contrary to the purpose of bankruptcy law.

> Nothing in the legislative history counsels that the automatic stay should be invoked in a manner which would advance the interests of some third party, such as the debtor's co-defendants, rather than the debtor or its creditors. This Court concurs with the district court's conclusion that "it would distort congressional purpose to hold that a third party solvent co-defendant should be shielded against his creditors by a device intended for the protection of the insolvent debtor" and creditors thereof.

*Lynch,* 710 F.2d at 1197.

Because congress did not intend non-bankrupt defendants from enjoying the benefits of a stay, "there must be 'unusual circumstances'" to justify allowing them to do so. *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986). "[C]ertainly something more than the mere fact that one of the parties to the lawsuit has filed a Chapter 11 bankruptcy must be shown in order that proceedings be stayed against non-bankrupt parties." *Id.* (internal citation omitted). Such circumstances exist when the non-bankrupt party, though maybe a separate entity on paper, is essentially one and the same with the bankrupt defendant. "This 'unusual situation,' it would seem, arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Id.*

These unusual circumstance do not exist here. Cotter is not the same entity as Mallinckrodt. Any judgment against Cotter will be paid by Cotter, not Mallinckrodt. There is no legitimate reason

why Cotter requires the bankruptcy protections the law affords to Mallinckrodt. The case should be severed so Plaintiffs claims can proceed against Mallinckrodt.

**B. Because the alternative to severance is forcing Plaintiffs to wait potentially years for a trial, the Court should err on the side of severing the claims.**

Rule 42(b) of the Federal Rules of Civil Procedure provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. Rule Civil Procedure 42(b). When considering severance due to the bankruptcy of a single defendant, courts give considerable weight to the prejudice Plaintiffs would suffer if the non-bankrupt parties are allowed to enjoy a stay the law does intend for them to receive:

> Having weighed the various competing considerations, I find that the prejudice to the plaintiffs if the proceedings stall, combined with the lack of any clear showing of prejudice to the defendants, outweighs the potential inefficiencies in discovery and in multiple trials. The procedural posture of this case distinguishes it from many others involving severance. While in some cases the alternative to severance is the joint trial of claims or parties, here it is denying the plaintiffs any trial until Dow Corning's bankruptcy proceedings are resolved. Thus, the potential prejudice to the parties should be given particular weight.

*Cashman v. Montefiore Med. Ctr.*, 191 B.R. 558, 563 (S.D.N.Y. 1996).

In *Cashman*, the court rejected the non-bankrupt defendants' argument that it would be unfairly prejudicial to force them to defend the case without the bankrupt co-defendant. *Id.* at 561. "[I]n practical terms the defendants are distressed principally because they must withstand the plaintiffs' assault without the [bankrupt defendant's] presence, with all that entails. However, that alone does not provide a reason for extending the stay to solvent co-defendants. *Id.* (citing *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 546 (5th Cir.1983)).

The court in *Cashman* also rejected the non-bankrupt defendants' argument that severance was improper because there was too much overlap among the claims. The court conceded that

"some overlap in testimony presented at the two trials is inevitable . . . . [and] some portion of the expert testimony will have to be repeated in both trials." *Id.,* at 563. Nevertheless, because the prejudice to the plaintiffs should be given "particular weight" when the alternative to severance is a stay of the entire case, the court ordered the claims severed so plaintiffs can proceed against the non-bankrupt defendants. Respectfully, the Court should do the same here.

## III.    Conclusion

Cotter is not entitled to piggy-back onto Mallinckrodt's bankruptcy protections. No unique or special circumstances exist that would prejudice Cotter if it is not allowed to do so. In contrast, Plaintiffs will be prejudiced if they are forced to stop pursing their claims against Cotter for the duration of Mallinckrodt's bankruptcy.

WHEREFORE, for the reasons given above, Plaintiffs respectfully ask the Court to sever their claims against Mallinckrodt so they may proceed against Cotter without having to wait for Mallinckrodt's bankruptcy proceedings to be resolved.


Dated: December 7, 2020

Respectfully Submitted,

HUMPHREY, FARRINGTON & McCLAIN, P.C.


*/s/ Jonathan Soper*
Kenneth B. McClain          #32430
Jonathan M. Soper          #61204
Colin W. McClain          #64012
221 West Lexington, Suite 400
Independence, MO 64050
Telephone: (816) 836-5050
Facsimile: (816) 836-8966
kbm@hfmlegal.com
jms@hfmlegal.com
cwm@hfmlegal.com
**ATTORNEYS FOR PLAINTIFFS**

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 7$^h$ day of December, 2020, I electronically filed the above with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

/s/ Jonathan Soper
Attorney for Plaintiffs

SHOOK, HARDY & BACON LLP
David R. Erickson     # 31532MO
Steven D. Soden        # 41917MO
Anthony R. Martinez  # 61791MO
2555 Grand Boulevard
Kansas City, MO  64108-2613
Phone: (816) 474-6550
Fax: (816) 421-5547
derickson@shb.com
ssoden@shb.com
amartinez@shb.com
**ATTORNEYS FOR DEFENDANT
MALLINCKRODT LLC**

RILEY SAFER HOLMES & CANCILA,
LLP
Brian O. Watson, #68678MO
70 W. Madison St., Ste. 2900
Chicago, Illinois 60602
Telephone: (312) 471-8700
Facsimile: (816) 836-8966
bwatson@rshc-law.com
**ATTORNEY FOR DEFENDANT
COTTER CORPORATION (N.S.L)**

5